IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

|  |  |
|---|---|
| RICHARD JORDAN and RICKY CHASE, <br><br> Plaintiffs, <br><br> v. <br><br> MARSHALL L. FISHER, Commissioner, Mississippi Department of Corrections, in his Official Capacity; EARNEST LEE, Superintendent, Mississippi State Penitentiary, in his Official Capacity; THE MISSISSIPPI STATE EXECUTIONER, in his Official Capacity; and UNKNOWN EXECUTIONERS, in their Official Capacities, <br><br> Defendants. | Civil Action No. 3:15-cv-00295 |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' SECOND MOTION FOR EXTENSION OF TIME TO FILE ANSWER

COME NOW THE PLAINTIFFS, Richard Jordan and Ricky Chase, by and through their counsel of record, and oppose the motion (Doc. 17) filed by the Defendants for a second extension of time within which to file their Answer. In opposition to Defendants' motion, Plaintiffs represent the following to the Court:

1. This is the **second** motion for extension of time to file the Defendants' Answer. Defendants were served on April 20, 2015; their Answer was originally due May 11, 2015. Defendants have already been allowed thirty-six (36) days to file responsive pleadings.

2. Time is of the essence in moving this civil action into the discovery stage of litigation with respect to Defendants' plan to "compound" the active pharmaceutical ingredients (API) for pentobarbital into compounded pentobarbital for use in lethal injection executions.

3. Plaintiff Richard Jordan's habeas corpus case is pending *certiorari* review in the United States Supreme Court. Mr. Jordan's case is scheduled to be taken up by the Court in its May 28, 2015 Conference – the sixth time the petition has been so conferenced.[1]

4. The Attorney General's Office has confirmed that, "We have Richard Gerald Jordan pending in the United States Supreme Court right now. If the court denies cert, we will request an execution date as required by law."[2]  At that point, the Attorney General is sure to claim that any injunctive relief sought by Plaintiffs will be an "eleventh-hour" tactic to stay Mr. Jordan's execution.

5. In reality, it is the Mississippi Department of Corrections (MDOC) and the named Defendants in this action, together with their counsel from the Office of the Attorney General, that have engaged in stalling tactics. The course of these diversionary tactics were discussed at length in Plaintiffs' Response in Opposition to Defendant's Motion for Extension of Time to File Answer (Doc. 12) and will not be repeated here.

6. The State of Mississippi is desperate to delay the commencement of discovery in this, or any other, case challenging their plans to use an anesthetic not manufactured under FDA regulation as the first drug in the three-drug execution series. Similarly, the Defendants seek to stall discovery on their apparent plans to compound the pentobarbital sodium API on the MDOC

---

[1] http://www.scotusblog.com/case-files/cases/jordan-v-fisher/ (last reviewed May 27, 2015)
[2] J. Gates, *New Lawsuit Filed against Mississippi Lethal Injection Drugs*, THE CLARION-LEDGER (April 20, 2015), available at http://www.clarionledger.com/story/news/2015/04/20/mdoc-lethal-injection-drugs-macarthur-justice-center/26067275/.  The Attorney General's practice is to move for an execution date to be set within thirty days from the denial of certiorari.

grounds, in a non-sterile and unapproved environment. Although the substantial risks posed by these plans have never been presented to a court for Eighth Amendment review,[3] Defendants hope to execute Plaintiff Jordan before any such review can be had.

7. Defendants' justifications for requiring still more time for filing of the Answer are hollow. Several of the matters alleged in Paragraph II of the Motion were completed before the previous extension was granted, and therefore should not be the grounds of a further extension. The remainder were all listed in Defendants' first motion for extension, with new due dates in this second motion. This indicates that Defendants have filed motions for extension of time in all of their cases, and are using the new due dates as justification for seeking another extension of time in this case.

8. Furthermore, **contrary to Defendants' statement, Plaintiffs did not file a "two-hundred and seventeen (217) page complaint."** Doc. 17 at 3. The Complaint (Doc. 1) is 42 pages long, one-fifth of the length alleged by Defendants. Also, while the Complaint does reference MDOC documents, **all such documents were produced by the Defendants themselves** to Plaintiffs' counsel in cases where the present counsel for the Defendants has entered appearances.

9. For these reasons, Plaintiffs object to any further extension of time for the filing of Defendants' Answer. Plaintiffs request, in the alternative, that any extensions of time granted by

---

[3] Neither the Fifth Circuit nor any Federal District Court in Mississippi has found that compounded pentobarbital is permissible under the Eighth Amendment as the first drug, followed by a paralytic agent and potassium chloride, in a three-drug protocol. These second two drugs undisputedly cause serious harm and severe pain if the first drug does not sufficiently anesthetize the prisoner. *Thorson v. Epps*, 701 F.3d 444, 448 (5th Cir. 2012), involved Mississippi's three-drug protocol with **sodium thiopental** (purchased from an FDA-approved manufacturer) as the anesthetic. Similarly, the Fifth Circuit has dismissed civil actions arising from Texas, where compounded pentobarbital is used as the **only** drug to execute prisoners (thus avoiding risks related to the paralytic agent and/or potassium chloride). *See Whitaker v. Livingston*, 732 F. 3d 465 (5th Cir. 2013). As the Complaint in this case explains in depth, compounded pentobarbital, unlike sodium thiopental, is not in the "ultra short-acting barbiturate" class of drugs required by Miss. Code Ann. §99-19-51. The Complaint sets forth the substantial risks posed by this substitution.

this Court be conditioned on the Defendants' agreement not to seek an execution date for either of the Plaintiffs until this civil action can be adjudicated.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that the Court deny Defendants' motion for enlargement of time (Doc. 17), unless the Court conditions the granting of the motion on the Defendants' agreement not to seek an execution date for either of the Plaintiffs until this civil action can be adjudicated.

                                          Respectfully submitted,

                                          */s/ James W. Craig*
                                          James W. Craig, MSB # 7798
                                          Emily M. Washington (pro hac vice)
                                          The Roderick & Solange MacArthur Justice Center
                                          4400 South Carrollton Ave.
                                          New Orleans, LA 70119
                                          (504) 620-2259 (p)
                                          (504) 208-3133 (f)
                                          jim.craig@macarthurjustice.org

Dated: May 27, 2015

### CERTIFICATE OF SERVICE

I hereby certify that I have filed this pleading with the Electronic Case Filing System of the United States District Court for the Southern District of Mississippi, and have thereby served counsel of record for the Defendants in this case.

This, the 27th of May, 2015.

                                                        */s/James W. Craig*