IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**RICHARD JORDAN and RICKY CHASE** *Plaintiffs*

**THOMAS EDWIN LODEN, JR.,
ROGER ERIC THORSON, and
ROBERT SIMON, JR.** *Intervenors*

vs. No. 3:15-cv-00295-HTW-LRA

**PELICIA HALL, Commissioner,
Mississippi Department of Corrections, in
her Official Capacity; EARNEST LEE
Superintendent, Mississippi State Penitentiary,
in his Official Capacity; THE MISSISSIPPI
STATE EXECUTIONER, in his Official
Capacity; an UNKNOWN EXECUTIONERS,
in their Official Capacities** *Defendants*

## DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF INTERROGATORIES

Defendants Pelicia Hall, in her official capacity as Commissioner of the Mississippi Department of Corrections ("MDOC"), Earnest Lee, the Superintendent of the Mississippi State Penitentiary ("MSP"), and the Mississippi State Executioner (collectively referred to as the "State"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 33, submit the following Responses to Plaintiffs' Second Set of Interrogatories.

### GENERAL OBJECTIONS AND LIMITATIONS

The following General Objections and Limitations apply to and are incorporated in each individual Response, whether or not expressly incorporated by reference in such Response:

1. The State objects to each Instruction, Definition, and Interrogatory to the extent that it purports to impose obligations that exceed or differ from those imposed by the Federal Rules of Civil



Procedure, the Local Uniform Civil Rules of the United States District Court for the Southern District of Mississippi, or other applicable law or rules. The State further objects to the Definitions and Instructions as vague, ambiguous, overly broad, and unduly burdensome.

2. The State objects to the Interrogatories to the extent that they seek information that is not relevant to a claim or defense of any party or proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues. The State further objects to the Interrogatories to the extent that they seek information the likely benefit of which is outweighed by the burden or expense of producing said information.

3. The State objects to the Interrogatories to the extent that they seek information that could lead to the identification of the State Executioner, his Deputies, the other members of the Execution Team, and any former member of the Execution Team. Disclosure of such information could subject the affected individuals to annoyance, embarrassment, oppression, harassment, and retaliation, including potentially endangering the safety and/or well being of such individuals. Further, the identities of these individuals are confidential and protected from disclosure by Miss. Code Ann. § 99-19-51.

4. The State objects to the Interrogatories to the extent that they seek information that could lead to the identification of any person or entity that has supplied drugs to MDOC for use in lethal injection executions. Disclosure of such information could subject the affected individuals and entities to annoyance, embarrassment, oppression, harassment, and retaliation, including potentially endangering the safety and/or well being of such individuals and entities. Further, the

identities of any current or former supplier of lethal injection drugs to MDOC is confidential and protected from disclosure by Miss. Code Ann. § 99-19-51.

5. The State objects to the Interrogatories to the extent that they seek information that could lead to the identification of any current or former MDOC employee and/or agent responsible for the procurement, transportation, storage, inventory and control of stocks of lethal injection drugs. Disclosure of such information could subject the affected individuals to annoyance, embarrassment, oppression, harassment, and retaliation, including potentially endangering the safety and/or well being of such individuals. Further, the identities of individuals who have been or are directly or indirectly involved in the procurement, transportation, storage, inventory and/or control of stocks of lethal injection drugs are confidential and protected from disclosure by Miss. Code Ann. § 99-19-51.

6. The State objects to the Interrogatories to the extent they seek information that could lead to the identification of any current or former MDOC employees and/or agents involved in assisting with executions in any capacity or assigned to specific duties related to an execution. Disclosure of such information could subject the affected individuals to annoyance, embarrassment, oppression, harassment, and retaliation, including potentially endangering the safety and/or well being of such individuals. Further, the identities of any current or former individuals involved in assisting with an execution in any capacity are confidential and protected from disclosure by Miss. Code Ann. § 99-19-51.

7. The State objects to the Interrogatories to the extent they seek information that could jeopardize institutional security at MDOC facilities, including the safety and/or well-being of MDOC employees. The State further objects to the Interrogatories to the extent they seek information that could adversely affect the State's ability to obtain drugs for use in executions.

3

8. The State objects to the Interrogatories to the extent they seek information protected by the attorney/client privilege, the work product doctrine, or other applicable privilege. The State further objects to the extent answering the Interrogatories would require disclosure of the mental impressions, conclusions, opinions of defense counsel, and/or prematurely disclose the trial strategies of defense counsel. Should any such disclosure by the State occur, it is inadvertent and shall not constitute a waiver of any privilege.

9. The State objects to each Interrogatory to the extent that it is overly broad, unduly burdensome, vague, and/or ambiguous.

10. The State incorporates all other documents, objections and/or limitations asserted in all of its other filings and discovery responses in this action. The fact that such contentions, objections, and/or limitations may not be repeated here shall not be deemed a waiver of any kind.

11. The State reserves the right to supplement or modify these Responses and Objections to the Interrogatories if it discovers any additional responsive information or documents, and as other facts emerge from the discovery process, or if otherwise appropriate under the Federal Rules of Civil Procedure.

12. No objection or limitation, or lack thereof, made in these Responses and Objections shall be deemed (i) an admission by the State as to the existence or non-existence of the information sought; or (ii) a waiver of the State's right to assert such objection or limitation at any future time in connection with the Interrogatories or otherwise. In responding to these Interrogatories, the State neither waives nor intends to waive, and expressly reserves, any and all objections to relevance, competence, susceptibility to discovery, materiality or admissibility of any information provided.

13. All of these General Objections and Limitations shall be deemed to be incorporated within the Responses and Objections to specific Interrogatories that follow, even where not further referred to in such Responses. The failure to include any General Objection in any specific Response does not waive any General Objection to that Interrogatory.

14. The State is not responding to Plaintiffs' Second Set of Interrogatories on behalf of any Unknown Executioners, as no such parties have been identified or joined as parties in this proceeding.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 18**: Describe all efforts by MDOC to purchase any of the following, whether in manufactured (FDA-approved) form, compounded from API, or the API itself: pentobarbital, midazolam, any chemical paralytic agent, and/or potassium chloride. Also, identify all persons with discoverable knowledge of these efforts, identify all documents containing discoverable information regarding these efforts, and identify all communications related to those efforts.

**RESPONSE TO INTERROGATORY NO. 18**: Defendants objects to this Interrogatory for the following reasons: (1) it seeks the disclosure of the identities of MDOC employees and/or agents who have obtained and/or transported and/or attempted to obtain or transport lethal injection drugs on behalf of MDOC, which could subject those individuals to annoyance, embarrassment, oppression, harassment, retaliation, including potentially endangering their safety and/or well being; (2) it seeks information that could lead to the identification of individuals or entities that have supplied lethal injection drugs to MDOC and subject those individuals or entities to annoyance, embarrassment, oppression, harassment, retaliation, including potentially endangering their safety and/or well being ; (3) it seeks information that is confidential and protected from disclosure by

Miss. Code. Ann. § 99-19-51; and (4) it seeks information that is protected by the attorney/client privilege, the work product doctrine, and/or which would otherwise disclose the mental impressions, conclusions, opinions, or legal theories of defense counsel and MDOC's attorneys.

Without waiving, and subject to those objections, Defendants respond as follows: Since June 2016, AG1, acting on behalf of MDOC and at the direction of the Commissioner of MDOC, contacted Supplier 1 and inquired if it could obtain and would supply any of the referenced drugs to the State for use in executions. Supplier 1 obtained and then supplied MDOC with 80 units of midazolam, 6 units of vecuronium bromide, and 20 units of rocuronium bromide. An employee of MDOC ("MDOC3") picked up the drugs from Supplier 1 and transported the drugs to MSP. Supplier 1 notified AG1 that Supplier 1 could not obtain potassium chloride at a concentration suitable for use in executions. Thereafter, AG1, acting on behalf of MDOC and at the direction of the Commissioner of MDOC, requested that a member of the Execution Team ("SE1") obtain potassium chloride from a supplier. SE1 subsequently obtained 17 units of potassium chloride from Supplier 2. MDOC3 picked up the drug from Supplier 2 and transported the drug to MSP. The only documents in the possession, control, or custody of Defendants reflecting these efforts to obtain lethal injection drugs since June 2016 are emails between AG1 and Supplier 1 and MDOC's drug inventory logs. Defendants are producing redacted copies of drug inventory logs covering the time period from January 7, 2016 through June 5, 2017. Defendants are withholding the emails because they would disclose the identity of Supplier 1 in violation of Miss. Code Ann. § 99-19-51, and could subject Supplier 1, the owner(s) of Supplier 1, and Supplier 1's employees to annoyance, embarrassment, oppression, harassment, retaliation, including potentially endangering their safety and/or well being. See Defendants' Second Supplemental Privilege Log, which is being produced.

**INTERROGATORY NO. 19**: Describe all efforts by MDOC to purchase any "appropriate anesthetic or "sedative" which you contend meets the definition of Miss. Code Ann. §99-19-51(1)(a) (amended 2017), whether in manufactured (FDA-approved) form, compounded from API, or the API itself. Also, identify all persons with discoverable knowledge of these efforts, identify all documents containing discoverable information regarding these efforts, and identify all communications related to those efforts.

**RESPONSE TO INTERROGATORY NO. 19**: See Objections and Response to Interrogatory No. 18. Midazolam is an "appropriate anesthetic" or "sedative" which meets the definition of Miss. Code Ann. §99-19-51(1)(a) (amended 2017).

**INTERROGATORY NO. 20**: Describe all efforts by MDOC to develop or implement a protocol for executions by nitrogen hypoxia and all efforts to purchase equipment or supplies for use in executions by nitrogen hypoxia. Also, identify all persons with discoverable knowledge of these efforts, identify all documents containing discoverable information regarding these efforts, identify protocols or plans for the execution of offenders by means of nitrogen hypoxia currently under review or promulgated by the MDOC; and identify all communications related to those efforts.

**RESPONSE TO INTERROGATORY NO. 20**: Defendants object to this Interrogatory for the following reasons: (1) it seeks the disclosure of the identities of MDOC employees and/or agents who have purchased or attempted to purchase equipment or supplies for use in executions, which could subject those individuals to annoyance, embarrassment, oppression, harassment, retaliation, including potentially endangering their safety and/or well being; (2) it seeks information that could lead to the identification of individuals or entities that have provided equipment or supplies to

7

MDOC for use in executions and subject those individuals or entities to annoyance, embarrassment, oppression, harassment, retaliation, including potentially endangering their safety and/or well being ; (3) it seeks information that is confidential and protected from disclosure by Miss. Code. Ann. § 99-19-51; and (4) it seeks information that is protected by the attorney/client privilege, the work product doctrine, and/or which would otherwise disclose the mental impressions, conclusions, opinions, or legal theories of defense counsel and MDOC's attorneys.

Without waiving, and subject to those objections, Defendants respond as follows: None to date.

**INTERROGATORY NO. 21**: Describe all efforts by MDOC to develop or implement a protocol for executions by electrocution and all efforts to purchase equipment or supplies for use in executions by electrocution. Also, identify all persons with discoverable knowledge of these efforts, identify all documents containing discoverable information regarding these efforts; identify protocols or plans for the execution of offenders by means of electrocution currently under review or promulgated by the MDOC; and identify all communications related to those efforts.

**RESPONSE TO INTERROGATORY NO. 21**: Defendants object to this Interrogatory for the following reasons: (1) it seeks the disclosure of the identities of MDOC employees and/or agents who have purchased or attempted to purchase equipment or supplies for use in executions, which could subject those individuals to annoyance, embarrassment, oppression, harassment, retaliation, including potentially endangering their safety and/or well being; (2) it seeks information that could lead to the identification of individuals or entities that have provided equipment or supplies to MDOC for use in executions and subject those individuals or entities to annoyance, embarrassment,

8

oppression, harassment, retaliation, including potentially endangering their safety and/or well being ; (3) it seeks information that is confidential and protected from disclosure by Miss. Code. Ann. § 99-19-51; and (4) it seeks information that is protected by the attorney/client privilege, the work product doctrine, and/or which would otherwise disclose the mental impressions, conclusions, opinions, or legal theories of defense counsel and MDOC's attorneys.

Without waiving, and subject to those objections, Defendants respond as follows: None to date.

**INTERROGATORY NO. 22**: Describe all efforts by MDOC to develop or implement a protocol for executions by firing squad and all efforts to purchase equipment or supplies for use in executions by firing squad. Also, identify all persons with discoverable knowledge of these efforts; identify all documents containing discoverable information regarding these efforts; identify protocols or plans for the execution of offenders by means of the firing squad currently under review or promulgated by the MDOC; and identify all communications related to those efforts.

**RESPONSE TO INTERROGATORY NO. 22**: Defendants object to this Interrogatory for the following reasons: (1) it seeks the disclosure of the identities of MDOC employees and/or agents who have purchased or attempted to purchase equipment or supplies for use in executions, which could subject those individuals to annoyance, embarrassment, oppression, harassment, retaliation, including potentially endangering their safety and/or well being; (2) it seeks information that could lead to the identification of individuals or entities that have provided equipment or supplies to MDOC for use in executions and subject those individuals or entities to annoyance, embarrassment, oppression, harassment, retaliation, including potentially endangering their safety and/or well being ;

9

(3) it seeks information that is confidential and protected from disclosure by Miss. Code. Ann. § 99-19-51; and (4) it seeks information that is protected by the attorney/client privilege, the work product doctrine, and/or which would otherwise disclose the mental impressions, conclusions, opinions, or legal theories of defense counsel and MDOC's attorneys.

Without waiving, and subject to those objections, Defendants respond as follows: None to date, except that MDOC has begun reviewing protocols and procedures implemented by at least one other state which authorizes the use of the firing squad as a method of execution. See partially redacted copy of the Utah Technical Manual for executions, including by firing squad, which is being produced.

RESPECTFULLY SUBMITTED, this the 26th day of June, 2017.

**AS TO OBJECTIONS ONLY:**

By: **JIM HOOD**
ATTORNEY GENERAL
STATE OF MISSISSIPPI

By: *[signature]*
Jason L. Davis, MSB No. 102157
Paul E. Barnes, MSB No. 99107
Wilson Minor, MSB No. 102663
SPECIAL ASSISTANT ATTORNEYS GENERAL
ATTORNEYS FOR DEFENDANTS

STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 220
Jackson, MS 39205
Telephone: (601) 359-6279
Telefax: (601) 359-2003
wmino@ago.state.ms.us

## ACKNOWLEDGMENT

I, Pelicia Hall, declare under penalty of perjury under the laws of the United States of America that the above and foregoing responses to interrogatories are true and correct as therein stated. Executed on this the _26_ day of _June_, 2017.

*/s/ Pelicia E. Hall*
**Pelicia E. Hall**

# CERTIFICATE OF SERVICE

This is to certify that I, Wilson Minor, Special Assistant Attorney General for the State of Mississippi, served a copy of the foregoing document via U.S mail upon the following counsel of record:

James W. Craig
Emily M. Washington
RODERICK AND SOLANGE
MACARTHUR JUSTICE CENTER
4400 South Carrollton Ave.
New Orleans, LA 70119
jim.craig@macarthurjustice.org
emily.washington@macarthurjustice.org
ATTORNEYS FOR PLAINTIFFS
RICHARD JORDAN AND RICKY CHASE

Stacy Ferraro
STACY FERRARO, ATTORNEY AT LAW
239 N. Lamar Street, Ste. 604
Jackson, MS 39201
lifestoryms@gmail.com
ATTORNEY FOR INTERVENOR
THOMAS EDWIN LODEN, Jr.

James Davis
Law Office of Jim Davis
1904 24th Avenue
Gulfport, MS 39502
JamesLDavisIII@aol.com

Richard F. Klawiter
Matt Klepper
DLA Piper LLP (US)
203 North LaSalle Street, Suite 1900
Chicago, Illinois 60601-1293

Nicholas F. Aldrich, Jr.
Schwabe, Williamson & Wyatt, P.C.
1211 SW Fifth Ave., Suite 1900
Portland, Oregon 97204

ATTORNEYS FOR INTERVENOR
ROGER ERIC THORSON

Sibyl Byrd
McDuff & Byrd
767 N. Congress St.
Jackson, MS 39202

Vanessa Carroll
1055 St. Charles Ave., Suite 505
New Orleans, LA 70130
ATTORNEYS FOR INTERVENOR
ROBERT SIMON, JR.

This the 26th day of June, 2017.

_____
Wilson Minor