IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**RICHARD JORDAN and RICKY CHASE**   *Plaintiffs*

**THOMAS EDWIN LODEN, JR.,**
**ROGER ERIC THORSON, and**
**ROBERT SIMON, JR.**   *Intervenors*

*vs.*   No. 3:15-cv-00295-HTW-LRA

**PELICIA HALL, Commissioner,**
**Mississippi Department of Corrections, in**
**her Official Capacity; EARNEST LEE**
**Superintendent, Mississippi State Penitentiary,**
**in his Official Capacity; THE MISSISSIPPI**
**STATE EXECUTIONER, in his Official**
**Capacity; an UNKNOWN EXECUTIONERS,**
**in their Official Capacities**   *Defendants*

## DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendants Pelicia Hall, in her official capacity as Commissioner of the Mississippi Department of Corrections ("MDOC"), Earnest Lee, the Superintendent of the Mississippi State Penitentiary ("MSP"), and the Mississippi State Executioner (collectively referred to as the "State"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 34, submit the following Responses to Plaintiffs' Second Set of Requests for Production of Documents.

### GENERAL OBJECTIONS AND LIMITATIONS

The following General Objections and Limitations apply to and are incorporated in each individual Response, whether or not expressly incorporated by reference in such Response:

1. The State objects to each Instruction, Definition, and Request to the extent that it purports to impose obligations that exceed or differ from those imposed by the Federal Rules of Civil



Procedure, the Local Uniform Civil Rules of the United States District Court for the Southern District of Mississippi, or other applicable law or rules. The State further objects to the Definitions and Instructions as vague, ambiguous, overly broad, and unduly burdensome.

2. The State objects to the Requests to the extent that they seek the production of documents that are not relevant to a claim or defense of any party or proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues. The State further objects to the Requests to the extent that they seek the production of documents the likely benefit of which is outweighed by the burden or expense of producing said information.

3. The State objects to the Requests to the extent that they seek the production of documents which or may be used to identify the State Executioner, his Deputies, the other members of the Execution Team, and any former member of the Execution Team. Production of such documents could subject the affected individuals to annoyance, embarrassment, oppression, harassment, and retaliation, including potentially endangering the safety and/or well being of such individuals. Further, any document that could identify these individuals is confidential and protected from disclosure by Miss. Code Ann. § 99-19-51.

4. The State objects to the Requests to the extent that they seek the production of documents which identify or may be used to identify any person or entity that has supplied drugs to MDOC for use in lethal injection executions. The production of such documents could subject the affected individuals and entities to annoyance, embarrassment, oppression, harassment, and retaliation, including potentially endangering the safety and/or well being of such individuals and

2

entities. Further, any document that could identify any current or former supplier of lethal injection drugs to MDOC is confidential and protected from disclosure by Miss. Code Ann. § 99-19-51.

5. The State objects to the Requests to the extent that they seek the production of documents which identify or may be used to identify any current or former MDOC employee and/or agent responsible for the procurement, transportation, storage, inventory and control of stocks of lethal injection drugs. The production of such documents could subject the affected individuals to annoyance, embarrassment, oppression, harassment, and retaliation, including potentially endangering the safety and/or well being of such individuals. Further, any document that could identify individuals who have been or are directly or indirectly involved in the procurement, transportation, storage, inventory and control of stocks of lethal injection drugs is confidential and protected from disclosure by Miss. Code Ann. § 99-19-51.

6. The State objects to the Requests to the extent they seek the production of documents which identify or may be used to identify any current or former MDOC employees and/or agents involved in assisting with executions in any capacity or assigned to specific duties related to an execution. The production of such documents could subject the affected individuals to annoyance, embarrassment, oppression, harassment, and retaliation, including potentially endangering the safety and/or well being of such individuals. Further, any document that could identify any current or former individual involved in assisting with executions in any capacity are confidential and protected from disclosure by Miss. Code Ann. § 99-19-51.

7. The State objects to the Requests to the extent they seek the production of documents that could jeopardize institutional security at MDOC facilities, including the safety and/or well-being of MDOC employees. The State further objects to the Requests to the extent they seek the

3

production of documents that could adversely affect the State's ability to obtain drugs for use in executions.

8. The State objects to the Requests to the extent they seeks the production of documents protected from disclosure by the attorney/client privilege, the work product doctrine, or other applicable privilege. The State further objects to producing documents that would disclose the mental impressions, conclusions, opinions of defense counsel, and/or prematurely disclose the trial strategies of defense counsel. Should any such disclosure by the State occur, it is inadvertent and shall not constitute a waiver of any privilege.

9. The State objects to each Request to the extent that it is overly broad, unduly burdensome, vague, and/or ambiguous.

10. The State incorporates all other documents, objections and/or limitations asserted in all of its other filings and discovery responses in this action. The fact that such contentions, objections, and/or limitations may not be repeated here shall not be deemed a waiver of any kind.

11. The State reserves the right to supplement or modify these Responses and Objections to the Requests if it discovers any additional responsive information or documents, and as other facts emerge from the discovery process, or if otherwise appropriate under the Federal Rules of Civil Procedure.

12. No objection or limitation, or lack thereof, made in these Responses and Objections shall be deemed (i) an admission by the State as to the existence or non-existence of the documents sought; or (ii) a waiver of the State's right to assert such objection or limitation at any future time in connection with the Requests or otherwise. In responding to these Requests, the State neither waives

nor intends to waive, and expressly reserves, any and all objections to relevance, competence, susceptibility to discovery, materiality or admissibility of any documents produced.

13. All of these General Objections and Limitations shall be deemed to be incorporated within the Responses and Objections to specific Interrogatories that follow, even where not further referred to in such Responses. The failure to include any General Objection in any specific Response does not waive any General Objection to that Interrogatory.

14. The State is not responding to Plaintiffs' First Set of Requests for Production of Documents on behalf of any Unknown Executioners, as no such parties have been identified or joined as parties in this proceeding.

**RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST NO. 17**: Produce all documents identified in your Answer to Interrogatories 18-22.

**RESPONSE TO REQUEST NO. 17**: Defendants object to this Request in that it seeks documents that are protected by the attorney-client privilege, the work product doctrine, and/or which would otherwise disclose the mental impressions, conclusions, opinions, or legal theories of defense counsel and MDOC's attorneys. Defendants further object to this Request on the grounds that: (1) it seeks documents which identify or may be used to identify MDOC employees and/or agents who have obtained and/or transported and/or attempted to obtain or transport lethal injection drugs on behalf of MDOC, which could subject those individuals to annoyance, embarrassment, oppression, harassment, retaliation, including potentially endangering their safety and/or well being; (2) it seeks documents which identify or may be used to identify individuals or entities that have supplied lethal injection drugs to MDOC and subject those individuals or entities to annoyance, embarrassment, oppression, harassment, retaliation, including potentially endangering their safety and/or well being ;

and (3) it seeks information that is confidential and protected from disclosure by Miss. Code. Ann. § 99-19-51.

Without waiving, and limited by those objections, please see documents Bates-numbered MDOC001094 through MDOC001245, which are being produced. See also Defendants' Second Supplemental Privilege Log, which is being produced.

RESPECTFULLY SUBMITTED, this the 26th day of June, 2017.

By: **JIM HOOD**
ATTORNEY GENERAL
STATE OF MISSISSIPPI

By: *[signature]*

Jason L. Davis, MSB No. 102157
Paul E. Barnes, MSB No. 99107
Wilson Minor, MSB No. 102663
SPECIAL ASSISTANT ATTORNEYS GENERAL
ATTORNEYS FOR DEFENDANTS

STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 220
Jackson, MS 39205
Telephone: (601) 359-6279
Telefax: (601) 359-2003
wmino@ago.state.ms.us

# CERTIFICATE OF SERVICE

This is to certify that I, Wilson Minor, Special Assistant Attorney General for the State of Mississippi, sent a copy of the foregoing document via U.S. Mail to the following counsel of record:

James W. Craig
Emily M. Washington
RODERICK AND SOLANGE
MACARTHUR JUSTICE CENTER
4400 South Carrollton Ave.
New Orleans, LA 70119
jim.craig@macarthurjustice.org
emily.washington@macarthurjustice.org
ATTORNEYS FOR PLAINTIFFS
RICHARD JORDAN AND RICKY CHASE

Stacy Ferraro
STACY FERRARO, ATTORNEY AT LAW
239 N. Lamar Street, Ste. 604
Jackson, MS 39201
lifestoryms@gmail.com
ATTORNEY FOR INTERVENOR
THOMAS EDWIN LODEN, Jr.

James Davis
Law Office of Jim Davis
1904 24th Avenue
Gulfport, MS 39502
JamesLDavisIII@aol.com

Richard F. Klawiter
Matt Klepper
DLA Piper LLP (US)
203 North LaSalle Street, Suite 1900
Chicago, Illinois 60601-1293

Nicholas F. Aldrich, Jr.
Schwabe, Williamson & Wyatt, P.C.
1211 SW Fifth Ave., Suite 1900
Portland, Oregon 97204
ATTORNEYS FOR INTERVENOR
ROGER ERIC THORSON

Sibyl Byrd
McDuff & Byrd
767 N. Congress St.
Jackson, MS 39202

Vanessa Carroll
1055 St. Charles Ave., Suite 505
New Orleans, LA 70130
ATTORNEYS FOR INTERVENOR
ROBERT SIMON, JR.

This the 26th day of June, 2017.

/s/ Wilson Minor
Wilson Minor

8