# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| **RICHARD JORDAN and RICKY CHASE** | *Plaintiffs* |
| **THOMAS EDWIN LODEN, JR.** and **ROGER ERIC THORSON** | *Intervenors* |
| vs. | No. 3:15-cv-00295-HTW-LRA |
| **MARSHALL L. FISHER**, Commissioner, Mississippi Department of Corrections, in his Official Capacity; **EARNEST LEE** Superintendent, Mississippi State Penitentiary, in his Official Capacity; **THE MISSISSIPPI STATE EXECUTIONER**, in his Official Capacity; an **UNKNOWN EXECUTIONERS**, in their Official Capacities | *Defendants* |

## DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendants Marshall L. Fisher, in his official capacity as Commissioner of the Mississippi Department of Corrections ("MDOC"), Earnest Lee, the Superintendent of the Mississippi State Penitentiary ("MSP"), the Mississippi State Executioner (collectively referred to as the "State"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 34, submit the following Responses to Plaintiffs' First Set of Requests for Production of Documents.

## GENERAL OBJECTIONS AND LIMITATIONS

The following General Objections and Limitations apply to and are incorporated in each individual Response, whether or not expressly incorporated by reference in such Response:

1. The State objects to each Instruction, Definition, and Request to the extent that it purports to impose obligations that exceed or differ from those imposed by the Federal Rules of Civil



Procedure, the Local Uniform Civil Rules of the United States District Court for the Southern District of Mississippi, or other applicable law or rules. The State further objects to the Definitions and Instructions as vague, ambiguous, overly broad, and unduly burdensome.

2. The State objects to the Requests to the extent that they seek the production of documents that are not relevant to a claim or defense of any party or proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues. The State further objects to the Requests to the extent that they seek the production of documents the likely benefit of which is outweighed by the burden or expense of producing said information.

3. The State objects to the Requests to the extent that they seek the production of documents which or may be used to identify the State Executioner, his Deputies, the other members of the Execution Team, and any former member of the Execution Team. Production of such documents could subject the affected individuals to annoyance, embarrassment, oppression, harassment, and retaliation, including potentially endangering the safety and/or well being of such individuals. Further, any document that could identify these individuals is confidential and protected from disclosure by the amendments to Miss. Code Ann. § 99-19-51 enacted by Miss. S.B. 2237.

4. The State objects to the Requests to the extent that they seek the production of documents which identify or may be used to identify any person or entity that has supplied drugs to MDOC for use in lethal injection executions. The production of such documents could subject the affected individuals and entities to annoyance, embarrassment, oppression, harassment, and

retaliation, including potentially endangering the safety and/or well being of such individuals and entities. Further, any document that could identify any current or former supplier of lethal injection drugs to MDOC is confidential and protected from disclosure by the amendments to Miss. Code Ann. § 99-19-51 enacted by Miss. S.B. 2237.

5. The State objects to the Requests to the extent that they seek the production of documents which identify or may be used to identify any current or former MDOC employee and/or agent responsible for the procurement, transportation, storage, inventory and control of stocks of lethal injection drugs. The production of such documents could subject the affected individuals to annoyance, embarrassment, oppression, harassment, and retaliation, including potentially endangering the safety and/or well being of such individuals. Further, any document that could identify individuals who have been or are directly or indirectly involved in the procurement, transportation, storage, inventory and control of stocks of lethal injection drugs is confidential and protected from disclosure by the amendments to Miss. Code Ann. § 99-19-51 enacted by Miss. S.B. 2237.

6. The State objects to the Requests to the extent they seek the production of documents which identify or may be used to identify any current or former MDOC employees and/or agents involved in assisting with executions in any capacity or assigned to specific duties related to an execution. The production of such documents could subject the affected individuals to annoyance, embarrassment, oppression, harassment, and retaliation, including potentially endangering the safety and/or well being of such individuals. Further, any document that could identify any current or former individual involved in assisting with execution in any capacity are confidential and protected from disclosure by the amendments to Miss. Code Ann. § 99-19-51 enacted by Miss. S.B. 2237.

7. The State objects to the Requests to the extent they seek the production of documents that could jeopardize institutional security at MDOC facilities, including the safety and/or well-being of MDOC employees. The State further objects to the Requests to the extent they seek the production of documents that could adversely affect the State's ability to obtain drugs for use in executions.

8. The State objects to the Requests to the extent they seeks the production of documents protected from disclosure by the attorney/client privilege, the work product doctrine, or other applicable privilege. The State further objects to producing documents that would disclose the mental impressions, conclusions, opinions of defense counsel, and/or prematurely disclose the trial strategies of defense counsel. Should any such disclosure by the State occur, it is inadvertent and shall not constitute a waiver of any privilege.

9. The State objects to each Request that is overly broad, unduly burdensome, vague, and/or ambiguous.

10. The State incorporates all other documents, objections and/or limitations asserted in all of its other filings and discovery responses in this action. The fact that such contentions, objections, and/or limitations may not be repeated here shall not be deemed a waiver of any kind.

11. The State reserves the right to supplement or modify these Responses and Objections to the Requests if it discovers any additional responsive information or documents, and as other facts emerge from the discovery process, or if otherwise appropriate under the Federal Rules of Civil Procedure.

12. No objection or limitation, or lack thereof, made in these Responses and Objections shall be deemed (i) an admission by the State as to the existence or non-existence of the documents

sought; or (ii) a waiver of the State's right to assert such objection or limitation at any future time in connection with the Requests or otherwise. In responding to these Requests, the State neither waives nor intends to waive, and expressly reserves, any and all objections to relevance, competence, susceptibility to discovery, materiality or admissibility of any documents produced.

13. All of these General Objections and Limitations shall be deemed to be incorporated within the Responses and Objections to specific Interrogatories that follow, even where not further referred to in such Responses. The failure to include any General Objection in any specific Response does not waive any General Objection to that Interrogatory.

14. The State is not responding to Plaintiffs' First Set of Requests for Production of Documents on behalf of any Unknown Executioners, as no such parties have been identified or joined as parties in this proceeding.

15. The State is currently in the process of redacting privileged and confidential documents. Accordingly, the State will produce responsive documents on or before June 9, 2016.

## RESPONSES TO INTERROGATORIES

**REQUEST NO. 1**: Produce documents Bates numbered MDOC 000001-000175 identified in Defendants' Initial Disclosures, and any additional documents subject to disclosure under Rule 26(a)(1)(A)(ii) that have come into existence or have come to Defendants' attention since the time of the filing of the initial disclosures.

**RESPONSE:** The State will product documents Bates-numbered 000001-000175. Discovery is ongoing, and the State may supplement.

**REQUEST NO. 2:** Produce all documents identified in your answers to Plaintiffs' First Set of

Interrogatories.

**RESPONSE:** The State will produce documents responsive to this Request.

**REQUEST NO. 3:** Produce all documents which you contend support the sworn answers given to Plaintiffs' First Set of Interrogatories.

**RESPONSE:** The State will produce documents responsive to this Request.

**REQUEST NO. 4:** Produce all documents which you contend support your contention that midazolam is an "ultra short-acting barbiturate or other similar drug" in compliance with Miss. Code Ann. § 99-19-51.

**RESPONSE:** The State objects to this Request on the ground that it seeks information only relevant to Count II of the First Amended Complaint, which the Fifth Circuit has held is barred by the State's sovereign immunity and not actionable under the Fourteenth Amendment. The State further objects to this Request in that it seeks documents that are protected by the attorney-client privilege, the work product doctrine, and/or which would otherwise disclose the mental impressions, conclusions, opinions, or legal theories of defense counsel and MDOC's attorneys. As such, unless and until the Fifth Circuit's decision is reversed or vacated on rehearing, the State will not respond to this Request. Should the Fifth Circuit hold that this claim is not barred by the State's sovereign immunity and is therefore actionable under the Fourteenth Amendment, the State reserves the right to supplement this response and supplement its privilege log.

**REQUEST NO. 5**: Produce all documents which you contend support your contention that pentobarbital compounded from API is an "ultra short-acting barbiturate or other similar drug" in compliance with Miss. Code Ann. §99-19-51.

**RESPONSE:** The State objects to this Request on the ground that it seeks information only relevant to Count II of the First Amended Complaint, which the Fifth Circuit has held is barred by the State's sovereign immunity and not actionable under the Fourteenth Amendment. The State further objects to this Request in that it seeks documents that are protected by the attorney-client privilege, the work product doctrine, and/or which would otherwise disclose the mental impressions, conclusions, opinions, or legal theories of defense counsel and MDOC's attorneys. As such, unless and until the Fifth Circuit's decision is reversed or vacated on rehearing, the State will not respond to this Request. Should the Fifth Circuit hold that this claim is not barred by the State's sovereign immunity and is therefore actionable under the Fourteenth Amendment, the State reserves the right to supplement this response and supplement its privilege log.

**REQUEST NO. 6**: Produce all documents which you contend support your contention that FDA-approved pentobarbital is an "ultra short-acting barbiturate or other similar drug" in compliance with Miss. Code Ann. §99-19-51.

**RESPONSE:** The State objects to this Request on the ground that it seeks information only relevant to Count II of the First Amended Complaint, which the Fifth Circuit has held is barred by the State's sovereign immunity and not actionable under the Fourteenth Amendment. The State further objects to this Request in that it seeks documents that are protected by the attorney-client privilege, the work product doctrine, and/or which would otherwise disclose the mental impressions, conclusions,

opinions, or legal theories of defense counsel and MDOC's attorneys. As such, unless and until the Fifth Circuit's decision is reversed or vacated on rehearing, the State will not respond to this Request. Should the Fifth Circuit hold that this claim is not barred by the State's sovereign immunity and is therefore actionable under the Fourteenth Amendment, the State reserves the right to supplement this Response and supplement its Privilege Log.

**REQUEST NO. 7:** Produce all documents (including but not limited to internal MDOC communications and/or communications between MDOC and any other person) evincing, demonstrating, comprising, or related to MDOC's "numerous attempts to secure a new supply of pentobarbital from multiple sources" as testified to in ¶ 8 of the Declaration of Marshall Fisher (Document No. 25-1).

**RESPONSE:** The State objects to this Request in that it seeks documents that are protected by the attorney-client privilege, the work product doctrine, and/or which would otherwise disclose the mental impressions, conclusions, opinions, or legal theories of defense counsel and MDOC's attorneys. The State further objects to this Request on the grounds that: (1) it seeks documents which identify or may be used to identify MDOC employees and/or agents who attempted to secure a new supply of pentobarbital on behalf of MDOC, which could subject those individuals to annoyance, embarrassment, oppression, harassment, retaliation, including potentially endangering their safety and/or well being; (2) it seek documents which identify or may be used to identify individuals or entities that have supplied lethal injection drugs to MDOC and subject those individuals or entities to annoyance, embarrassment, oppression, harassment, retaliation, including potentially endangering their safety and/or well being ; and (3) it seeks information that is made

8

confidential and protected from disclosure by Miss. Code. Ann. § 99-19-51, as amended by Miss. S.B. 2237. Without waiving, and subject to those objections, the State will produce any relevant, non-privileged documents responsive to this Request with all confidential information redacted.

**REQUEST NO. 8:** Produce all documents from 2010 to the present, including communications with other persons and/or internal MDOC communications, related to attempts of any kind, whether successful or not, to secure or purchase pentobarbital (either Nembutal or pentobarbital compounded from API) for use in executions by MDOC.

**RESPONSE:** The State objects to this Request in that it seeks documents that are protected by the attorney-client privilege, the work product doctrine, and/or which would otherwise disclose the mental impressions, conclusions, opinions, or legal theories of defense counsel and MDOC's attorneys. The State further objects to this Request on the grounds that: (1) it seeks documents which identify or may be used to identify MDOC employees and/or agents who have obtained or attempted to obtain pentobarbital on behalf of MDOC, which could subject those individuals to annoyance, embarrassment, oppression, harassment, retaliation, including potentially endangering their safety and/or well being; (2) it seek documents which identify or may be used to identify individuals or entities that have supplied lethal injection drugs to MDOC and subject those individuals or entities to annoyance, embarrassment, oppression, harassment, retaliation, including potentially endangering their safety and/or well being ; (3) it seeks information that is made confidential and protected from disclosure by Miss. Code. Ann. § 99-19-51, as amended by Miss. S.B. 2237; and (4) and it is overly broad in scope and unduly burdensome. Without waiving, and subject to those objections, the State will produce any relevant, non-privileged documents responsive

to this Request with all confidential information redacted.

**REQUEST NO. 9:** Produce all documents from 2001 to the present related to all MDOC inventory and equipment "checks" of all materials necessary to perform an execution, including but not limited to all inventory checklists.

**RESPONSE:** The State objects to this Request on the grounds that it seeks documents which identify or may be used to identify the State Executioner, the members of the Execution Team, and MDOC employees and/or agents involved in assisting with executions in any capacity. The disclosure of such documents could subject the affected individuals to annoyance, embarrassment, oppression, harassment, retaliation, including potentially endangering their safety and/or well being. Moreover, their identities are confidential and protected from disclosure by Miss. Code. Ann. § 99-19-51, as amended by Miss. S.B. 2237. The State also objects to this Request in that it seeks documents having no relevance to a claim or defense of any party and is overly broad and unduly burdensome. Without waiving, and subject to those objections, please see the redacted Execution Logs that will be produced.

**REQUEST NO. 10:** Produce all documents related to the disposition of the 70 units of pentobarbital sodium (14 vials containing 5 grams each) obtained by MDOC in June 2012, including but not limited to all documents related to the disposition of any units of this pentobarbital sodium between June 2012 and June 1, 2015. "Disposition" includes the sale, transfer, trade, donation, use, destruction, and/or any other mechanism by which pentobarbital sodium left the possession, custody, or control of MDOC.

**RESPONSE:** The State objects to this Request to the extent it seeks documents that are protected by the attorney-client privilege, the work product doctrine, and/or which would otherwise disclose the mental impressions, conclusions, opinions, or legal theories of defense counsel and MDOC's attorneys. The State further objects to this Request in that it seeks documents that identify or may be used to identify the State Executioner, the members of the Execution Team, and MDOC employees and/or agents responsible for the disposition of the 14 vials of pentobarbital. The disclosure of such documents could subject the affected individuals to annoyance, embarrassment, oppression, harassment, retaliation, including potentially endangering their safety and/or well being. Moreover, their identities are confidential and protected from disclosure by Miss. Code. Ann. § 99-19-51, as amended by Miss. S.B. 2237. The State also objects to this Request because it seeks documents having no relevance to a claim or defense of any party. Without waiving, and subject to those objections, the State will produce any relevant, non-privileged documents responsive to this Request with all confidential information redacted.

**REQUEST NO. 11:** Produce all drug labels and package inserts for the 290 units of midazolam obtained by MDOC in 2015, as well as all drug labels and package inserts for any other drugs (contemplated for use or intended for use in lethal injection) in the possession of MDOC.

**RESPONSE:** The State objects to this Request for the following reasons: (1) it seeks documents that identify or may be used to identify the pharmacy that supplied Midazolam to MDOC, which could subject the pharmacy, its owner(s), and its employees to annoyance, embarrassment, oppression, harassment, retaliation, including potentially endangering their safety and/or well being; (2) it seeks documents that are made confidential and protected from disclosure by Miss. Code. Ann.

§ 99-19-51, as amended by Miss. S.B. 2237; (3) it seeks documents that could adversely affect the State's ability to obtain drugs for use in executions; and (4) it seeks documents that are not relevant to a claim or defense of any party and not proportional to the needs of the case.

**REQUEST NO. 12:** Produce all documents related to MDOC's proposed use of midazolam as the first drug in the execution series set forth in Miss. Code Ann. § 99-19-51, including, but not limited to the following:

(a) Any studies, reports, memoranda, or analyses authored by, commissioned by, or received by MDOC related to the use of midazolam as an "ultra short-acting barbiturate or other similar drug" for purposes of lethal injection in Mississippi;

(b) Any communications between MDOC or any other person (including but not limited to pharmaceutical companies, pharmacies, compounding pharmacies, distributors of pharmaceuticals, hospitals, medical facilities, college or university faculty, or officers, agents, employees, or attorneys for the corrections departments in other states), related to the use of midazolam in executions by lethal injection.

**RESPONSE:** The State objects to this Request to the extent it seeks documents that are protected by the attorney-client privilege, the work product doctrine, and/or which would otherwise disclose the mental impressions, conclusions, opinions, or legal theories of defense counsel and MDOC's attorneys. The State further objects to this Request because (1) it seeks documents that identify or may be used to identify the pharmacy that supplied Midazolam to MDOC, which could subject the pharmacy, its owner(s), and its employees to annoyance, embarrassment, oppression, harassment, retaliation, including potentially endangering their safety and/or well being; (2) it seeks documents

that are made confidential and protected from disclosure by Miss. Code. Ann. § 99-19-51, as amended by Miss. S.B. 2237; and (3) it seeks documents that could adversely affect the State's ability to obtain drugs for use in executions. Without waiving, and subject to those objections, please see Dr. Joseph Antognini's Declaration, MDOC's July 28, 2015 revised lethal injection protocol, and the purchasing documents related to MDOC's acquisition of Midazolam.

**REQUEST NO. 13:** Produce all documents related to Document No. 38-1 (MDOC Policy/SOP Request Form dated 7-28-2015) and Document No. 38-2 (MDOC's Amended Injection Protocol), including, but not limited to, the following:

(a) Any communications from or to Commissioner Fisher and/or Superintendent Lee from any other person, relating to or discussing the proposed change in MDOC's protocol for executions by lethal injection to include the use of midazolam;

(b) Any documents related to, regarding, or discussing, in the context of Document Nos. 38-1 and 38-2, whether the proposed change in MDOC's protocol for executions by lethal injection to include the use of midazolam would comport with Miss. Code Ann. § 99-19-51;

(c) Any documents related to or discussing any and all potential changes to MDOC's lethal injection procedures or MDOC's lethal injection protocol that might or would be necessitated by the use of midazolam as the first drug in the execution series; and

(d) Any documents related to or discussing any and all potential changes to the identity, training, and qualifications of the personnel assigned to conduct lethal injection executions that might or would be necessitated by the use of midazolam as the first drug in the execution series.

**RESPONSE:** The State objects to this Request to the extent it seeks documents that are protected

by the attorney-client privilege, the work product doctrine, and/or which would otherwise disclose the mental impressions, conclusions, opinions, or legal theories of defense counsel and MDOC's attorneys. Without waiving, and subject to those objections, the State does not have any non-privileged documents responsive to this Request.

**REQUEST NO. 14**: Produce all documents related to MDOC's potential use of pentobarbital compounded from API as the first drug in the execution series set forth in Miss. Code Ann. § 99-19-51, including, but not limited to the following:

(a) Any studies, reports, memoranda, or analyses authored by, commissioned by, or received by MDOC related to the use of pentobarbital compounded from API as an "ultra short-acting barbiturate or other similar drug" for purposes of lethal injection in Mississippi;

(b) Any communications between MDOC or any other person (including but not limited to pharmaceutical companies, pharmacies, compounding pharmacies, distributors of pharmaceuticals, hospitals, medical facilities, college or university faculty, or officers, agents, employees, or attorneys for the corrections departments in other states), related to the use of pentobarbital compounded from API in executions by lethal injection;

(c) Any documents (including, but not limited to, MDOC internal communications), related to, regarding, or discussing whether the use of pentobarbital compounded from API as an "ultra short-acting barbiturate or other similar drug" for purposes of lethal injection would comport with Miss. Code Ann. § 99-19-51;

(d) Any documents related to or discussing any and all potential changes to MDOC's lethal injection procedures or protocol that might or would be necessitated by the use of

14

pentobarbital compounded from API as the first drug in the execution series; and

(e) Any documents related to or discussing any and all potential changes to the identity, training, and qualifications of the personnel assigned to conduct lethal injection executions that might or would be necessitated by the use of pentobarbital compounded from API as the first drug in the execution series.

**RESPONSE:** The State objects to this Request to the extent it seeks documents that are protected by the attorney-client privilege, the work product doctrine, and/or which would otherwise disclose the mental impressions, conclusions, opinions, or legal theories of defense counsel and MDOC's attorneys. The State further objects to this Request on the ground to the extent it seeks the disclosure of information only relevant to Count II of the First Amended Complaint, which the Fifth Circuit has held is barred by the State's sovereign immunity and not actionable under the Fourteenth Amendment. Without waiving, and subject to those objections, the State does not have any non-privileged documents responsive to this Request.

**REQUEST NO. 15:** Produce all documents related to and/or evincing any training attended by MDOC's officers, employees, agents, or attorneys related to the conduct of executions by lethal injection. This request includes, but is not limited to, the following:

(a) Any documents provided to MDOC officers, employees, agents, or attorneys during or as a result of any such training;

(b) Any sign-in sheets or other documents evincing which employees actually attended any such training;

(c) Any syllabi, training description, or schedule of any such training;

(d) The names and qualifications of the persons who conducted or taught at any such training; and

(e) Any and all documents evincing certifications of MDOC employees, officers, agents, or attorneys by professional organizations, boards, or governing bodies related to, or required by, the duties of said persons in lethal injection executions.

**RESPONSE:** The State objects to this Request on the grounds that it seeks documents containing information that would identify or may be used to identify the State Executioner, members of the Execution Team, and MDOC employees and/or agents involved in assisting with executions. The disclosure of such documents could subject the affected individuals to annoyance, embarrassment, oppression, harassment, retaliation, including potentially endangering their safety and/or well being. Moreover, these individuals' identities are confidential and protected from disclosure by Miss. Code. Ann. § 99-19-51, as amended by Miss. S.B. 2237. The State further objects to this Request on the grounds that it seeks information that is not relevant any claim or defense of any party and to the extent it seeks the disclosure of information only relevant to Count II of the First Amended Complaint, which the Fifth Circuit has held is barred by the State's sovereign immunity and not actionable under the Fourteenth Amendment. The State also objects to this Request to the extent it seeks documents that are protected by the attorney-client privilege, the work product doctrine, and/or which would otherwise disclose the mental impressions, conclusions, opinions, or legal theories of defense counsel and MDOC's attorneys. Without waiving, and subject to those objections, the State will produce any relevant, non-privileged documents responsive to this Request with all confidential information redacted.

**REQUEST NO. 16**: For each expert designated by Defendants, produce the following documents:

(a) All communications between Defendants, their counsel, and each expert regarding: (1) the claims in the Amended Complaint, (2) the defenses in the Answer, (3) the facts considered in the generation of the expert's report, and (4) the response(s) of Defendants or their counsel to any draft reports.

(b) All documents relied upon by the expert in rendering his or her opinion;

(c) Any and all drafts of reports generated by, for, or on behalf of, the expert;

(d) Any contract between the expert and Defendants; and

(e) Any invoices submitted by the expert to the Defendants.

**RESPONSE:** The State objects to this Request to the extent it seeks documents that are protected by the attorney-client privilege, the work product doctrine, and/or which would otherwise disclose the mental impressions, conclusions, opinions, or legal theories of defense counsel and MDOC's attorneys. The State further objects to this Request as seeking documents or information specifically protected from disclosure by Federal Rules of Civil Procedure 26(b)(3)(A), 26(b)(3)(B), 26(b)(4)(A), and 26(b)(4)(C), including draft reports and communications between counsel for the State and its designated expert. The State produced with its designation the disclosures required by Federal Rule of Civil Procedure 26(b)(4)(C)(ii)-(iii). The State will produce any documents which it is required to produce pursuant to Federal Rule of Civil Procedure (4)(b)(C)(i).

RESPECTFULLY SUBMITTED, this the 3rd day of June, 2016.

By: **JIM HOOD**
ATTORNEY GENERAL
STATE OF MISSISSIPPI

By: s/ Wilson Minor
Jason L. Davis, MSB No. 102157
Paul E. Barnes, MSB No. 99107
Wilson Minor, MSB No. 102663
SPECIAL ASSISTANT ATTORNEYS GENERAL
ATTORNEYS FOR DEFENDANTS

STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 220
Jackson, MS 39205
Telephone: (601) 359-6279
Telefax: (601) 359-2003
wmino@ago.state.ms.us

**CERTIFICATE OF SERVICE**

This is to certify that I, Wilson Minor, Special Assistant Attorney General for the State of Mississippi, sent a copy of the foregoing document via U.S. Mial to the following counsel of record:

James W. Craig
Emily M. Washington
RODERICK AND SOLANGE
MACARTHUR JUSTICE CENTER
4400 South Carrollton Ave.
New Orleans, LA 70119
jim.craig@macarthurjustice.org
emily.washington@macarthurjustice.org
ATTORNEYS FOR PLAINTIFFS
RICHARD JORDAN AND RICKY CHASE

Stacy Ferraro

STACY FERRARO, ATTORNEY AT LAW
239 N. Lamar Street, Ste. 604
Jackson, MS 39201
lifestoryms@gmail.com
ATTORNEY FOR INTERVENOR
THOMAS EDWIN LODEN, Jr.

James Davis
Law Office of Jim Davis
1904 24th Avenue
Gulfport, MS 39502
JamesLDavisIII@aol.com

Richard F. Klawiter
Matt Klepper
DLA Piper LLP (US)
203 North LaSalle Street, Suite 1900
Chicago, Illinois 60601-1293
Nicholas F. Aldrich, Jr.
Schwabe, Williamson & Wyatt, P.C.
1211 SW Fifth Ave., Suite 1900
Portland, Oregon 97204
ATTORNEYS FOR INTERVENOR
ROGER ERIC THORSON

This the 3rd day of June, 2016.

/s Wilson Minor
Wilson Minor