# Roderick & Solange
# MacArthur Justice Center
NEW ORLEANS

July 10, 2017

Jason L. Davis
Paul Barnes
Wilson Minor
State of Mississippi
Office of the Attorney General
P.O. Box 220
Jackson, MS 39205

Via Electronic Mail [jdavi@ago.state.ms.us; pbarn@ago.state.ms.us; wmino@ago.state.ms.us]

<u>Re: Rule 37 Conference, Jordan and Chase v. Fisher et al.</u>

Counsel:

On behalf of Plaintiffs Richard Jordan and Ricky Chase, we would like to schedule a time to confer about some issues raised by Defendants' discovery responses (provided on June 26, 2017).

Our hope is that these issues can be resolved pursuant to Rule 37 without court intervention.

The following is an outline of those issues that counsel for Plaintiffs would like to discuss:

1. <u>Interrogatory No. 18</u>

In response to Interrogatory No. 18, regarding the Department's efforts to purchase pentobarbital, midazolam, paralytic agents, and potassium chloride, Defendants state that "AG1" and "MDOC3" have been involved in the negotiation, purchase, and delivery of drugs for use in lethal injections. These two individuals are not identified specifically. Nor are they identified as members designated to be on the "execution team" by the Commissioner. We ask that Defendants provide the names of these individuals in response to this interrogatory.

Further, Defendants' response describes drug purchases from "Supplier 1" and "Supplier 2." Plaintiffs dispute the applicability of the secrecy provisions in Miss. Code Ann. § 99-19-51 to discovery in this federal civil rights action. That objection aside, to the extent Supplier 1 and Supplier 2 are not located within the State of Mississippi, there is no basis for Defendants' assertion that Miss. Code Ann. § 99-19-51 prevents disclosure of the identities of these suppliers.



2. Interrogatory No. 22

In response to Interrogatory No. 22, regarding the Department's development or implementation of a protocol for executions by firing squad, Defendants did not identify all (or any) persons with discoverable knowledge of these efforts, as requested in the interrogatory. Defendants' indicate that they have "begun reviewing protocol and procedures implemented by at least one other state which authorizes the use of the firing squad as a method of execution," and provided a partially redacted copy of the Utah Department of Corrections' technical manual for executions. This response does not identify who obtained the protocol, who instructed that the protocol be obtained, who has reviewed the protocols and procedures, who has been in contact with Utah's Department of Corrections and who at the Utah DOC was contacted, or any other persons with discoverable knowledge relative to this interrogatory.

3. Request for Production of Documents No. 17

   a. Additional responsive records.

      i. Defendants have provided some supply inventory forms and a chemical room access log. Defendants' response to Interrogatory No. 18 indicates that Defendants are "producing redacted copies of drug inventory logs covering the time period from January 7, 2016 through June 5, 2017." But the forms and the log provided are for limited dates within this range. It appears that some responsive documents are missing.

      ii. Additionally, there are other records which the Department has provided in the past – relative to the purchase of drugs for use in lethal injection executions – which were not provided by Defendants in response to Request for Production of Documents No. 17, including but not limited to invoices, receipts of sale, receiving reports, purchase requisition forms, purchase orders, and payment vouchers. Such records would indicate dates of purchase, dates of receipt of the drugs at the Department, and the payment(s) provided for these purchases. We ask that these records be provided.

      iii. Lastly, Defendants have not provided any drug labels or package inserts for the newly acquired supplies of midazolam, rocuronium bromide, vecuronium bromide, and potassium chloride. Defendants have also not provided any documentation as to the expiration dates of the newly acquired drugs. As you know, there are no FDA-approved manufacturers of these drugs located in Mississippi. Therefore, even if Section 99-19-51 applies in a federal civil rights action, that statute would not authorize the failure to produce these records.

   b. Communications with Supplier 1. Defendants state (in response to Interrogatory No. 18) that they are "withholding the emails because they would disclose the identity of Supplier 1 in violation of Miss. Code Ann. § 99-19-51." Plaintiffs

dispute the applicability of the secrecy provisions in Miss. Code Ann. § 99-19-51 to discovery in this federal civil rights action. That objection aside, Defendants have no basis for withholding the emails – and their contents – in their entirety. Plaintiffs would ask that all correspondence with Supplier 1, as detailed in the Second Supplemental Privilege Log, be provided. To the extent Defendants seek to rely on the secrecy provisions of Miss. Code Ann. § 99-19-51, redactions should be made such that the content of the communications may be provided to Plaintiffs.

   c. <u>Supplier 2.</u> Defendants state (in response to Interrogatory No. 18) that potassium chloride was obtained from Supplier 2. However Defendants have provided no documents, nor listed any documents in the privilege log, regarding this transaction. We ask that records of communication with Supplier 2, as well as records of the purchase and transport of potassium chloride from Supplier 2, be provided.

Counsel for Plaintiffs would be available to discuss these issues on Tuesday, July 11, Wednesday, July 12, and Monday, July 17. Please contact us via electronic mail or telephone to schedule a time that is convenient to counsel for Defendants. If Defendants feel that no resolution can be reached as to any of these issues, we would appreciate Defendants notifying us in writing so that we may proceed and seek court intervention.

Sincerely,

James Craig
Emily Washington
*Attorneys for Plaintiffs Jordan and Chase*

jim.craig@macarthurjustice.org
emily.washington@macarthurjustice.org
(504) 620-2259