# WILSON MINOR

| | |
|---|---|
| **From:** | PAUL BARNES |
| **Sent:** | Wednesday, July 19, 2017 4:55 PM |
| **To:** | Emily Washington |
| **Cc:** | jim.craig@macarthurjustice.org; JASON DAVIS; WILSON MINOR |
| **Subject:** | Jordan v. Fisher; response to letter of July 10, 2017 |

Dear Emily:

I write in response to your good faith letter of July 10, 2017 concerning discovery issues.

**Interrogatory No. 18:** "AG1" and "MDOC 3" are not being identified by name due to safety, security, and privacy concerns, and to comply with Miss. Code Ann. s 99-19-51(2), which provides that the execution team "shall also include those individuals involved in assisting in the execution in any capacity, as well as those personnel assigned to specific duties related to an execution." The identities of "Supplier 1" and "Supplier 2" are also confidential and protected by Section 99-19-51(2).

**Interrogatory No. 22:** The redacted copy of the Utah Department of Corrections technical manual for executions is publicly available at the following link: https://www.muckrock.com/news/archives/2017/mar/30/utah-death-penalty-manual/?utm_content=buffer2830d&utm_medium=social&utm_source=twitter.com&utm_campaign=buffer . This document was obtained by litigation counsel in connection with the defense of this lawsuit and provided to in-house counsel for MDOC. Defendants have already produced the non-privileged document. Any other information concerning this document is protected by the work product doctrine and attorney/client privilege.

**Request for Production of Documents No. 17:**

    **(a)(i)** Defendants are not aware of any responsive documents which are "missing" from the inventory forms produced on June 26, 2017. If you would identify what you believe to be a specific discrepancy, we will consider that information and respond further if necessary.

    **(a)(ii)** Defendants have produced the responsive documents available as of June 26, 2017. If and when additional responsive documents such as invoices and similar records are obtained, Defendants will supplement their previous production with any non-privileged responsive documents redacted to comply with Section 99-19-51.

    **(a)(iii)** Defendants disagree with plaintiffs' interpretation of Section 99-19-51, which is inconsistent with the plain language of the statute. The suppliers of the drugs to MDOC are located in Mississippi. Even if only redacted copies of the requested documents (drug labels, package inserts, etc.) were produced, the manufacturers of the drugs would be identified because such documents vary in appearance from manufacturer to manufacturer. The identity of the manufacturer(s) could then be used to identify the Mississippi-based suppliers of lethal injection drugs through "reverse engineering." Therefore, Defendants will not produce any such documents based on safety, security, and privacy concerns, as well as Section 99-19-51, which provides that "**any** portion of any record of any kind that **could** identify a person as being . . . a current or former supplier of lethal injection chemicals . . . shall at all times be confidential, exempt, and protected from disclosure." (emphasis added).

    **b.** Communications with Supplier 1: Section 99-19-51 protects the requested communications, which could be used to identify Supplier 1 even if only redacted copies were provided. Defendants will re-examine the documents to determine whether any portion of those documents may be produced in redacted form without jeopardizing confidentiality.

EXHIBIT H

    **c.**    Supplier 2: At the time of production on June 26, 2017, Defendants did not have any documents reflecting the transaction through which Defendants obtained the potassium chloride. If and when responsive documents are identified, Defendants will supplement their previous production with any non-privileged responsive documents redacted to comply with Section 99-19-51.

Even if Section 99-19-51 did not apply to the documents in question (which it does), there are ample safety, security, and privacy concerns to independently justify the entry of a protective order by the Court barring disclosure. If Plaintiffs seek court intervention to compel production, Defendants will seek an appropriate protective order based on any and all applicable grounds, including but not limited to Section 99-19-51.

However, Defendants will be happy to confer with you further, in good faith, to resolve any remaining disagreement without the need for court intervention.

Sincerely,

Paul Barnes

Paul E. Barnes
Special Assistant Attorney General
Civil Litigation Division
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
Post Office Box 220
Jackson, MS 39205
Telephone (601) 359-4072
Facsimile (601) 359-2003
pbarn@ago.state.ms.us

