**IN THE CHANCERY COURT OF HINDS COUNTY, MISSISSIPPI**
**FIRST JUDICIAL DISTRICT**

---

**THE RODERICK & SOLANGE MACARTHUR JUSTICE CENTER,**
**MICHELLE BYROM, and CHARLES CRAWFORD,**

*Plaintiffs*

*v.*                                            **Case No. 25CH1:14-cv-000261**

**MISSISSIPPI DEPARTMENT OF CORRECTIONS,**

*Defendant*

---

### PLAINTIFFS' REPLY IN OPPOSITION TO DEFENDANT'S COUNTERCLAIM

Plaintiffs, The Roderick & Solange MacArthur Justice Center, Michelle Byrom, and Charles Crawford, by and through counsel, submit this Reply in Opposition to the Counterclaim asserted by Defendant Mississippi Department of Corrections ("MDOC"). MDOC's Counterclaim requests a declaration that the identity of the entity that supplies MDOC with lethal injection drugs is confidential and therefore exempt from disclosure under the Mississippi Public Records Act, or in the alternative, MDOC asks this Court to issue a protective order that would protect the identity of the drug supplier.

MDOC's Answer and Incorporated Memorandum in Opposition to Plaintiff's Amended Complaint (Doc. 10) goes to great lengths to persuade this Court that the identity of MDOC's lethal injection drug supplier must remain confidential because 1) the supplier should enjoy the same confidentiality that has historically been granted to the State Executioner and Execution Team; 2) disclosure could endanger the supplier's safety and commercial interests; and 3) exposing the supplier to harassment and potential financial loss would prevent MDOC from procuring lethal injection drugs in the future. Plaintiffs submit that these are merely post-hoc



EXHIBIT
J

justifications formulated to thwart Plaintiffs' access to public information. Moreover, MDOC has undermined and mooted its own arguments for concealing the identity of the supplier.

It has come to Plaintiffs' attention that MDOC's contracts with the drug supplier are available on the Transparency Mississippi website. *See* http://www.transparency.mississippi.gov/expenditures/stateExpenditures.aspx (last visited Mar. 17, 2014). The Mississippi Legislature created Transparency Mississippi through the Mississippi Accountability and Transparency Act of 2008. 2008 Miss. Laws Ch. 470 (H.B. 101). The Accountability and Transparency Act declares that

> The Legislature finds that the public should be able to easily access the details on how the state is spending tax dollars and other state funds and what performance results are achieved for the expenditures. It is the intent of the Legislature that the state, acting through the Department of Finance and Administration, create and maintain a searchable website providing access, to the extent possible, to where, for what purpose and what results are achieved for all taxpayer investments in state government.

Miss. Code. Ann. § 27-104-152.

After searching MDOC's expenditures for 2012, 2013, and 2014, Plaintiffs' counsel were able to determine that H&W Compounding/Brister Brothers Pharmacy, a compounding pharmacy in Grenada, MS that specializes in herbal supplements, has supplied MDOC with the pentobarbital, vecuronium bromide, and potassium chloride that is to be used in executions. *See* Exhibit 3 (Records of MDOC transactions with Brister Brothers Pharmacy).[1] Although the Accountability and Transparency Act does not "permit or require the disclosure of trade secrets or other proprietary information, including confidential vendor information, or any other information that is required to be confidential by state or federal law," Miss. Code. Ann. § 27-

---

[1] Although the vendor records from the Transparency Mississippi website do not specify that MDOC purchased pentobarbital, vecuronium bromide, or potassium chloride from Brister Brothers, the dates and dollar amounts on the vendor records are exactly the same as the dates and dollar amounts on the MDOC receiving reports and purchase orders for lethal injection drugs.

104-155(1)(c), MDOC provided this information to the Department of Finance and Administration, and permitted it to be published on the Transparency Mississippi website. MDOC's assertion that Brister Brothers' identity must remain confidential is clearly a recent phenomenon, and one likely offered to prevent the public from knowing where and how MDOC procures its lethal injection drugs.

MDOC's secrecy is not surprising in light of the recent revelations about the dubious provenance and integrity of compounded pharmaceuticals.[2] The U.S. Food and Drug Administration ("FDA") has defined pharmacy compounding as "making a new drug for which safety and efficacy have not been demonstrated . . . . In virtually all cases, the FDA regards compounded drugs as unapproved new drugs." 2006 Limited FDA Survey of Compounded Drug Products, *available at*:

http://www.fda.gov/drugs/guidancecomplianceregulatoryinformation/pharmacycompounding/uc m204237.htm (last visited Mar. 17, 2014).

Because compounded drugs are created without producing the data on safety and efficacy that the FDA requires for new drugs, the FDA has noted "quality problems with various compounded drugs, including sub-potency, super-potency, and contamination." *Id.* The 2012 outbreak of fungal meningitis caused by contaminated steroid injections from a compounding pharmacy in New England drew national attention to the regulatory vacuum within which compounding pharmacies operate, and the substandard and harmful products that these pharmacies can market to the public. *See 150 Patients Got Old Drugs in Meningitis Outbreak*, Clarion Ledger, Nov. 8, 2012, *available at*

http://www.clarionledger.com/usatoday/article/1691729 (last visited Mar. 17, 2014).

---

[2] Brister Brothers Pharmacy appears to specialize in compounded herbal health supplements, a class of products involving significantly less risk of harm than those involved in execution by lethal injection. *See* Exhibit 4 (screenshots of Brister Brothers' Facebook page).

In a more recent case relevant to Plaintiffs, Oklahoma executed a prisoner with compounded pentobarbital on January 9, 2014, and within twenty (20) seconds of the first injection, the prisoner stated: "I feel my whole body burning" – a sensation that compounding experts have found to be consistent with contaminated pentobarbital. *See Oklahoma Pharmacy Won't Provide Drug for Missouri Execution*, National Public Radio, Feb. 18, 2014, *available at* http://www.npr.org/2014/02/18/278921670/tulsa-pharmacy-wont-provide-drug-for-missouri-execution (last visited Mar. 17, 2014).

Although Plaintiffs' request for the identity of the drug supplier is now moot by virtue of MDOC's voluntary publication of their transactions with Brister Brothers on the Transparency Mississippi website, several of Defendant's arguments warrant a brief rebuttal.

## I.      Pharmacies That Sell Lethal Injection Drugs To MDOC Are Not Entitled To Confidentiality Under State or Federal Law.

MDOC asks this Court to declare information revealing the supplier of its lethal injection drugs exempt under the Public Records Act and/or confidential pursuant to a protective order because publicizing the identity of the supplier "would likely endanger the safety of persons associated with the supplier, as well as subject such persons to harassment, intimidation, and retaliation, both personally and financially." Def's Mem. at 9. MDOC also contends that the supplier's identity must remain confidential because "public disclosure of that information would likely prevent MDOC from obtaining such drugs from the same supplier in the future . . . ." *Id.* These arguments are entirely speculative, and reveal an intent to abrogate well-established First Amendment precedent protecting the organized expression of political speech. A private pharmaceutical provider that accepts Mississippi taxpayer dollars should not be able to operate in secrecy simply because it fears future economic reprisal due to its participation in state executions.

The Mississippi Supreme Court has recognized that "[t]he First Amendment directs us to be especially skeptical of regulations that seek to keep people in the dark for what the government perceives to be their own good." *Mississippi Comm'n on Judicial Performance v. Wilkerson*, 876 So. 2d 1006, 1015 (Miss. 2004) (quoting *44 Liquormart, Inc. v. Rhode Island*, 517 U.S. 484, 503 (1996)). Moreover, the type of organized political activity that MDOC fears will result from disclosure of the supplier's identity – boycotts, social, and commercial pressure – "is deeply embedded in the American political process," and the Supreme Court "has recognized that expression on public issues has always rested on the highest rung of the hierarchy of First Amendment values." *N.A.A.C.P. v. Claiborne Hardware Co.*, 458 U.S. 886, 907, 913 (1982) (internal quotations and citations omitted). Information and documents concerning how Mississippi intends to put individuals to death is a matter of great public concern and should not be shrouded in secrecy because "[t]he First Amendment reflects 'a profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open.'" *Snyder v. Phelps*, 131 S. Ct. 1207, 1215 (2011) (quoting *New York Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964)). The supplier's anticipated economic consequences, and MDOC's anticipated difficulty in procuring lethal injection drugs, are insufficient to authorize the stifling of public debate concerning Mississippi's infliction of the most serious penalty permitted by law.

MDOC also argues that security and safety interests demand that the supplier's identity remain confidential. Def's Mem. at 16-17. However, MDOC's concerns about personal safety and security are ambiguous and entirely speculative. MDOC has failed to cite to a single incidence of threats or violence directed towards a lethal injection drug supplier, let alone any group that would cause harm to MDOC's supplier.

Instead, MDOC offers a letter from a Texas compounding pharmacy to the Texas Department of Criminal Justice bemoaning Texas' failure to keep the pharmacy's identity on the "down low," and the negative publicity garnered from the pharmacy's decision to supply Texas with compounded pentobarbital for use in executions. *See* Def's Ex. 4 (Doc. 10-4). Receipt of "hate mail" and finding oneself in the "middle of a firestorm," *id.*, are the products of a vigorous public debate, and fall within the type of speech protected by the First Amendment. *See Claiborne Hardware*, 458 U.S. at 910 ("Speech does not lose its protected character . . . simply because it may embarrass others or coerce them into action.").

MDOC's contention that a District Court order from *Thorson v. Epps* requiring the submission under seal of the names of the members of the execution team, also extends to the State's lethal injection drug supplier is entirely without merit. A compounding pharmacy or pharmaceutical provider is a commercial entity that furnishes drugs to MDOC at taxpayer expense, and is not a member of the State execution team under Mississippi law. *See* Miss. Code Ann. § 99-19-53 (describing State Executioner as the one who inflicts, or supervises the infliction of, the sentence of death).

Moreover, MDOC's claim that all information and identities connected with an execution must be sealed from the public has been thoroughly undermined by MDOC's knowing disclosure of its "Personnel Assignment" for a mock execution that took place in September of 2013. *See* pp. 12-14 of Def's Exhibit 1 (Doc. 10-1). MDOC has failed to make any coherent argument justifying the concealment of the drug supplier over other individuals directly involved in executions, further revealing MDOC's defense to be a post-hoc contrivance aimed at suppressing troubling details of the origin and manufacture of its lethal injection drugs.

This Court should also reject MDOC's attempt to claim the statutory exemption created to protect law enforcement investigative reports found at Miss. Code Ann. § 25-61-12. *See* Def's Mem. at 20-21. Invoices and receiving reports are a far cry from investigative reports created by law enforcement officers, and the protections formulated for "a public official or law enforcement personnel, or confidential informants or witnesses," Miss. Code Ann. § 25-61-3(f), have no application to a commercial enterprise that voluntarily accepts taxpayer dollars in order to furnish MDOC with lethal injection drugs. MDOC does not offer a citation to any authority to support its novel claim that receipts and invoices may be classified as investigative reports in order to evade public disclosure.

MDOC's claim that the exemption provided for "trade secrets or confidential commercial or financial information" of third parties, Miss. Code Ann. § 25-61-9, is also unpersuasive. *See* Def's Mem. at 21-22. MDOC offers no factual evidence to show this Court that revealing the drug supplier's identity would result in the disclosure of a trade secret or confidential commercial or financial information. While disclosure of the drug supplier could potentially expose the supplier to financial loss or social pressure through activities that are protected by the First Amendment,[3] MDOC does not offer any argument to support a finding that the mere identity of a vendor is a trade secret or contains confidential commercial or financial information. Indeed, MDOC's publication of this information on the Transparency Mississippi website demonstrates conclusively that the supplier's identity is not a trade secret, nor is it confidential commercial or financial information.

---

[3] And this is speculative at best; who is to say that disclosure of the relationship between Brister Brothers and the MDOC may not result in enhanced sales for the pharmacy? MDOC seems rather certain that the public will ostracize, rather than celebrate, the supplier of execution drugs. This is a curious position for an entity that claims to be fulfilling the will of the public.

Finally, Mississippi law clearly states that it is the third party's obligation to seek a court order if it believes its documents are confidential and exempt from public disclosure as a trade secret or if they contain confidential commercial or financial information. Miss. Code Ann. § 25-61-9(1). MDOC has furnished no proof that it has complied with the Public Records Act's requirement that it first notify the third party of the potential disclosure so that the third party can seek a protective order if it deems it to be necessary. *See id.* Instead, MDOC is asking this Court to grant it the protections of a statutory exemption that it does not even have standing to assert.

## II.   The Expiration Date Of The Lethal Injection Drugs Is Not Confidential or Privileged Under State or Federal Law.

MDOC argues that it does not have to produce the expiration date of the lethal injection drugs to Plaintiffs because the expiration date is not contained within a traditional document. Def's Mem. at 23-24. Plaintiffs respectfully disagree with this mischaracterization of the expiration dates. The Public Records Act defines public records as:

> [A]ll books, records, papers, accounts, letters, maps, photographs, films, cards, tapes, recordings or reproductions thereof, and any other documentary materials, *regardless of physical form or characteristics*, having been used, being in use, or prepared, possessed or retained for use in the conduct, transaction or performance of any business, transaction, work, duty or function of any public body, or required to be maintained by any public body.

Miss. Code. Ann. § 25-61-3(b) (emphasis added). By Defendant's own admission, the expiration date is contained "on the labels attached to the drug vials themselves." Def's Mem. at 23. A drug label is clearly a form of "documentary material" that could be offered for inspection and/or reproduced through a photocopy. Because the expiration dates are recorded on labels, which are documents, MDOC is incorrect in its argument that the expiration dates fall under the heading of "information" that MDOC does not have a duty to compile and disclose.

Additionally, Plaintiffs appreciate that MDOC has taken the time to prepare an affidavit recording the expiration dates of the drugs, and will accept this affidavit as a response to their

request for expiration dates. *See* Def's Mem. at 24. However, Plaintiffs cannot agree that this document must be kept under seal. MDOC offers no legal argument for keeping this information confidential. This request for secrecy is again inconsistent with MDOC's prior release of documents revealing the types and quantities of drugs it has purchased, the lethal injection protocol, the personnel roster for a mock execution, and the identity of the drug supplier. MDOC's request for keeping the expiration dates under seal has no rational or legal basis and should be denied.

**III.    MDOC Has A Duty To Comply With The Mississippi Public Records Act Even If Plaintiffs May Ultimately Request This Information Through Formal Discovery.**

MDOC contends that this Court should not entertain this Public Records Act lawsuit because Plaintiffs have improperly invoked the Public Records Act "as a substitute for a discovery [sic] in the litigation process." Def's Mem. at 22. While MDOC may prefer to delay compliance with Plaintiffs' public records request and address the disclosure of this information through formal discovery, MDOC does not have the authority to select for Plaintiffs the type of lawsuit to file to obtain public records. Similarly, MDOC lacks the authority to dictate to Plaintiffs how to litigate prospective claims. It is a common practice for plaintiffs to obtain publicly-available information through public records requests in order to investigate potential legal claims and to exercise reasonable due diligence before filing a lawsuit. As MDOC is surely aware, federal courts expect and require plaintiffs to plead their factual claims with heightened specificity, and no longer accept "notice pleading":

> To survive a motion to dismiss, a complaint must contain *sufficient factual matter*, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations and quotations omitted). Consequently, plaintiffs often rely on public records requests to obtain the information necessary to plead a cognizable claim in federal court.[4]

Furthermore, MDOC's argument that Plaintiffs must invoke formal discovery to obtain publicly-available information is an untenable defense that is in direct violation of the letter and the spirit of the Public Records Act. Although some or all of the public information requested by Plaintiffs could be used to pursue a subsequent legal challenge, that in no way reduces the *public* nature of the requested documents, which requires their disclosure pursuant to the terms of the Public Records Act. Indeed, another individual or entity would have the right to request and receive this information under the Public Records Act, and MDOC cannot decline to produce it to Plaintiffs merely because it suspects that it will be used in subsequent litigation. Simply put, MDOC has a duty to disclose the documents pursuant to Mississippi law, and it cannot select the legal vehicle – a Section 1983 lawsuit versus a Public Records Act suit – through which it would prefer to produce the documents.

## IV.   The Fifth Circuit Court of Appeals' Decision In *Thorson v. Epps* Has No Application to Plaintiffs' Claim Under the Mississippi Public Records Act.

Finally, MDOC's reliance on *Thorson v. Epps*, 701 F.3d 444 (5th Cir. 2012) is inapposite. The Fifth Circuit's determination that the plaintiff in *Thorson* could not prevail on a Section 1983 challenge to Mississippi's lethal injection protocol has absolutely no bearing on whether the Plaintiffs here have the right to access information concerning the drugs MDOC intends to use to put prisoners to death. The Fifth Circuit never held that the identity of the supplier of lethal injection drugs was privileged or confidential. Moreover, *Thorson* involved a

---

[4] As a more general concern, public agencies like MDOC should not be permitted to prevent plaintiffs from obtaining publicly-available documents, but then argue that a plaintiff's claims must be dismissed due to a failure to plead a sufficient factual basis to establish the defendant's violation.

challenge to Mississippi's former lethal injection protocol that called for the use of sodium thiopental – a drug that Mississippi obtained in an FDA-approved form and that is no longer available for executions in the United States. As discussed above, Mississippi has procured an entirely different lethal injection drug, pentobarbital, which was compounded for MDOC nearly two years ago outside the system of FDA regulations and oversight that is used to ensure the safety and efficacy of manufactured drugs. Accordingly, the Fifth Circuit's decision in *Thorson* says nothing about whether the supplier of a lethal injection drug is entitled to confidentiality, and it says nothing about the constitutionality of the use of compounded pentobarbital in executions.

## CONCLUSION

As set forth above and in Plaintiffs' Amended Complaint, MDOC has unlawfully invoked several exemptions to the Public Records Act that do not apply to the information requested by Plaintiffs in their February 7, 2014 request for public records. This Court should deny Defendant's counterclaim and request for a declaration of exempt status and/or a protective order because these defenses are moot and have no basis in fact or law. Further, this Court should order that the records requested are encompassed by the Public Records Act, require MDOC to release the expiration dates of the drugs, award attorneys' fees and costs to the Plaintiffs, and order any further relief this Court deems to be just and proper.

Respectfully submitted,

/s/Vanessa J. Carroll
James W. Craig, MSB #7798
Vanessa J. Carroll, MSB #102736
The Roderick & Solange MacArthur Justice Center
4400 South Carrollton Ave.
New Orleans, LA 70119

(504) 620-2259 (p)
(504) 208-3133 (f)
jim.craig@macarthurjusticecenter.org
vanessa.carroll@macarthurjusticecenter.org

Dated: March 18, 2014

## CERTIFICATE OF SERVICE

I, Vanessa Carroll, do hereby certify that I have caused a true and correct copy of the foregoing document to be filed electronically with the Clerk of the Court using the MEC system, which sent notification of such filing to the following:

Paul Eldridge Barnes, Esq.
Mississippi Attorney General's Office
P.O. Box 220
Jackson, MS 39205
pbarn@ago.state.ms.us

Alison Elizabeth O'Neal, Esq.
Mississippi Attorney General's Office
P.O. Box 220
Jackson, MS 39205
aonea@ago.state.ms.us

SO CERTIFIED, this the 18th day of March, 2014,


/s/ Vanessa J. Carroll
Vanessa J. Carroll

# EXHIBIT 3

mississippi.gov/expenditures/stateExpenditures/case/View/searchHit

Home | About this Site | Contact | Links | Feedback | Public Meeting Notice Website

Stimulus.ms.gov | ms.gov

TRANSPARENCY.ms.gov

| BUDGET | EXPENDITURES | REVENUE | TRAVEL | CONTRACTS | LEASES | GRANTS | WORKFORCE |

SEARCH BY:
Con/cass/Grants ▼   Search Term(s)   SEARCH

## State Expenditures

Select Query Option*:  Vendor ▼

Budget Year*:  2014 ▼

<< Back

**Vendor Name: BRISTER BROTHERS INC**

Vendor Name*:   | Search

| Agency Name | Agency Code | Total Amount |
|---|---|---|
| CORRECTIONS | 551 | $700.00 |
| NORTH MS REGIONAL CENTER | 335 | $46.95 |
| | | Total: $746.95 |

Export to Excel    Printer-friendly Version

<< Back

MISSISSIPPI'S OFFICIAL STATE WEBSITE  ms.gov

Reference Guide | Disclaimer | Site Map | Agencies

mississippi.gov/expenditures/stateExpenditures/searchResults.aspx

TRANSPARENCY.ms.gov

Home | About this Site | Contact | Links | Feedback | Public Meeting Notice Website

| BUDGET | EXPENDITURES | REVENUE | TRAVEL | CONTRACTS | LEASES | GRANTS | WORKFORCE |

StimulusMiss.gov | ms.gov

SEARCH BY: Contracts/Grants ▼    Search Term(s)    SEARCH

## State Expenditures

Select Query Option*: Vendor ▼
Budget Year*: 2014 ▼
Vendor Name*:

Search

<< Back

Agency Name: CORRECTIONS / 551

Vendor Name: BRISTER BROTHERS INC

| | |
|---|---|
| Agency Number (SAAS) | 651 |
| Agency Name (SAAS) | CORRECTIONS |
| Transaction Code | PV |
| Transaction Number | 1400000192 |
| Budget Year | 2014 |
| Acceptance Date | 02/03/2014 |
| Fiscal Month/Year | 08/2014 |
| As of Month | 201402 |
| Attached Document Links | |
| Document Provided URLs | |

| | |
|---|---|
| Vendor Number | V00024943Z1 |
| Vendor Name | BRISTER BROTHERS INC |
| Vendor Certified Flag | |
| Vendor Self Certified Flag | |
| Voucy Flag | N |
| Electronic Funds Transfered | |
| Document Description | 12-3-2013 |
| Contract Number | |

| Item Description | Fund Number | Appr Unit Nbr | Major Object Code | Minor Object Code | Minor Object Code Name | Sub Object Code | Org Code | Sub Org Code | Activity Code | Bldg Cat Cd | Location Code | Dollar Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 001 | 2551 | 2551 | C | 62390 | OTHER PROF & SCIENTIFIC SUPP | | 0302 | | | | | $200.00 |




mississippi.gov/expenditures/stateExpenditures/result.aspx?vendor

Home | About this Site | Contact | Links | Feedback | Public Meeting Notice Website

Stimulus.ms.gov | ms.gov

# TRANSPARENCY.
## ms.gov

| BUDGET | EXPENDITURES | REVENUE | TRAVEL | CONTRACTS | LEASES | GRANTS | WORKFORCE |

SEARCH BY:
Contract/Grants ▼    Search Term(s) ▼    [ SEARCH ]

## State Expenditures

Select Query Option*:        Budget Year*:        Vendor Name*:

Vendor ▼                    2012 ▼                                [ Search ]

<< Back

Vendor Name: BRISTER BROTHERS INC

| Agency Name | Agency Code | Total Amount |
|---|---|---|
| CORRECTIONS | 551 | $3,150.00 |
| | | Total: $3,150.00 |

📊 Export to Excel    🖶 Printer-friendly Version

<< Back

---

MISSISSIPPI'S OFFICIAL STATE WEBSITE

## ms.gov

Reference Guide | Disclaimer | Site Map | Agencies
©2014 Transparency.ms.gov



mississippi.gov/expenditures/stateExpenditures/...

Home | About this Site | Contact | Links | Feedback | Public Meeting Notice Website

TRANSPARENCY.
ms.gov

BUDGET | EXPENDITURES | REVENUE | TRAVEL | CONTRACTS | LEASES | GRANTS | WORKFORCE

Stimulus.ms.gov | ms.gov

SEARCH BY:
Contracts/Grants ▾   Search Term(s)   SEARCH

## State Expenditures

Select Query Option*:     Budget Year*:
Vendor ▾              2013

<< Back

Agency: CORRECTIONS / 551

Vendor Name: BRISTER BROTHERS INC

Vendor Name*:
▾   Search

| Transaction Code | Transaction Number | Date Received | Total Amount |
|---|---|---|---|
| PV | 0100205165 | 05/29/2013 | $203.10 |
| PV | 1500205147 | 06/26/2013 | $655.00 |
| | | | Total: $855.10 |

Export to Excel    Printer-friendly Version

<< Back

MISSISSIPPI'S OFFICIAL STATE WEBSITE



mississippi.gov/expenditures/stateExpenditures/searchExpVendorReturn.jsp   stimulusms.gov | ms.gov

Home | About this Site | Contact | Links | Feedback | Public Meeting Notice Website

BUDGET | EXPENDITURES | REVENUE | TRAVEL | CONTACTS | LEASES | GRANTS | WORKFORCE

# State Expenditures

**Select Query Option\*:**  Vendor

<< Back

**Budget Year\*:** 2013

**Vendor Name\*:**  [Search]

**SEARCH BY:** Contracts/Grants   (Search Term)   [SEARCH]

Agency Name: CORRECTIONS / 551
Vendor Name: BRISTER BROTHERS INC

| Agency Number (SAAS) | 551 |
| Agency Name (SAAS) | CORRECTIONS |
| Transaction Code | PV |
| Transaction Number | 1300000575747 |
| Budget Year | 2013 |
| Acceptance Date | 06/28/2013 |
| Fiscal Month/Year | 12/2013 |
| /As of Month | 201306 |
| Attached Document Links | |
| Document Provided Titles | |

| | | |
| --- | --- | --- |
| Vendor Number | | V000249/320 |
| Vendor Name | | BRISTER BROTHERS INC |
| Vendor Certified Flag | | |
| Vendor Self Certified Flag | | |
| Privacy Flag | | N |
| Electronic Funds Transfered | | |
| Document Description | | 102178 |
| Contract Number | | |

| Line Description | Fund Number | Appr Unit Nbr | Major Object Code | Minor Object Code | Minor Object Code Name | Sub Object Code | Org Code | Sub Org Code | Activity Code | Rpltg Cat Cd | Location Code | Dollar Amount |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 001 | 2551 | 2551 | C | 62340 | DRUGS & CHEM MED & LAB USE | | 0903 | | | | | $685.00 |

ssissippi.gov/expenditures/stateExpenditures/stateExpendit...MSCHHIX14-cv-000261   Document #: 11-1   Filed: 03/18/2014   Page 7 of 10

Sitmiul.ms.gov | ms.gov

Home | About this Site | Contact | Links | Feedback | Public Meeting Notice Website

# TRANSPARENCY.ms.gov

| BUDGET | EXPENDITURES | REVENUE | TRAVEL | CONTRACTS | LEASES | GRANTS | WORKFORCE |

## State Expenditures

Select Query Option*:  
Vendor ▼

Budget Year*:  
2013 ▼

Vendor Name*:

[Search]

<< Back

Agency Name: CORRECTIONS / 551  
Vendor Name: BRISTER BROTHERS INC

SEARCH BY:  
Contracts/Grants ▼   [Search Terms]   SEARCH

| | |
|---|---|
| Agency Number (6/AAS) | 551 |
| Agency Name (6/AAS) | CORRECTIONS |
| Transaction Code | PV |
| Transaction Number | 1300006503 |
| Budget Year | 2013 |
| Acceptance Date | 06/25/2013 |
| Fiscal Month/Year | 11/2013 |
| As of Month | 201905 |
| Attached Document Links | |
| Document Provided URLs | |

| | |
|---|---|
| Vendor Number | V0002A94320 |
| Vendor Name | BRISTER BROTHERS INC |
| Vendor Certified Flag | |
| Vendor Self Certified Flag | |
| Privacy Flag | N |
| Electronic Funds Transferred | |
| Document Description | 102176 |
| Contract Number | |

| Line Description | Fund Number | Appr Unit Nbr | Major Object Code | Minor Object Code | Minor Object Code Name | Sub Object Code | Org Code | Sub Org Code | Activity Code | Mjfg Cat Cd | Location Code | Dollar Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MS DEPT OF CORRECTIONS 001 | 2551 | 2551 | C | 62340 | DRUGS & CHEM MED & LAB USE | | 0903 | | | | | $200.10 |

Home | About this Site | Contact | Links | Feedback | Public Meeting Notice Website

TRANSPARENCY.ms.gov

| BUDGET | EXPENDITURES | REVENUE | TRAVEL | CONTRACTS | LEASES | GRANTS | WORKFORCE |

# State Expenditures

<< Back

**Select Query Option\*:**
Vendor ▼

**Budget Year\*:**
2012 ▼

**Vendor Name\*:**

Search

Agency: CORRECTIONS / 551

Vendor Name: BRISTER BROTHERS INC

| Transaction Code | Transaction Number | Date Received | Total Amount |
|---|---|---|---|
| PV | 1220328450 | 08/20/2012 | $3,150.00 |
| | | | Total: $3,150.00 |

☒ Export to Excel   🖨 Printer-friendly Version

<< Back

Reference Guide | Disclaimer | Site Map | Agencies

ms.gov

MISSISSIPPI'S OFFICIAL STATE WEBSITE

SEARCH BY:
Contracts/Grants ▼   Search Term(s)   SEARCH

Stimulus.ms.gov | ms.gov

Home | About this Site | Contact | Links | Feedback | Public Meeting Notice Website

Stimulus.ms.gov | ms.gov

TRANSPARENCY.ms.gov

BUDGET | EXPENDITURES | REVENUE | TRAVEL | CONTRACTS | LEASES | GRANTS | WORKFORCE

SEARCH BY:
Contracts/Grants ▼    (Search Term)    SEARCH

## State Expenditures

Select Query Option*:    Budget Year*:    Vendor Name*:
Vendor ▼    2012 ▼    _____    Search

<< Back

Vendor Name Starts With: brister brothers

| Vendor Name | Total Amount |
|---|---|
| BRISTER BROTHERS IIC | $3,150.00 |
| | Total: $3,150.00 |

Export to Excel    Printer-friendly Version

<< Back

Reference Guide | Disclaimer | Site Map | Agencies
©2014 Transparency.ms.gov

MISSISSIPPI'S OFFICIAL STATE WEBSITE
ms.gov

mississippi.gov/expenditures/stateExpenditures.aspx

stimulus.ms.gov | ms.gov

Home | About this Site | Contact | Links | Feedback | Public Meeting Notice Website

TRANSPARENCY.ms.gov

| BUDGET | EXPENDITURES | REVENUE | TRAVEL | CONTRACTS | LEASES | GRANTS | WORKFORCE |

## State Expenditures

**Select Query Option\*:**  Vendor ▼

<< Back

**Budget Year\*:**  2012 ▼

**Vendor Name\*:**  _____   Search

**SEARCH BY**  Contracts/Grants ▼   Search Term(s) _____   SEARCH

Agency Name: CORRECTIONS / 551
Vendor Name: BRISTER BROTHERS INC

| Agency Number (SAAS) | 551 |
| Agency Name (SAAS) | CORRECTIONS |
| Transaction Code | PV |
| Transaction Number | 12050005430 |
| Budget Year | 2012 |
| Acceptance Date | 06/20/2012 |
| Fiscal Month/Year | 12/2012 |
| As of Month | 201206 |
| Attached Document Links | |
| Document Provided URLs | |

| Vendor Number | V000349321 |
| Vendor Name | BRISTER BROTHERS INC |
| Vendor Certified Flag | |
| Vendor Self Certified Flag | |
| Privacy Flag | N |
| Electronic Funds Transferred | |
| Document Description | 05-30-12 |
| Contract Number | |

| Line Description | Fund Number | Appr Unit Nbr | Major Object Code | Minor Object Code | Minor Object Code Name | Sub Object Code | Org Code | Sub-Org Code | Activity Code | Rptg Cat Cd | Location Code | Dollar Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 001 | 2551 | 2551 | C | 62340 | DRUGS & CHEM MED & LAB USE | | 0903 | | | | | $3,160.00 |




# EXHIBIT 4



# facebook

Email or Phone | Password | Log In
☐ Keep me logged in      Forgot your password?

**H & W Compounding, Brister Brothers Inc.**
is on Facebook.

To connect with H & W Compounding, Brister Brothers Inc., sign up for Facebook today.

[Sign Up] [Log In]

## H & W Compounding, Brister Brothers Inc.

★ ★ ★ ★ ★ (5 ratings)

210 likes · 9 were here

⚕ Medical & Health
📍 1117 Sunset Dr., Suite 103, Grenada, Mississippi 38901
📞 (662) 226-1212
🕐 Today 9:00 am – 3:00 pm

About

👍 **210**

Photos   Likes

See All

---

**H & W Compounding, Brister Brothers Inc.** shared a link.
September 18, 2013 🔗

Print only option than you may drop off at A New Attitude Salon or H&W Compounding Pharmacy. You may also print, complete and mail with your payment (payable to Missy Taylor) to PO Box 369, Grenada, MS 38902

VBBRAIT RUII Grenada Dance Girls.pdf - Google Drive
docs.google.com

Like · Comment · Share

**H & W Compounding, Brister Brothers Inc.**
March 19, 2013 near Grenada, MS 🔗

---

Recent Posts by Others

Hi - I was in there today and saw a book on your counter ab...
♡1 · June 26, 2012 at 2:39pm

More Posts ▾

**H & W Compounding, Brister Brothers Inc.**
March 19, 2013 near Grenada, MS 🔗

New Product
Core Restore BT - Comprehensive 7 day program to help RESTORE the body's ability to REMOVE TOXINS Naturally



ok.com/photo.php?fbid=363061063710... Case 3:15-cv-00295-HTW-LGI ... Document #125-2 ... Filed: 03/18/2014   Page 3 of 4



**H & W Compounding, Brister Brothers Inc,** January 12, 2012

We're Henry and Ward Brister, we are the founders of 2 Brothers Herbal Compounding Pharmacy. Together we have over 70 years experience as licensed pharmacists, including compounding. Through those years we have shifted our emphasis to more natural treatments and/or prevention through herbal products. We market our herbal compounding formulas worldwide. We use only the finest chemical-free and pesticide free wildcrafted harvested herbs from around the world, direct from their region of origin to assure freshness. Then we process these herbs with a proprietary glycerin and alcohol extraction method that releases the active nutrients, volatile oils and esters ensuring you a pure, balanced product with maximum effectiveness.



H & W Compounding, Brister Brothers Inc.
March 19, 2013 near Grenada, MS

"Man-Up" Specially formulated men's tonic.

New Introductory Price - $20 through the month of March
Regular Price - $29.95