# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

|  |  |
|---|---|
| **RICHARD JORDAN and RICKY CHASE,** | ) |
| **Plaintiffs,** | ) |
| **THOMAS EDWIN LODEN, Jr., ROGER THORSON, and ROBERT SIMON,** | ) Civil Action No. 3:15-cv-00295 |
| **Intervenors,** | ) |
| *v.* | ) |
| **PELICIA HALL, Commissioner, Mississippi Department of Corrections, in her Official Capacity, et al.,** | ) |
| **Defendants.** | ) |

### NOTICE OF DEPOSITION OF A NONPARTY ORGANIZATION
### PURSUANT TO F.R.C.P. 30(B)(6)
### (Alabama Department of Corrections)

PLEASE TAKE NOTICE that Plaintiffs Richard Jordan and Ricky Chase, by and through their counsel of record, and pursuant to Federal Rule of Civil Procedure 30(B)(6), will take the deposition of the Alabama Department of Corrections ("the Department") at 10 am on October 5, 2017, at the Department's Central Office at 301 South Ripley St., Montgomery, AL 36104. The deposition will be recorded by court reporter and videographer. The deposition will proceed from day-to-day until finished.

Pursuant to Rule 30(B)(6) of the Federal Rules of Civil Procedure, the Department is required to designate one or more persons to testify on its behalf on the following matters for examination ("the Topics"):

**Topic No. 1**: The procedures used by the Department from January 1, 2010 to the present to execute a condemned prisoner by means of lethal injection. This topic includes, but is not limited to:

(a) The documents which set forth the identity, dosage, and order of the drugs used in the lethal injection execution.

(b) The documents which set forth the logistical steps taken by the department and its officers, agents, employees and/or attorneys in the days leading up to an execution.

(c) The documents which record the events during the process of a lethal injection execution, including but not limited to execution logs, autopsies, and other materials.

(d) The actual practice of the Department in the execution of convicted offenders by means of lethal injection.

**Topic No. 2**: The details of all executions conducted using midazolam (either purchased in injectable form or API purchased for compounding into injectable form) from January 1, 2010 to present, including the executions of Eugene Brooks, Ronald Bert Smith, Thomas Arthur, Robert Melson, and any other executions using midazolam during this period. This topic includes, but is not limited to:

(a) The documents which set forth the identity, dosage, and order of the drugs used in each of these executions.

(b) Any documents which describe the circumstances or details of the execution, including, but not limited to, the time of execution, the duration of the execution, or any description of the individuals subject to execution during or after these executions.

(c) Any documents or communications following the execution pertaining to problems or abnormalities during any of these executions.

(d) Any autopsies, toxicology screens, or other post-mortem tests or examinations of the condemned prisoner after the execution.

(e) Any document containing a list of persons present from the news media or as counsel to the condemned at the execution.

**Topic No. 3**: Any consideration given to modifying Alabama's execution procedure or the use of midazolam from January 1, 2010 to present, including, but not limited to all documents and communications related to the adoption of alternative procedures that might be adopted following the execution of Ronald Bert Smith or any other individual who was executed using midazolam.

**Topic No. 4**: The details of all executions conducted using pentobarbital from January 1, 2010 to present, including the executions of Jason Williams, Eddie Powell, Derrick Mason, Christopher Johnson, Andrew Lackey, and any other executions using pentobarbital during this period. This topic includes, but is not limited to:

> (a) The documents which set forth the identity, dosage, and order of the drugs used in each of these executions.
>
> (b) The documents which describe the circumstances or details of the execution, including, but not limited to, the time of execution, the duration of the execution, or any description of the individuals subject to execution during or after these executions.
>
> (c) Any documents or communications following the execution pertaining to problems or abnormalities during any of these executions.
>
> (d) Any autopsies, toxicology screens, or other post-mortem tests or examinations of the condemned prisoner after the execution.
>
> (e) Any document containing a list of persons present from the news media or as counsel to the condemned at the execution.

**Topic No. 5:** The process, if any, by which the Department determined that midazolam (either purchased in injectable form or API purchased for compounding into injectable form) would be used in lethal injection executions. This topic includes, but is not limited to:

> (a) Any studies conducted by or for the Department regarding the use of midazolam in lethal injection executions.
>
> (b) Any studies or other information known to the Department, whether conducted by or for the Department itself, regarding the use of midazolam in lethal injection executions.

(c) Any communications, whether written or oral, on paper or transmitted electronically or digitally, between any officer, agent, employee or attorney for the Department and any other person, corporation or other entity regarding the use of midazolam in lethal injection executions.

**Topic No. 6**: The process, if any, by which the Department rejected the use of a single drug protocol for lethal injection executions.

**Topic No. 7:** Any studies, evaluations or other examinations into any problems encountered in any lethal injection executions in Alabama from January 1, 2010 to the present.

**Topic No. 8:**  All efforts made by the Department from January 1, 2010 to the present to secure pentobarbital (including any attempts to purchase sodium pentobarbital API or compounded pentobarbital) for use in lethal injection executions. This topic includes, but is not limited to, the following:

(a) The name, address, electronic mail address, and business telephone number of any individual, corporation, or other entity (including any agency or department of another state) contacted by the Department with the purpose of purchasing or obtaining pentobarbital for use in lethal injection executions.[1]

(b) The date of each such contact.

(c) The name, address, electronic mail address and business telephone number of any officer, agent, or employee of the Department who made any such contact.

(d) The contents of any telephone or in-person conversation between any officer agent or employee of the Department with any individual or officer, agent, employee or representative of the pentobarbital supplier.

(e) The contents of any written communication, whether invoice, letter, electronic mail, text message or other form of written communication, between any officer agent or employee of the Department with any individual or officer, agent, employee or representative of the pentobarbital supplier.

(f) The current location of any documents evincing any communication between any officer agent or employee of the Department with any individual or officer, agent, employee or representative of the pentobarbital supplier.

---

[1] This person, corporation or other entity shall be referred to below as "the pentobarbital supplier."

**Topic No. 9:** All efforts made by the Department from 2010 to the present to secure any other barbiturate or benzodiazine for use in lethal injection executions. This topic includes, but is not limited to, the following:

> (a) The name, address, electronic mail address, and business telephone number of any individual, corporation, or other entity (including any agency or department of another state) contacted by the Department with the purpose of purchasing or obtaining barbiturate or benzodiazepine for use in lethal injection executions.[2]
>
> (b) The date of each such contact.
>
> (c) The name, address, electronic mail address and business telephone number of any officer, agent, or employee of the Department who made any such contact.
>
> (d) The contents of any telephone or in-person conversation between any officer agent or employee of the Department with any individual or officer, agent, employee or representative of the barbiturate or benzodiazepine supplier.
>
> (e) The contents of any written communication, whether invoice, letter, electronic mail, text message or other form of written communication, between any officer agent or employee of the Department with any individual or officer, agent, employee or representative of the pentobarbital supplier.
>
> (f) The current location of any documents evincing any communication between any officer agent or employee of the Department with any individual or officer, agent, employee or representative of the barbiturate or benzodiazepine supplier.

**Topic No. 10**: The storage of lethal injection drugs by the Department from 2010 to the present. This includes, but is not limited to:

> (a) All policies, written procedures, or other protocols governing the storage of the drugs which are intended for use in lethal injection executions.
>
> (b) The actual practice of the Department with respect to the storage of the drugs which are intended by the Department to be used in lethal injection executions.
>
> (c) The name, address, electronic mail address, and business telephone number of all persons, whether individual or corporate or other entity, responsible for the storage of the drugs which intended by the Department to be used in lethal injection executions.

**Topic No. 11:** From 2010 to the present, the supply or inventory of drugs purchased,

---

[2] This person, corporation or other entity shall be referred to below as "the barbiturate or benzodiazepine supplier."

procured, held or stored, by the Department for use in lethal injection executions, including the documents, logs or inventory lists maintained by the Department with respect to such drugs.

**Topic No. 12:** The training mandated by the Department from 2010 to the present for officers, employees, agents or attorneys with respect to the conduct of executions by lethal injection. This topic includes, but is not limited to:

> (a) The professional and/or educational certifications required for employees within the Department to participate in any specific role in lethal injection executions.

> (b) The documents provided to the Department's officers, employees, agents or attorneys during or as a result of any such training.

> (c) The syllabi, training description, or schedule of any such training.

**Topic No. 13:** Any communication between the Department and any officer, agent, employee, or attorney for the Mississippi Department of Corrections or the Mississippi Attorney General's Office regarding lethal injection executions. This topic includes, but is not limited to:

> (a) The contents of any telephone or in-person conversation between any officer agent or employee of the Department with any officer, agent or attorney of or for the Mississippi Department of Corrections or the Mississippi Attorney General's Office.

> (b) The contents of any written communication, whether invoice, letter, electronic mail, text message or other form of written communication, between any officer agent or employee of the Department with any officer, agent or attorney of or for the Mississippi Department of Corrections or the Mississippi Attorney General's Office.

> (c) The current location of any documents evincing any communication between any officer agent or employee of the Department with any officer, agent or attorney of or for the Mississippi Department of Corrections or the Mississippi Attorney General's Office.

**Topic No. 14:** Any communication between the Department and any officer, agent, employee, or attorney for any other jurisdiction, State or Federal, related to securing drugs for lethal injection executions. This topic includes, but is not limited to:

> (a) The contents of any telephone or in-person conversation between any officer agent or employee of the Department with any officer, agent or attorney of or for the other state related to securing drugs for lethal injection executions.

(b) The contents of any written communication, whether invoice, letter, electronic mail, text message or other form of written communication, between any officer agent or employee of the Department with any officer, agent or attorney of or for the other state related to securing drugs for lethal injection executions.

(c) The current location of any documents evincing any communication between any officer agent or employee of the Department with any officer, agent or attorney of or for the other state related to securing drugs for lethal injection executions.

Respectfully submitted,

/s/ James W. Craig_____
James W. Craig, MSB # 7798
Emily M. Washington (pro hac vice)
The Roderick & Solange MacArthur Justice Center
4400 South Carrollton Ave.
New Orleans, LA 70119
(504) 620-2259 (p)
(504) 208-3133 (f)
jim.craig@macarthurjustice.org

**CERTIFICATE OF SERVICE**

I hereby certify that I have filed this pleading with the Electronic Case Filing System of the United States District Court for the Southern District of Mississippi, and have thereby served counsel of record for the Defendants and Intervenors in this case.

This, the 22nd day of September, 2017.

*/s/James W. Craig*