# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**RICHARD JORDAN and RICKY CHASE**                              *Plaintiffs*

**THOMAS EDWIN LODEN, JR.,**
**ROGER ERIC THORSON, and**
**ROBERT SIMON, JR.**                                           *Intervenors*

*vs.*                                            **No.  3:15-cv-00295-HTW-LRA**

**PELICIA HALL, Commissioner,**
**Mississippi Department of Corrections, in**
**her Official Capacity; EARNEST LEE**
**Superintendent, Mississippi State Penitentiary,**
**in his Official Capacity; THE MISSISSIPPI**
**STATE EXECUTIONER, in his Official**
**Capacity; an UNKNOWN EXECUTIONERS,**
**in their Official Capacities**                                *Defendants*

## DEFENDANTS' SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFFS'
## INTERROGATORIES

Defendants Pelicia Hall, in her official capacity as Commissioner of the Mississippi

Department of Corrections ("MDOC"), Earnest Lee, the Superintendent of the Mississippi State

Penitentiary ("MSP"), and the Mississippi State Executioner. by and through undersigned counsel

(collectively referred to as "the State" or Defendants), and pursuant to Federal Rule of Civil

Procedure 33, supplement their Responses to Plaintiffs' First and Second Set of Interrogatories as

follows, to-wit:

Defendants incorporate by reference herein all of their prior disclosures, discovery responses,

objections, and assertions of privilege in this matter.



EXHIBIT

CC

## GENERAL OBJECTIONS AND LIMITATIONS

The following General Objections and Limitations apply to and are incorporated in each individual Response, whether or not expressly incorporated by reference in such Response:

1.    The State objects to each Instruction, Definition, and Interrogatory to the extent that it purports to impose obligations that exceed or differ from those imposed by the Federal Rules of Civil Procedure, the Local Uniform Civil Rules of the United States District Court for the Southern District of Mississippi, or other applicable law or rules.  The State further objects to the Definitions and Instructions as vague, ambiguous, overly broad, and unduly burdensome.

2.    The State objects to the Interrogatories to the extent that they seek information that is not relevant to a claim or defense of any party or proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues.  The State further objects to the Interrogatories to the extent that they seek information the likely benefit of which is outweighed by the burden or expense of producing said information.

3.    The State objects to the Interrogatories to the extent that they seek information that could lead to the identification of the State Executioner, his Deputies, the other members of the Execution Team, and any former member of the Execution Team.  Disclosure of such information could subject the affected individuals to annoyance, embarrassment, oppression, harassment, and retaliation, including potentially endangering the safety and/or well being of such individuals.  Further, the identities of these individuals are confidential and protected from disclosure by Miss. Code Ann. § 99-19-51.

2

Case 3:15-cv-00295-HTW-LRA   Document 167-1   Filed 11/07/17   Page 3 of 15


4.     The State objects to the Interrogatories to the extent that they seek information that could lead to the identification of any person or entity that has supplied drugs to MDOC for use in lethal injection executions. Disclosure of such information could subject the affected individuals and entities to annoyance, embarrassment, oppression, harassment, and retaliation, including potentially endangering the safety and/or well being of such individuals and entities. Further, the identities of any current or former supplier of lethal injection drugs to MDOC is confidential and protected from disclosure by Miss. Code Ann. § 99-19-51.

5.     The State objects to the Interrogatories to the extent that they seek information that could lead to the identification of any current or former MDOC employee and/or agent responsible for the procurement, transportation, storage, inventory and control of stocks of lethal injection drugs. Disclosure of such information could subject the affected individuals to annoyance, embarrassment, oppression, harassment, and retaliation, including potentially endangering the safety and/or well being of such individuals. Further, the identities of individuals who have been or are directly or indirectly involved in the procurement, transportation, storage, inventory and/or control of stocks of lethal injection drugs are confidential and protected from disclosure by Miss. Code Ann. § 99-19-51.

6.     The State objects to the Interrogatories to the extent they seek information that could lead to the identification of any current or former MDOC employees and/or agents involved in assisting with executions in any capacity or assigned to specific duties related to an execution. Disclosure of such information could subject the affected individuals to annoyance, embarrassment, oppression, harassment, and retaliation, including potentially endangering the safety and/or well being of such individuals. Further, the identities of any current or former individuals involved in

assisting with an execution in any capacity are confidential and protected from disclosure by Miss. Code Ann. § 99-19-51.

7.      The State objects to the Interrogatories to the extent they seek information that could jeopardize institutional security at MDOC facilities, including the safety and/or well-being of MDOC employees. The State further objects to the Interrogatories to the extent they seek information that could adversely affect the State's ability to obtain drugs for use in executions.

8.      The State objects to the Interrogatories to the extent they seek information protected by the attorney/client privilege, the work product doctrine, or other applicable privilege. The State further objects to the extent answering the Interrogatories would require disclosure of the mental impressions, conclusions, opinions of defense counsel, and/or prematurely disclose the trial strategies of defense counsel. Should any such disclosure by the State occur, it is inadvertent and shall not constitute a waiver of any privilege.

9.      The State objects to each Interrogatory to the extent that it is overly broad, unduly burdensome, vague, and/or ambiguous.

10.     The State incorporates all other documents, objections and/or limitations asserted in all of its other filings and discovery responses in this action. The fact that such contentions, objections, and/or limitations may not be repeated here shall not be deemed a waiver of any kind.

11.     The State reserves the right to supplement or modify these Responses and Objections to the Interrogatories if it discovers any additional responsive information or documents, and as other facts emerge from the discovery process, or if otherwise appropriate under the Federal Rules of Civil Procedure.

12.     No objection or limitation, or lack thereof, made in these Responses and Objections shall be deemed (i) an admission by the State as to the existence or non-existence of the information sought; or (ii) a waiver of the State's right to assert such objection or limitation at any future time in connection with the Interrogatories or otherwise.  In responding to these Interrogatories, the State neither waives nor intends to waive, and expressly reserves, any and all objections to relevance, competence, susceptibility to discovery, materiality or admissibility of any information provided.

13.     All of these General Objections and Limitations shall be deemed to be incorporated within the Responses and Objections to specific Interrogatories that follow, even where not further referred to in such Responses.  The failure to include any General Objection in any specific Response does not waive any General Objection to that Interrogatory.

14.     The State is not responding to Plaintiffs' Interrogatories on behalf of any Unknown Executioners, as no such parties have been identified or joined as parties in this proceeding.

### SUPPLEMENTAL RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 5**:  Identify any and all communications from 2009 to the present between any Defendant, or anyone acting on behalf of any Defendant, with any employee of, or attorney for, any pharmaceutical company, pharmacy, compounding pharmacy, pharmaceutical distributor, hospital, medical facility, department of corrections in states other than Mississippi, or any other person regarding the purchase of drugs for lethal injection executions.

**RESPONSE TO INTERROGATORY NO. 5:** The State objects to this Interrogatory for the following reasons: (1) it seeks the disclosure of the identities of MDOC employees and/or agents responsible for procuring lethal injection drugs on behalf of MDOC, which could subject those individuals to annoyance, embarrassment, oppression, harassment, retaliation, including potentially

endangering their safety and/or well being; (2) it seeks information that could lead to the

identification of individuals or entities that have supplied lethal injection drugs to MDOC and

subject those individuals or entities to annoyance, embarrassment, oppression, harassment,

retaliation, including potentially endangering their safety and/or well being ; (3) it seeks information

that is made confidential and protected from disclosure by Miss. Code. Ann. § 99-19-51, as amended

by Miss. S.B. 2237; (4) it seeks information that is not relevant to any claim or defense of any party

and not proportional to the needs of the case; (5) it seeks information whose likely benefit is

outweighed by the burden or expense of producing said information; (6) it is overly broad in scope

and unduly burdensome; and (7) it seeks information that is protected by the attorney/client privilege,

and the work product doctrine.

      Without waiving, and subject to those objections, the State responds as follows:

(1)     In March 2011, an employee of MDOC ("MDOC 2") contacted two Mississippi pharmacies and obtained price quotes for Nembutal.  The pharmacy that quoted the lower price supplied MDOC with Nembutal, as well as Pavulon and Diazepam.

(2)     In June 2011, MDOC2 contacted the pharmacy that supplied MDOC with Nembutal in March 2011 and arranged a purchase of Pavulon and Diazepam on behalf of MDOC.

(3)     In August 2011, MDOC2 contacted the pharmacy that supplied MDOC with Nembutal in March 2011 and arranged a purchase of Pavulon on behalf of MDOC.

(4)     In February 2012, MDOC2 contacted the pharmacy that supplied MDOC with Nembutal in March 2011 and arranged a purchase of potassium chloride, Pavulon, vecuronium bromide, and Valium on behalf of MDOC.

(5)     In May 2012, a member of the Execution Team contacted another Mississippi pharmacy and asked if it would consider supplying MDOC with pentobarbital.  The pharmacy indicated that it would be willing to provide pentobarbital to MDOC.  AG1 then called the pharmacy about the acquisition of pentobarbital for MDOC. Subsequently, MDOC2 contacted the pharmacy and arranged a purchase of pentobarbital on behalf of MDOC.

6

(6) In June 2012, MDOC2 contacted the pharmacy that supplied MDOC with Nembutal in March 2011 and arranged a purchase of vecuronium bromide and Valium on behalf of MDOC.

(7) In May 2013, MDOC2 contacted the pharmacy that supplied MDOC with pentobarbital in 2012 and arranged a purchase of vecuronium bromide and potassium chloride on behalf of MDOC.

(8) In December 2013 MDOC2 contacted the pharmacy that supplied MDOC with pentobarbital in 2012 and arranged a purchase of vecuronium bromide on behalf of MDOC.

(9) In 2014, AG1 spoke with the attorney for the pharmacy that supplied MDOC with pentobarbital in 2012. The attorney informed AG1 that the pharmacy was not willing to continue supplying MDOC with lethal injection drugs.

(10) In July 2014, MDOC2 contacted another Mississippi pharmacy and arranged for a purchase of potassium chloride on behalf of MDOC. MDOC2 also arranged for a separate purchase of vecuronium bromide from a different Mississippi pharmacy in July 2014.

(11) In July 2015, AG1 contacted a Mississippi pharmacy and asked if it would supply MDOC with Midazolam. The pharmacy provided 290 50mg/10ml units of Midazolam to MDOC.

(12) In October 2015, MDOC1 contacted the pharmacy that had provided vecuronium bromide to MDOC in July 2014 and asked if it would provide pentobarbital to MDOC for use in executions. The pharmacy called MDOC1 back a week later and stated that it would not be able to accommodate MDOC's request.

(13) In October and November 2015, and March and April 2016, Commissioner Fisher contacted the Commissioners/Directors of the Departments of Corrections for the following states: Louisiana, Colorado, Ohio, Tennessee, Virginia, South Carolina, Idaho, Texas, and Georgia. Commissioner Fisher asked the officials if their agencies would provide pentobarbital to MDOC. The officials that had a supply of pentobarbital said they would not transfer any pentobarbital to MDOC. Further, none of the officials would identify the pharmacies from which they had obtained pentobarbital or any pharmacy that would be willing to sell pentobarbital to MDOC.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5**: Defendants incorporate by

reference herein their original response and objections to this Interrogatory. Without waiving, and

7

limited by those objections, Defendants supplement their previous response as follows: *See* Response and Objections to Interrogatory No. 18, Supplemental Response to Interrogatory No. 18, and Defendants' supplemental document production.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5**: Defendants incorporate by reference herein their original response and objections to this Interrogatory. Without waiving, and limited by those objections, Defendants supplement their previous response as follows: *See* Second Supplemental Response to Interrogatory No. 18.


**INTERROGATORY NO. 18**: Describe all efforts by MDOC to purchase any of the following, whether in manufactured (FDA-approved) form, compounded from API, or the API itself: pentobarbital, midazolam, any chemical paralytic agent, and/or potassium chloride. Also, identify all persons with discoverable knowledge of these efforts, identify all documents containing discoverable information regarding these efforts, and identify all communications related to those efforts.

**RESPONSE TO INTERROGATORY NO. 18**: Defendants objects to this Interrogatory for the following reasons: (1) it seeks the disclosure of the identities of MDOC employees and/or agents who have obtained and/or transported and/or attempted to obtain or transport lethal injection drugs on behalf of MDOC, which could subject those individuals to annoyance, embarrassment, oppression, harassment, retaliation, including potentially endangering their safety and/or well being; (2) it seeks information that could lead to the identification of individuals or entities that have supplied lethal injection drugs to MDOC and subject those individuals or entities to annoyance, embarrassment, oppression, harassment, retaliation, including potentially endangering their safety

8

and/or well being ; (3) it seeks information that is confidential and protected from disclosure by

Miss. Code. Ann. § 99-19-51; and (4) it seeks information that is protected by the attorney/client

privilege, the work product doctrine, and/or which would otherwise disclose the mental impressions,

conclusions, opinions, or legal theories of defense counsel and MDOC's attorneys.

Without waiving, and subject to those objections, Defendants respond as follows: Since June

2016, AG1, acting on behalf of MDOC and at the direction of the Commissioner of MDOC,

contacted Supplier 1 and inquired if it could obtain and would supply any of the referenced drugs to

the State for use in executions. Supplier 1 obtained and then supplied MDOC with 80 units of

midazolam, 6 units of vecuronium bromide, and 20 units of rocuronium bromide. An employee of

MDOC ("MDOC3") picked up the drugs from Supplier 1 and transported the drugs to MSP.

Supplier 1 notified AG1 that Supplier 1 could not obtain potassium chloride at a concentration

suitable for use in executions. Thereafter, AG1, acting on behalf of MDOC and at the direction of

the Commissioner of MDOC, requested that a member of the Execution Team ("SE1") obtain

potassium chloride from a supplier. SE1 subsequently obtained 17 units of potassium chloride from

Supplier 2. MDOC3 picked up the drug from Supplier 2 and transported the drug to MSP. The only

documents in the possession, control, or custody of Defendants reflecting these efforts to obtain

lethal injection drugs since June 2016 are emails between AG1 and Supplier 1 and MDOC's drug

inventory logs. Defendants are producing redacted copies of drug inventory logs covering the time

period from January 7, 2016 through June 5, 2017. Defendants are withholding the emails because

they would disclose the identity of Supplier 1 in violation of Miss. Code Ann. § 99-19-51, and could

subject Supplier 1, the owner(s) of Supplier 1, and Supplier 1's employees to annoyance,

embarrassment, oppression, harassment, retaliation, including potentially endangering their safety

and/or well being. See Defendants' Second Supplemental Privilege Log, which is being produced.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 18**: Defendants incorporate by reference herein their original response and objections to this Interrogatory. Without waiving, and limited by those objections, Defendants supplement their previous response as follows: On August 7, 2017, MDOC Commissioner Hall sent a letter to the Executive Director of the Association of State Correctional Administrators ("ASCA"), which was transmitted to the ASCA listserv, asking all other state correctional departments for assistance in obtaining pentobarbital. MDOC received a response from one state correctional department. The highest ranking official of that department contacted Commissioner Hall by telephone and left her a voice message. Commissioner Hall returned the call, and the official of the other department gave Hall contact information for a pharmacy located in the State of Mississippi as a potential supplier of pentobarbital. On August 15, Commissioner Hall called the supplier ("Supplier 3"), who informed her that it could not obtain pentobarbital in an injectable form, *i.e.*, "Nembutal" or an "FDA-approved form" of the drug because it is no longer manufactured in that form. However, Supplier 3 stated that it could obtain, and would be willing to provide, compounded pentobarbital to MDOC for use in executions, but only if its identity remained confidential. Supplier 3 also stated that if it provided pentobarbital to MDOC, it would prepare a sufficient quantity of the drug at its facility to carry out one execution, only after an execution date has been set, and would then deliver the compounded drug to MDOC.

On October 4, 2017, Commissioner Hall contacted Supplier 3 again by telephone to confirm their previous conversation. Supplier 3 confirmed that it would not provide pentobarbital to MDOC unless its identity was kept absolutely confidential and secret.

In addition, Supplier 1 has informed AG1 that Supplier 1 continues its attempts to obtain additional quantities of drugs from its own suppliers and distributors to replenish MDOC's inventories.

As of October 5, 2017, other than as described herein, and/or reflected in the additional documents which are being produced, MDOC has made no *other* attempts to obtain lethal injection drugs since June 26, 2017.

The only documents in the possession, custody, or control of Defendants reflecting the attempts to obtain pentobarbital from Supplier 3 are Commissioner Hall's letter to ASCA Executive Director Kevin Kempf dated August 7, 2017; an email from the ASCA to Commissioner Hall dated August 9, 2017; two privileged emails which have been logged on Defendants' Third Supplemental Privilege Log; and Commissioner Hall's confidential memo dated August 15, 2017, memorializing her communications with the head of the other State's corrections department and Supplier 3. Defendants are producing a copy of the confidential memo with certain information redacted on the following grounds: (1) work product doctrine; (2) producing the memo in unredacted form could expose Supplier 3, its owner(s), and/or its employees to annoyance, embarrassment, oppression, harassment, retaliation, including potentially endangering their safety and/or well being; and (3) the identity of Supplier 3 is protected from disclosure by Miss. Code Ann. § 99-19-51, and disclosing its identity, or information which could result in the disclosure of its identity, would impair MDOC's ability to acquire lethal injection drugs. Further, Defendants are withholding the identity of the other State and the official in the other State because that official provided the contact information on a confidential basis, and disclosing the identity of that official or the other State's identity could lead to

11

the disclosure of the identity of Supplier 3, which is located in the State of Mississippi. *See*

Defendants' Third Supplemental Privilege Log, which is being produced.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 18**: Defendants

incorporate by reference herein their original response, objections, and supplemental response to this

Interrogatory. Without waiving, and limited by those objections, Defendants supplement their

previous responses as follows:  Since October 5, 2017, MDOC Commissioner Hall has made

multiple, repeated attempts to contact Supplier 3 by telephone to follow up regarding the possibility

of Supplier 3 supplying MDOC with compounded pentobarbital for use in executions.  To date,

Supplier 3 has not made any response whatsoever to any of these attempted communications.  Based

on the lack of response from Supplier 3, Commissioner Hall can no longer consider Supplier 3 to be

a potential source of compounded pentobarbital.

   RESPECTFULLY SUBMITTED, this the 6th day of November, 2017.

         **AS TO OBJECTIONS ONLY:**

By:  **JIM HOOD**
    ATTORNEY GENERAL
    STATE OF MISSISSIPPI

By:  _/s/ P. E. Barnes_
    Jason L. Davis, MSB No. 102157
    Paul E. Barnes, MSB No. 99107
    Wilson Minor, MSB No. 102663
    SPECIAL ASSISTANT ATTORNEYS GENERAL
    ATTORNEYS FOR DEFENDANTS

STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 220
Jackson, MS 39205
Telephone: (601) 359-6279
Telefax: (601) 359-2003
wmino@ago.state.ms.us

## ACKNOWLEDGMENT

I, Pelicia Hall, declare under penalty of perjury under the laws of the United States of America that the above and foregoing responses to interrogatories are true and correct as therein stated. Executed on this the 6ᵀᴴ day of November, 2017.

_Pelicia E. Hall_
Pelicia E. Hall

13

## CERTIFICATE OF SERVICE

This is to certify that I, Paul Barnes, Special Assistant Attorney General for the State of Mississippi, served a copy of the foregoing document via email upon the following counsel of record:

James W. Craig
Emily M. Washington
RODERICK AND SOLANGE
MACARTHUR JUSTICE CENTER
4400 South Carrollton Ave.
New Orleans, LA 70119
jim.craig@macarthurjustice.org
emily.washington@macarthurjustice.org
ATTORNEYS FOR PLAINTIFFS
RICHARD JORDAN AND RICKY CHASE

Stacy Ferraro
STACY FERRARO, ATTORNEY AT LAW
239 N. Lamar Street, Ste. 604
Jackson, MS 39201
lifestoryms@gmail.com
ATTORNEY FOR INTERVENOR
THOMAS EDWIN LODEN, Jr.

James Davis
Law Office of Jim Davis
1904 24th Avenue
Gulfport, MS 39502
JamesLDavisIII@aol.com

Richard F. Klawiter
Matt Klepper
DLA Piper LLP (US)
203 North LaSalle Street, Suite 1900
Chicago, Illinois 60601-1293

Nicholas F. Aldrich, Jr.
Schwabe, Williamson & Wyatt, P.C.
1211 SW Fifth Ave., Suite 1900
Portland, Oregon 97204
ATTORNEYS FOR INTERVENOR

14

ROGER ERIC THORSON

Sibyl Byrd
McDuff & Byrd
767 N. Congress St.
Jackson, MS 39202

Vanessa Carroll
1055 St. Charles Ave., Suite 505
New Orleans, LA 70130
ATTORNEYS FOR INTERVENOR
ROBERT SIMON, JR.

This the 6th day of November, 2017.

Paul Barnes