**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | |
|---|---|
| RICHARD JORDAN and<br>RICKY CHASE | PLAINTIFFS |
| VS. | CIVIL ACTION NO.: 3:15CV295HTW-LRA |
| PELICIA D. HALL, Commissioner,<br>Mississippi Department of Corrections;<br>MARSHAL TURNER, Superintendent,<br>Mississippi Defendants Penitentiary; THE<br>MISSISSIPPI DEFENDANTS EXECUTIONER,<br>And UNKNOWN EXECUTIONERS | DEFENDANTS |
| ROBERT SIMON; THOMAS EDWIN<br>LODEN, JR. and ROGER ERIC THORSON | INTERVENORS |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on further consideration of the Plaintiff's Motion to Compel [Doc. #127]. In the Court's Memorandum Opinion and Order entered in this matter on March 29 [Doc. #168], the Defendants were required to submit, for *in camera* review, any material withheld on the basis of the attorney-client privilege that was not otherwise deemed protected. On April 26, 2018, the Defendants delivered a packet of documents to the Court. In order to determine the basis on which counsel invoked the attorney/client privilege for these documents, the Court reviewed the docket in this matter to find the discovery responses that referenced them. The descriptions of these documents appear in the lengthy Revised First Supplemental Privilege Log and the Third Supplemental Privilege Log, and the Court's discussion will be based upon the claims made therein. The March 29 Order required "the Defendants to submit any documents described above that were withheld only on grounds of attorney/client privilege to the Court for *in camera* review on or before April 28, 2018." See

Doc. #168, p. 24. Although the Court's Order expressly limited the review to documents withheld on grounds of attorney/client privilege, it is clear from the privilege logs that some of the material has been withheld on grounds of the work product doctrine; therefore, to the extent that the attorney/client privilege does not protect a document from being discoverable, the Court will also review it under the work product doctrine.

As a preliminary matter, the Court notes that the burden of establishing privilege is on the party asserting it. *In re Santa Fe Intern. Corp.*, 272 F.3d 705, 710 (5th Cir. 2001); Fed. R. Civ. P. 26(b)(5). To prove that a communication should be protected by the privilege, the proponent must show "(1) that he made a confidential communication; (2) to a lawyer or his subordinate; (3) for the primary purpose of securing either a legal opinion or legal services, or assistance in some legal proceeding." *United States v. Robinson*, 121 F.3d 971, 974 (5th Cir. 1997). Because the privilege operates to withhold information from the fact-finder, it is construed narrowly. *Fisher v. United States*, 425 U.S. 391, 403 (1976). Once the proponent has established the privilege, however, the burden shifts to the opponent to demonstrate that an exemption to the privilege should apply. *Perkins v. Gregg Cty*. 891 F. Supp. 361, 363 (E.D. Tex. 1995).

There is no presumption that the attorney/client privilege applies just because a communication was sent to an attorney. *E.E.O.C. v. BDO USA., L.L.P.*, 876 F.3d 690, 696 (5th Cir. 2017). Likewise, documents sent from one employee to another do not become privileged just because a copy was also sent to an attorney. *Id.* (citing *Freeport-McMoran Sulphur, LLC v. Mike Mullen Energy Equip. Res., Inc.*, No. 03-1496, 2004 WL 1299042, at *25 (E.D. La. June 4, 2004)). A proponent of the privilege must do more than to categorize a lawyer's communication as privileged than to characterize it as simply "legal advice." *Id.* (citing *United States v. Chen*, 99 F.3d 1495, 1502 (9th Cir. 1996)); instead, the proponent must show that the communication

was confidential and that it was generated to obtain or provide legal assistance. Thus, where the attorney is acting solely as a business advisor, any documents exchanged in that context are not privileged. *Great Plains Mut. Ins. Co. v. Mut. Reinsurance Bureau*, 150 F.R.D. 193, 197 (D. Kan. 1993).

The interplay between the attorney-client privilege and the work product doctrine was recently explained by Judge Fallon, from the Eastern District of Lousiana. In *In re Xarelto (Rivaroxaban) Products Liability Litigation*, 314 F.R.D. 397, 402 (E.D. La. 2016), he analyzed them as follows:

> Attorney-client privilege is one of the oldest common law privileges protecting confidential communications. *See Swidler & Berlin v. United States*, 524 U.S. 399, 403, 118 S.Ct. 2081, 141 L.Ed.2d 379 (1998). The privilege is intended "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981). The scope of the privilege is governed by the principles of common law "as interpreted by United States courts in the light of reason and experience." Fed. R. Evid. 501. In addition to communications made between attorneys and clients or their agents that are protected by the attorney-client privilege, the work-product doctrine also protects materials prepared in anticipation of litigation that would not otherwise be privileged as attorney-client communications. *See generally Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947).
>
> The work-product doctrine is defined as the "protection that applicable law provides for tangible material (or its intangible equivalent) prepared in anticipation of litigation or for trial." Fed. R. Evid. 502(g)(2). Work product protection encompasses both ordinary work product, such as memoranda and outlines, and opinion work product, including the opinions, strategies, or mental impressions of an attorney. Restatement (Third) Of The Law Governing Lawyers § 87 (2000). Ordinary work product is generally immune from discovery unless the party seeking disclosure "has a substantial need for the material in order to prepare for trial and is unable without undue hardship to obtain the substantial equivalent of the material by other means" or another exception applies (i.e., waiver of immunity or the use of work product by a client to commit a crime or fraud). *Id.* at § 88. Opinion work product, however, is immune from disclosure unless an exception applies or "extraordinary circumstances" warrant disclosure. *Id.* at § 89. A lawyer's analysis and mental processes are thus afforded broader protection under the doctrine than ordinary work product, because an attorney's

3

analysis could be replicated by opposing counsel and is usually inadmissible in evidence at trial. *Id.* at § 87 cmt. b. Underlying factual information, on the other hand, that relates directly to disputed issues is usually discoverable in forms that do not reveal the lawyer's analysis and strategy. *Id.*

314 F.R.D. 397 at 402.

With these principles in mind, the Court reviewed the documents submitted by the Defendants. The Court now concludes as follows: the Plaintiffs' Motion to Compel will be granted with respect to the documents that are not protected by the attorney/client privilege, but denied as to the remainder.

## Doc. #000361

This email was sent to MDOC counsel by the Commissioner to describe in detail the efforts made by her employees to contact pharmacies to obtain pentobarbital. As such, it is a confidential communication made for the purpose of obtaining legal advice, and it is protected from disclosure by the attorney/client privilege.

## Doc. #000516

Although this email was sent to MDOC counsel, it originated as an information request from an AP reporter. Thus, it is not confidential, nor was it intended to procure legal advice. It is not protected by the attorney/client privilege, nor is it protected by the work product doctrine, as it was not prepared in anticipation of, or in preparation for, this litigation.

## Doc. #000571

This email substantially duplicates Doc. #000361 and is privileged for the same reasons given above.

## Doc. #000595

This email was circulated among employees of the Attorney General's Office, including attorneys, to discuss the uses of lethal injection drugs. It is a confidential communication made for the purpose of formulating legal strategy and is, therefore, protected by the attorney/client privilege.

## Doc. #000596, 617-18

These emails were also circulated among employees of the Attorney General's Office, including attorneys, to discuss procurement and use of lethal injection drugs. They are confidential

communications made for the purpose of formulating legal strategy and are, therefore, protected by the attorney/client privilege.

### Doc. #000660-61

These emails were circulated among MDOC officials and their attorneys regarding the availability of lethal injection drugs. They are confidential communications made for the purpose of obtaining legal advice and are, therefore, protected by the attorney/client privilege.

### Doc. #000662-84

These pages comprise the Mississippi Department of Corrections Capital Punishment Procedures, as revised and effective on March 29, 2011. This document has been previously produced. *See* Exhibit 24 to Plaintiff's Motion to Compel [CM/ECF docket #127]. It is, therefore, no longer confidential and is not protected by the attorney/client privilege or the work product doctrine.

### Doc. #000685

This email was sent by an MDOC employee to the Commissioner and counsel to transmit an Associated Press article. It is not a confidential communication, nor was it made to obtain legal advice, and it is not protected by the attorney/client privilege. There is nothing in the email to indicate that it was distributed in order to prepare for litigation; therefore, it is not protected as work product.

### Doc. #000690-94

These documents provide details about the State's supply of lethal injection drugs, and they were addressed to MDOC's counsel. They are confidential communications made for the purpose of obtaining legal advice and, therefore, are protected by the attorney/client privilege.

### Doc. #000696-97

These two pages contain a series of emails between MDOC officials and counsel regarding lethal injection drugs. They are confidential communications made for the purpose of obtaining legal advice and, therefore, are protected by the attorney/client privilege.

### Doc. #000702

This document contains emails sent among MDOC employees regarding a public records request for information on pentobarbital. There is no indication that they were sent to counsel or that their purpose was to seek legal advice, so they are not protected by the attorney-client privilege. However, the public records request being discussed was made on March 16, 2015, immediately prior to the commencement of this action. At that time, the parties were already engaged in litigation in state court to establish the legality of Mississippi's lethal injection protocol,

particularly with regard to the use of pentobarbital. These emails were prepared in anticipation of the lawsuit that was filed soon thereafter, and they are protected as work product.

### Doc. #000706

This document contains emails that discuss the inventory of lethal injection drugs possessed by MDOC and its efforts to obtain additional drugs. It was addressed to MDOC's counsel, and it is protected by the attorney/client privilege.

### Doc. #000719-23

These documents contain emails between MDOC officials and counsel regarding MDOC's inventory of lethal injection drugs, and they are protected by the attorney/client privilege.

### Doc. #000740-41

These documents contain emails regarding the status of lethal injection drugs in the custody of MDOC, and they were sent among MDOC officials and their counsel. They are protected by the attorney/client privilege.

### Doc. #000742

This document contains an email from an employee of the Attorney General's Office to counsel for MDOC describing current litigation regarding lethal injection drugs. It is protected by the attorney/client privilege.

### Doc. #000743, 745

These documents contain emails transmitting an Associated Press article to several MDOC personnel and counsel. The documents contain no information reflecting an intent to obtain or give legal advice, nor do they indicate that they were prepared in anticipation of litigation. They are not protected by either the attorney/client privilege or the work product doctrine.

### Doc. #000756

This document contains emails between MDOC officials and counsel describing their efforts to obtain lethal injection drugs. It is protected by the attorney/client privilege.

### Doc. #000770, 774-75, 776-77

These documents contain emails among MDOC officials transmitting a public records request, and their responses to that request. The documents contain no information reflecting an intent to obtain or give legal advice, nor do they indicate that they were prepared in anticipation

of litigation. They are not protected by either the attorney/client privilege or the work product doctrine.

### Doc. #000787

This document contains emails among MDOC officials regarding another public records request made just before the Plaintiffs filed their Complaint in this case. The responses to the email indicate that these officials were anticipating litigation on the subject matter of the request, and the document is protected by the work product doctrine.

### Doc. #001290

This document contains information regarding MDOC's attempts to obtain lethal injection drugs, and it was sent to MDOC officials and counsel. The document is protected by the attorney/client privilege.

**IT IS, THEREFORE, ORDERED AS FOLLOWS:**

1. The Plaintiff's Motion to Compel [Doc. #127] is hereby **granted** in part and **denied** in part, as set forth above.

2. The Defendants shall produce the documents that are not protected by either the attorney/client privilege or the work product doctrine to the Plaintiffs within fourteen days of the entry of this Order.

**IT IS SO ORDERED**, this the __13th__ day of July, 2018.

                                                      s/HENRY T. WINGATE
                                                      /s/ Henry T. Wingate
                                                      District Judge