# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**RICHARD JORDAN, RICKY CHASE,**
**ROBERT SIMON, and ERIC THORSON**                                    **PLAINTIFFS**

**VS.**                              **CIVIL ACTION NO.: 3:15CV295—HTW-LRA**

**TOMMY TAYLOR, Interim**
**Commissioner, Mississippi Department**
**of Corrections; MARSHAL TURNER,**
**Superintendent, Mississippi State**
**Penitentiary; THE MISSISSIPPI STATE**
**EXECUTIONER; and UNKNOWN**
**EXECUTIONERS**                                                        **DEFENDANTS**

## ORDER (ABBREVIATED)

On April 17, 2020, this Court entered a written Order (Doc. #197), which addressed several discovery issues raised by the parties, but reserved its ruling on various other discovery issues until after oral arguments from the parties at a forthcoming hearing. On April 27, 2020, this Court held that telephonic hearing. During that occasion, the Court heard arguments on some outstanding issues. This Court at this time still cannot resolve all of these outstanding matters. The Court will now provide directions for that endeavor.

**MOTION FOR RECONSIDERATION**

As an initial matter, Plaintiffs filed a Motion for Reconsideration (Doc. #202) of the Court's earlier ruling denying their request to withdraw their designation of Dr. Mark Heath as an expert and to substitute Dr. Gail Van Norman. Plaintiffs filed this Motion one working day before the April 27, 2020 hearing; so, the Defendants have not had an opportunity to respond. Defendants asked at the hearing that they be able to file their response within the time frame provided by L.U.Civ.R 7(4). This Court, thus, hereby grants Defendants leave to respond within the allotted

time frame. Should they choose, the Plaintiffs may file their reply to Defendants' response in a rule-timely fashion.

### DEPOSITION PROTOCOL

During the hearing, the parties championed their variant requests for the deposition protocol (Doc. #180). The Plaintiffs moved for in-person depositions, with steps to be taken to preserve the deponents' identities, for instance depositions utilizing impenetrable shields separating the deponent from the attorneys and the parties. Voice alteration was mentioned. Alternatively, Plaintiffs asked that the depositions be handled by telephone.

The Defendants prefer written depositions/interrogatories. The Defendants also suggested that telephonic depositions may be appropriate.

This Court has studied the submitted protocols for depositions of witnesses, mindful throughout that any court-ordered protocol must scrupulously protect the identity of the deponents and the identity of any drug supplier. This Court, therefore, is persuaded that the best protocol answering these security questions, along with ensuring Plaintiffs' opportunity to conduct meaningful examinations, is that of telephonic depositions. Some logistics need to be finalized; for instance: an appropriate secure location for the depositions; appropriate protocol for the court reporters; the presence of a third-party technician in the deposition room; and pitch modulation.

The parties then addressed the issue of voice alteration. Although they differed on whether the software should be used for every confidential witness, the parties agreed that they were close to an agreement on this issue. The Plaintiffs suggested a vendor for the software and the Plaintiffs agreed to test that vendor's software or provide a reasonable alternative. When asked how long it would take to come to an agreement on the use of software, both parties expressed uncertainty based on the current COVID-19 pandemic. Additionally, the software will have to be tested by

the parties and evaluated by the Court. The parties believed, however, that this issue can be resolved within thirty days. The Court agrees to set a thirty-day deadline, but instructed the parties to submit a written status report within fourteen days.

This Court agrees with the parties that the aforementioned issues must be resolved before a reasonable assessment on the trial schedule can be made. Moreover, the Defendants have recently informed the Court and counsel opposite that a potential new provider for the injection drugs may have been identified, and their earlier discovery responses will require supplementation.

This Court is mindful of the Defendants' wish to move this case forward expeditiously, but recognizes that a new trial date cannot be set at this juncture. That being said, the Court commends counsel on their willingness to work jointly towards completing the discovery process and preparing this case for trial.

IT IS, THEREFORE, ORDERED, as follows:

1. The Defendants may respond to the Plaintiffs' Motion for Reconsideration (Doc. #202) within the time provided by the Local Rules of this Court, and the Plaintiffs may file their reply within the provided time.

2. The depositions of the confidential parties will be held telephonically. This Court shall outline the specific issues raised by the telephonic depositions in a separate Order. The parties have agreed to work together to identify a provider for voice alteration software and to test that software and demonstrate it to the Court prior to the depositions being scheduled. This process is to be completed within thirty days from the entry of this Order, with a status report provided, by separate letters, to the Court within fourteen days of the entry of this Order.

3. The Joint Motion for Modification of Revised Scheduling Order (Doc. #196) is held in abeyance at this time, and it will be decided after completion of the steps outlined above.

IT IS SO ORDERED, this the 1st day of May, 2020.

                                             **/s/HENRY T. WINGATE**
                                             UNITED STATES DISTRICT JUDGE