**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | |
|---|---|
| **RICHARD JORDAN, RICKY CHASE, ROBERT SIMON, and ERIC THORSON** | **PLAINTIFFS** |
| **VS.** | **CIVIL ACTION NO.: 3:15-CV-295-HTW-LRA** |
| **BURL CAIN, Commissioner, Mississippi Department of Corrections; TIMOTHY MORRIS, Interim Superintendent, Mississippi State Penitentiary; THE MISSISSIPPI STATE EXECUTIONER; and UNKNOWN EXECUTIONERS** | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER ON PLAINTIFFS' MOTION TO
RECONSIDER RULING ON SUPPLEMENTAL EXPERT DISCLOSURE**

This matter came before the Court on the Plaintiffs' Motion to Reconsider Ruling on Supplemental Expert Disclosure [202]. By this Motion, the Plaintiffs seek to withdraw Dr. Mark Heath as an expert witness and replace him with Dr. Gail Van Norman. This Court earlier denied this request, finding that the reasons given for the substitution were inadequate. The Plaintiffs seek reconsideration of that ruling, arguing that the Court erred and somehow misconstrued the nature of their argument. For the reasons that follow, the Court disagrees.

This Court "recognizes only three possible grounds for any motion for reconsideration: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent a manifest injustice." *Atkins v. Marathon LeTourneau Co*., 130 F.R.D. 625, 626 (S.D. Miss. 1990). *See also Russ v. Int'l Paper Co*., 943 F.2d 589, 593 (5th Cir. 1991), *cert. denied*, 503 U.S. 987 (1992); F.D.I.C. v. Cage, 810 F.Supp. 745, 747 (S.D. Miss. 1993). Thus, litigants considering a Rule 59(e) motion have been "strongly cautioned" to carefully consider the three grounds for such a motion.

*Atkins*, 130 F.R.D. at 626, n. 1. "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Id*., *see also Nationwide Mut. Fire Ins. Co. v. Pham*, 193 F.R.D. 493, 494 (S.D. Miss. 2000). A recitation of previously considered facts is not enough to persuade the Court that its prior ruling should be changed. *Christmas v. D.G. Foods, LLC,* Civil Action No.: 3:15-CV-932-HTW-LRA, 2019 WL 6954278 at *3 (S.D. Miss. Dec. 19, 2019).

The decision to exclude the testimony of a witness designated after the deadline is governed by the four factors of *Geiserman*: the importance of the witness's testimony; the prejudice to the opposing party of allowing the witness to testify; the possibility of curing such prejudice by granting a continuance; and the explanation, if any, for the party's failure to comply with the discovery order. *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir.1990); *Brumfield v. Hollins,* 551 F.3d 322, 330 (5th Cir. 2008). Here, the Plaintiffs seek to substitute one medical doctor for another. A comparison of their qualifications follows:

| **Dr. Heath** | **Dr. Van Norman** |
|---|---|
| Medical doctor, board certified in anesthesiology | Medical Doctor, board certified in internal medicine and anesthesiology |
| Specializes in cardiothoracic anesthesiology | Specializes in cardiovascular and thoracic anesthesiology |
| Assistant Professor of Clinical Anesthesiology at Columbia University | Professor of Anesthesiology and Pain Medicine at the University of Washington |

Both doctors have extensive experience in providing expert testimony.

To support their claim that the Court must permit the substitution of Dr. Van Norman for Dr. Heath, the Plaintiffs argue:

2

> The simple facts are that: (a) Plaintiffs are entitled to present expert testimony to the Court from an anesthesiologist; (b) since Dr. Heath's supplemental report was rendered in January 2016, significant facts have occurred which must be addressed by Plaintiffs' expert anesthesiologist; (c) Dr. Van Norman has already reviewed and addressed these subsequent facts, and rendered a report which Defendants have had since December 2019; (d) Defendants will suffer no prejudice if Dr. Van Norman's report is substituted for Dr. Heath's two reports; and (e) forcing Plaintiffs to rely only on Dr. Heath's dated reports will prevent Plaintiffs from presenting the most current information and evidence in support of their claims and the Court from hearing and evaluating that presentation in adjudication of this case.

Reply Br. 4-5. The Court agrees that presentation of expert testimony from an anesthesiologist is important, if not crucial, to the Plaintiffs' case and that material changes have occurred in the lethal injection protocol in Mississippi. A review of the docket shows that the Plaintiffs did serve a copy of Dr. Van Norman's report with the motion seeking to substitute her for Dr. Heath that was filed in December, 2019. Finally, the Court understands that the Plaintiffs would be prejudiced if they were compelled to rely on old reports issued by Dr. Heath before recent changes in the lethal injection protocol.

What the Court does not understand is why Dr. Heath could not supplement his report to comprehend these changes. In the December motion referenced above, the Plaintiffs asked for leave to "supplement the previous designation of Dr. Craig Stevens, Ph.D., on the pharmacology of midazolam, to include further reports by Dr. Stevens that have been disclosed to Defendants in other litigation." Plntfs. Mot. 1. The Court granted this relief in its April 17, 2020, Order [Doc. #197]. There has been no similar request to permit Dr. Heath to substitute his reports.

Applying the *Geiserman* test to the situation presented here, the Court recognizes the importance of the having *some* expert witness testify about the effects of Mississippi's current execution protocol. The Court further believes, however, that the Defendants would be prejudiced by the introduction of a new expert at this stage of the proceedings, but would be

3

much less prejudiced by permitting Dr. Heath to supplement his earlier reports. While the current trial date of September 8 is likely to be continued based on the parties' need to wrap up some discovery issues, the Court believes that the continuance would be short. This case is five years old, and it needs to go to trial as soon as it possibly can. The Defendants' interest in a resolution of this matter argues against further delay to permit the Plaintiffs to swap experts. Finally, as before, the Court finds that the Plaintiff's explanation for the late substitution is unpersuasive. Apparently, Dr. Van Norman prepared a report that addressed recent developments in the execution protocol, and the Plaintiffs would like to use it. Dr. Van Norman, however, had not been designated as an expert, and the Plaintiffs have never adequately explained why Dr. Heath cannot speak to recent developments in the execution protocol.

Where there is a history of delay and the evidence sought is available from other sources, a court does not abuse its discretion in denying a late expert designation. *Smith v. Johnson & Johnson, Inc.*, 483 Fed.App'x 909, 913 (5th Cir. 2012). This is particularly true where the designation comes at an advanced stage of the litigation. *CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 280 (5th Cir. 2009). The Court's analysis of the *Geiserman* factors leads to the conclusion that the original decision should not be reversed, and the Plaintiffs' Motion for Reconsideration should be denied.

IT IS, THEREFORE, ORDERED that the Plaintiffs' Motion to Reconsider Ruling on Supplemental Expert Disclosure [202] is DENIED.

IT IS SO ORDERED, this the 4th day of August, 2020.

/s/ **HENRY T. WINGATE**
UNITED STATES DISTRICT JUDGE