## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

| | |
|---|---|
| **RICHARD JORDAN and RICKY CHASE,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **THOMAS EDWIN LODEN, Jr., et al.,** ) | |
| ) | |
| **Intervenors,** ) | |
| ) | |
| ***v.*** ) | **Civ. No. 3:15-cv-00295-HTW-LGI** |
| ) | |
| **BURL CAIN, Commissioner, Mississippi** ) | |
| **Department of Corrections, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM IN SUPPORT OF
## PLAINTIFFS' MOTION TO COMPEL
## SUPPLEMENTAL ANSWERS TO INTERROGATORIES

The parties in this case[1] are poised to resume depositions in this civil action at some point
after the completion of the "walk-through" of the technology for anonymous depositions of
Mississippi Department of Corrections ("MDOC") personnel involved in attempts to purchase
execution drugs. But as the parties have long agreed, supplementation of Defendants' written
discovery responses must precede the depositions.[2]

---

[1] Plaintiffs Richard Jordan and Ricky Chase ("Plaintiffs"), Plaintiff-Intervenors Thomas Edwin Loden, Jr., Roger
Thorson, and Robert Simon, and Defendants Burl Cain (MDOC Commissioner), Timothy Morris (Superintendent of
the Mississippi State Penitentiary at Parchman), the Mississippi State Executioner, and the Unknown Executioners
("Defendants" or "MDOC"). All Defendants are sued in their official capacities only. Timothy Morris replaced
Defendant Earnest Lee as Superintendent of Parchman on July 31, 2020. Mr. Morris is automatically substituted for
Mr. Lee as a defendant in this action pursuant to Fed. R. Civ. P. 25(d).
[2] Exhibit 1, Transcript of Status Conference, November 19, 2019, at 5 (Plaintiffs' counsel lists discovery requests on
which supplementation is required) and 17 (Defendants' counsel agrees to supplement their answers to these
interrogatories and requests for production of documents within a "short period of time").

The specific responses to be supplemented are Answers to Interrogatories 5, 9, 10, 11, 12, 13, 18, and 19, and Responses to Requests for Production of Documents 8, 9, 11, 15, and 16. Defendants had last supplemented these discovery responses on October 16, 2020;[3] therefore, the responses due to the Plaintiffs are limited to supplemental answers covering the time period from October 16, 2020, to the present.

## FACTS RELEVANT TO THE MOTION

At 5 p.m. on July 20, 2021 (the day before a status conference scheduled by the Court), Defendants served their Fourth Supplemental Responses to Plaintiffs' Interrogatories.[4] But this pleading only supplemented three of MDOC's interrogatory answers,[5] and those three answers were stated in broad terms that did not fully respond to the interrogatories. During the July 21, 2021 status conference, the Court directed the parties to negotiate in good faith to resolve any dispute about outstanding written discovery.

After a brief telephone call on July 21, counsel for Plaintiffs wrote counsel for Defendants on July 22, 2021, setting forth Plaintiffs' position and attaching previous correspondence of February 27, 2020, setting out the interrogatories and requests for production of documents that needed supplementation.[6] Counsel for Defendants responded on July 23, 2021, agreeing to supplement their Answers to Interrogatories 9, 10, 11, 12, and 13, and their Responses to Requests for Production of Documents 8, 9, 11, 15, and 16.[7]

---

[3] Exhibit 2, Defendants' Third Supplemental Responses to Plaintiffs' Interrogatories; Exhibit 3, Defendants' Second Supplemental Responses to Plaintiffs' Requests for Production of Documents, and Exhibit 4, Defendants' Fourth Supplemental Privilege Log.

[4] Exhibit 5, Defendants' Fourth Supplemental Responses to Plaintiffs' Interrogatories.

[5] See Exhibit 5 at 9 (Fourth Supplemental Response to Interrogatory No. 5), 16 (Fourth Supplemental Response to Interrogatory No. 18), and 17 (Fourth Supplemental Response to Interrogatory No. 19).

[6] Exhibit 6, Letter of J. Craig and E. Washington to G. Kucia and W. Minor (July 22, 2021); Exhibit 7, Letter of J. Craig and E. Washington to P. Barnes, J. Davis, and W. Minor (February 27, 2020).

[7] Exhibit 8, Letter of G. Kucia to James W. Craig (July 23, 2021). Plaintiffs rely on the representation of counsel for Defendants that Answers to Interrogatories 9, 10, 11, 12, and 13, and Responses to Requests for Production of Documents 8, 9, 11, 15, and 16 will be supplemented from October 16, 2020 to the present.

Defendants refuse to further supplement their answers to Interrogatories 5, 18, and 19. Therefore those three Interrogatories are the only matters requiring this Court's intervention. As required by the Local Rules, the full text of the three interrogatories at issue, and the July 20, 2021 supplemental responses of the Defendants, are as follows:

**Interrogatory No. 5**: Identify[8] any and all communications[9] from 2009 to the present between any Defendant, or anyone acting on behalf of any Defendant, with any employee of, or attorney for, any pharmaceutical company, pharmacy, compounding pharmacy, pharmaceutical distributor, hospital, medical facility, department of corrections in states other than Mississippi, or any other person regarding the purchase of drugs for lethal injection executions.[10]

**Fourth Supplemental Response to Interrogatory No. 5:** Defendants incorporate by reference herein their original response, original objections, supplemental response, second supplemental response, and third supplemental response to this Interrogatory. Defendants further object to this Interrogatory to the extent it seeks information that is protected from disclosure by the by the Court's Protective Order [Doc. 168], Memorandum Opinion and Order on Discovery Motions [Doc. 197], and Memorandum Opinion and Order on Depositions of Lay Witnesses [Doc.

---

[8] The term "identify" was defined in Plaintiffs' First Set of Interrogatories as follows: "This term means the following: 1) when used in reference to an individual: the individual's full name, present or last known address, telephone number, last known occupation, place of employment, and title; 2) when used in reference to a corporation or other entity: the full name, principal place of business, and state of incorporation or formation of the corporation or other entity; 3) when used in reference to a document: the description of the type of document, its title or name, date, author, addressee, and a summary of its contents." Exhibit 9, Plaintiffs' First Set of Interrogatories to Defendants at 5.

[9] The term "communications" was defined as "This term refers to all means and types of correspondence, including letters, communications, facsimile, electronic mail, and electronic text messages whether in SMS or MMS form. This term also refers to any memoranda or notes made with respect to any oral communications (including in-person meetings or telephone calls), or any electronic mail or text messages discussing, summarizing, reporting on, referring to, or confirming any such oral communication. The related term 'internal MDOC communication' refers to communications (as defined above) between or among persons who are officers, agents, employees, or attorneys of MDOC." Id. at 2.

[10] Exhibit 5 at 6.

221]. Without waiving, and limited by those objections, Defendants supplement their previous responses as follows: See Fourth Supplemental Response to Interrogatory No. 18.[11]

**Interrogatory No. 18**:        Describe[12] all efforts by MDOC to purchase any of the following, whether in manufactured (FDA-approved) form, compounded from API, or the API itself: pentobarbital, midazolam, any chemical paralytic agent, and/or potassium chloride. Also, identify all persons with discoverable knowledge of these efforts, identify all documents containing discoverable information regarding these efforts, and identify all communications related to those efforts.[13]

**Fourth Supplemental Response to Interrogatory No. 18:** Defendants incorporate by reference herein their original response, objections, supplemental response, second supplemental response, and third supplemental response to this Interrogatory. Defendants further object to this Interrogatory to the extent it seeks information that is protected from disclosure by the by the Court's Protective Order [Doc. 168], Memorandum Opinion and Order on Discovery Motions [Doc. 197], and Memorandum Opinion and Order on Depositions of Lay Witnesses [Doc. 221]. Without waiving, and limited by those objections, Defendants supplement their previous responses as follows: MDOC recently contacted potential suppliers to determine whether they could provide any of the execution drugs listed in MDOC's Lethal Injection Protocol. As a result of these efforts, MDOC acquired midazolam, vecuronium bromide, and potassium chloride. The only individuals who participated in these efforts on behalf of MDOC are MDOC 4, MDOC 6, and MDOC 7.[14]

---

[11] Id. at 9.
[12] The term "describe" was defined as "The term 'describe,' when used in reference to any act, event, occurrence, occasion, meeting, transaction, or conduct, shall mean to set forth the events constituting such act or occurrence, the date thereof, its location, and the identify of all persons participating, present or involved in the act, event, occurrence, occasion, meeting, transaction, or conduct." Exhibit 9 at 3.
[13] Exhibit 6 at 9.
[14] Id. at 16.

**Interrogatory No. 19:**      Describe all efforts by MDOC to purchase any "appropriate anesthetic or sedative" which you contend meets the definition of Miss. Code Ann. § 99-19-51(1)(a) (amended 2017), whether in manufactured (FDA-approved) form, compounded from API, or the API itself. Also, identify all persons with discoverable knowledge of these efforts, identify all documents containing discoverable information regarding these efforts, and identify all communications related to those efforts.[15]

**Third Supplemental Response to Interrogatory No. 19**: Defendants incorporate by reference herein their original response, original objections, supplemental response, and second supplemental response to this Interrogatory. Defendants further object to this Interrogatory to the extent it seeks information that is protected from disclosure by the Court's Protective Order [Doc. 168], Memorandum Opinion and Order on Discovery Motions [Doc. 197], and Memorandum Opinion and Order on Depositions of Lay Witnesses [Doc. 221]. Without waiving, and limited by those objections, Defendants supplement their previous responses as follows: See Fourth Supplemental Response to Interrogatory No. 18.[16]

### FURTHER SUPPLEMENTATION OF DEFENDANTS' ANSWERS TO INTERROGATORIES 5, 18, AND 19 SHOULD BE ORDERED.

#### A.  Defendants are required to "seasonably" supplement their discovery responses.

The general duty to supplement discovery responses is governed by Fed. R. Civ. P. 26(e)(1); that rule "requires parties to supplement their discovery responses seasonably." Riverside Construction Company, Inc. v. Entergy Mississippi, Inc., Nos. 13-876, 13-879, 2014 WL 11513135 at *16 (S.D. Miss. Sept. 2, 2014), citing Reed v. Iowa Marine and Repair Corp., 16 F.3d 82, 84-85 (5th Cir. 1994). Given the requirements of Glossip v. Gross, 576 U.S. 863 (2015) and

---

[15] Id. at 17.
[16] Id. at 18.

Bucklew v. Precythe, 139 S. Ct. 1112 (2019), the Court ruled earlier this year, "[i]t is critical to know whether the State is currently able, through ordinary transactional effort, to obtain pentobarbital to use in the execution of these Plaintiffs."[17] In adjudicating the boundaries for lay depositions, this Court stressed the significance of review of MDOC's <u>recent</u> ability to obtain pentobarbital.[18] Plaintiffs, then, require MDOC to supplement its responses to Interrogatories 5, 18, and 19, for the time period from October 16, 2020 to the present.

### B. The June 20, 2021 supplemental responses to Interrogatories 5, 18, and 19 are insufficient.

After reciting objections, Defendants' Supplemental Responses to Interrogatories 5 and 19 simply incorporated Defendants' Fourth Supplemental Response to Interrogatory No. 18. After the repeated incorporation of the original and three previous supplemental answers, the new factual information contained in the Fourth Response to Interrogatory 18 was simply:

> MDOC recently contacted potential suppliers to determine whether they could provide any of the execution drugs listed in MDOC's Lethal Injection Protocol. As a result of these efforts, MDOC acquired midazolam, vecuronium bromide, and potassium chloride. The only individuals who participated in these efforts on behalf of MDOC are MDOC 4, MDOC 6, and MDOC 7.[19]

This is a wholly insufficient answer to these three interrogatories. Interrogatory No. 5 required identification of all communications "regarding the purchase of drugs for lethal injection executions." Defendants' previous responses to Interrogatory 5 listed a series of communications between MDOC personnel and potential or actual suppliers of execution drugs.[20] The dates of the communications were stated. To provide this information within the terms of this Court's

---

[17] Memorandum Opinion and Order on Depositions of Lay Witnesses (Doc. 221) at 5.
[18] <u>Id</u>.
[19] Exhibit 5 at 16.
[20] <u>Id</u>. at 7-8.

Protective Order,[21] the names of MDOC personnel involved in these attempts were given pseudonyms MDOC 1, MDOC 2, and MDOC 3. Potential or actual suppliers were identified with reference to previous answers ("the pharmacy that supplied MDOC with Nembutal in March 2011").

In later supplements, Defendants responded to Interrogatory No. 5 by reference to their answer to Interrogatory No. 18, which requires description of all efforts to obtain execution drugs, specifically including description of communications and identification of documents and individuals with discoverable information about those efforts. Prior to July 20, 2021, Defendants' supplemental responses to Interrogatory No. 18 provided descriptions of efforts to secure execution drugs which provided exact or approximate (to the month) dates, the means of communication (phone, email, etc.), the pseudonym of the MDOC personnel involved in each specific effort, the drugs sought to be obtained, how MDOC became aware of the potential or actual supplier, and the potential or actual supplier's identity, protecting confidentiality by the use of pseudonyms such as "Supplier 1, Supplier 2."[22]

Interrogatory No. 19 asked specifically about efforts to purchase any "appropriate anesthetic or sedative" which Defendants contend meet the definition of Miss. Code Ann. § 99-19-51(1)(a) as amended in 2017. Defendants previously answered this interrogatory by referring to their response to Interrogatory No. 18.

Thus, by comparison to Defendants' own prior answers to these interrogatories, the Fourth Supplemental Responses to Interrogatories 5, 18, and 19 are insufficient. This is true even with respect to their Third Supplemental Responses to Interrogatories, served as recently as October 16,

---

[21] Doc. 168.
[22] Exhibit 5 at 9-16.

2020.[23] Unlike these previous sets of answers, Defendants July 20, 2021 Fourth Supplemental Responses: (1) do not identify specific communications with actual or potential suppliers by exact or approximate date, state the means of communication, or indicate the particular subject matter of the communication (including the drugs sought in that communication); (2) do not identify (by pseudonym or otherwise), as to each communication or attempt, which individuals were involved in each particular communication or attempt on behalf of MDOC; (3) do not identify (by pseudonym or otherwise) as to each communication or attempt, which actual or potential supplier was involved in each particular communication or attempt on behalf of MDOC; and (4) do not indicate the result of each particular communication.

### C. This Court's prior rulings do not provide justification for the insufficient supplementation.

Defendants objected to each of Interrogatories 5, 18, and 19 "to the extent [they] seek information that is protected from disclosure by the Court's Protective Order [Doc. 168], Memorandum Opinion and Order on Discovery Motions [Doc. 197], and Memorandum Opinion and Order on Depositions of Lay Witnesses [Doc. 221]."[24] But none of these orders provide justification for the abbreviated interrogatory responses of July 20, 2021.

Again, Defendants' prior responses provide a helpful comparison. The Protective Order and Memorandum Opinion and Order on Discovery Motions were both issued prior to Defendants' Third Supplemental Responses to Interrogatories. But, even while incorporating a similar

---

[23] Exhibit 2.
[24] Id. at 9, 18.

objection to disclosing information protected by those orders,[25] Defendants went on to provide three and a half pages of specific description of efforts to secure execution drugs.[26]

The only new order added to Defendants' objections in their Fourth Supplemental Responses to Interrogatories was the Memorandum Opinion and Order on Depositions of Lay Witnesses. That Order, however, has no application to the requirement that Defendants supplement their Responses to Interrogatories 5, 18, and 19. First of all, the order (as it recites in the title), is resolving a dispute about <u>depositions</u> of lay witnesses; no dispute about written discovery is mentioned. That was because the parties did not disagree that Defendant was required to supplement its responses to specific interrogatories and requests for production of documents.[27] Rather, they readily agreed to do so in the November 19, 2019 status conference,[28] as documented in counsel for Plaintiffs' February 27, 2020 letter,[29] and confirmed by Defendants' October 16, 2020 supplemental discovery responses.[30]

Second, nothing in the content of the Memorandum Opinion and Order on Depositions of Lay Witnesses [Doc. 221] applies to Interrogatories 5, 18, and 19. After recounting the areas of agreement between the parties as to anonymous depositions, the Court stated that "[t]he Court considered "[t]he remaining issue for the Court is to determine which witnesses the Plaintiffs will be permitted to depose and on which topics the Plaintiffs can make inquiry."[31] The Court noted

---

[25] The Third Supplemental Response to Interrogatory No. 18 of October 16, 2020 objected: "Defendants further object to this Interrogatory to the extent it seeks information that is protected from disclosure by the by the Court's Protective Order [Doc. 168] and Memorandum Opinion and Order on Discovery Motions [Doc. 197]." Exhibit 2 at 13.

[26] Id. at 13-16.

[27] As consistently agreed by the parties from November 19, 2019 through June 20, 2021, the discovery as to which supplementation was required was Answers to Interrogatories 5, 9, 10, 11, 12, 13, 18, and 19, and Responses to Requests for Production of Documents 8, 9, 11, 15, and 16. Exhibit 1 at 5, 17; Exhibit 1; Exhibit 7.

[28] Exhibit 1 at 5, 17.

[29] Exhibit 7.

[30] Exhibit 2.

[31] Doc. 221 at 2.

that Plaintiffs sought deposition testimony about efforts to obtain execution drugs from 2012 forward.[32] The Court disagreed and limited the depositions to efforts from 2017 until the present.[33]

Here, Plaintiffs seek supplementation of the subject interrogatories from October 16, 2020 to the present; that is squarely within the time frame of the Court's order regarding the depositions of lay witnesses.

Finally, counsel for Defendants asserted that Plaintiffs could obtain the information they seek by deposing the anonymous MDOC witnesses. But that is not a permissible objection under the Federal Rules:

> In her responses to most of the contention interrogatories, Plaintiff objects as they require her to provide a lengthy explanation that can be explored through deposition(s). Defendant argues that the opportunity to discuss the matters further in a deposition is not an appropriate objection as set forth in the Federal Rules of Civil Procedure.
> Plaintiff fails to explain or cite any authority for the proposition that she is not required to answer written discovery, despite its broad scope, because those questions may be better explored through deposition.
> . . . .
> Therefore, Plaintiff's objections that these "lengthy explanations" may be better explored through deposition(s) are overruled.[34]

Complete answers to Interrogatories No. 5, 18, and 19 are essential to the taking of efficient, well-focused depositions regarding the availability of Plaintiffs' proposed alternative method of execution under Glossip and Bucklew.

---

[32] Id.

[33] Id. at 5.

[34] Purcell v. Ky. Dep't of Military Affairs, No. 16-721, 2018 WL 4677783 at *3 (W.D. Ky., Sept. 28, 2018). See also Bell v. Swift & Co., 283 F.2d 407, 409 (5th Cir. 1960) ("The answers to the interrogatories undoubtedly would have been helpful in the examination of Sawyer. The plaintiff was entitled to the benefit of answers to the interrogatories.").

**CONCLUSION**

The discovery sought by Plaintiffs in this motion is necessary to prepare for the depositions authorized by the Memorandum Opinion and Order on Depositions of Lay Witnesses [Doc. 221]. Thus, Plaintiffs request that this Court enter its order requiring Defendants to Supplement their Answers to Interrogatories 5, 18, and 19, within a time to be set by the Court but before the resumption of depositions in this case.

Respectfully submitted,

*/s/ James W. Craig*
James W. Craig, MSB # 7798
Emily M. Washington (pro hac vice)
Roderick & Solange MacArthur Justice Center
4400 South Carrollton Ave.
New Orleans, LA 70119
(504) 620-2259 (p)
(504) 208-3133 (f)
jim.craig@macarthurjustice.org

**CERTIFICATE OF SERVICE**

I hereby certify that I have filed this pleading with the Electronic Case Filing System of the United States District Court for the Southern District of Mississippi and have thereby served all counsel of record for the Defendants and Intervenors in this case.

This, the 28th day of July, 2021.

*/s/James W. Craig*