IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

RICHARD JORDAN, RICKY CHASE,
ROBERT SIMON, THOMAS EDWIN
LODEN, JR., AND ROGER ERIC THORSON                                       PLAINTIFFS

VS.                                                           CIVIL ACTION NO.: 3:15cv295HTW-LGI

THE MISSISSIPPI STATE EXECUTIONER;
UNKNOWN EXECUTIONERS; BURL CAIN,
Commissioner, Mississippi Department of
Corrections; and TIMOTHY MORRIS,
Superintendent, Mississippi State Penitentiary                           DEFENDANTS

**MEMORANDUM OPINION AND ORDER ON PLAINTIFF'S MOTION
TO COMPEL SUPPLEMENTAL ANSWERS TO INTERROGATORIES**

This matter is before the Court on the Plaintiffs' Motion to Compel Supplemental Responses to Plaintiffs' Interrogatories No. 5, 18, and 19 [Doc. #225].  After conducting the good faith conference requested by the Court in its hearing of July 21, 2021, the parties have condensed their dispute to three Interrogatories: No. 5, No. 18, and No. 19, quoted below.

**Interrogatory 5**:  Identify any and all communications from 2009 to the present between any Defendant, or anyone acting on behalf of any Defendant, with any employee of, or attorney for, any pharmaceutical company, pharmacy, compounding pharmacy, pharmaceutical distributor, hospital, medical facility, department of corrections in states other than Mississippi, or any other person regarding the purchase of drugs for lethal injection executions.

**Interrogatory No. 18**:  Describe all efforts by MDOC to purchase any of the following, whether in manufactured (FDA-approved) form, compounded from API, or the API itself: pentobarbital, midazolam, any chemical paralytic agent, and/or potassium chloride.  Also, identify all persons with discoverable knowledge of these efforts, identify all documents containing

discoverable information regarding these efforts, and identify all communications related to those efforts.

**Interrogatory No. 19:** Describe all efforts by MDOC to purchase "any appropriate anesthetic or sedative" which you contend meets the definition of Miss. Code Ann. § 99-19-51(1)(a) (amended 2017), whether in manufactured (FDA-approved) form, compounded from API, or the API itself. Also, identify all persons with discoverable knowledge of these efforts, identify all documents containing discoverable information regarding these efforts, and identify all communications related to those efforts.

The Defendants gave the same response to each Interrogatory; after a series of objections and references to other sets of Interrogatory answers, they said, "Without waiving, and limited by those objections, Defendants supplement their previous responses as follows: MDOC recently contacted potential suppliers to determine whether they could provide any of the execution drugs listed in MDOC's Lethal Injection Protocol. As a result of these efforts, MDOC acquired midazolam, vecuronium bromide, and potassium chloride. The only individuals who participated in these efforts on behalf of MDOC are MDOC 4, MDOC 6, and MDOC 7."

The Plaintiffs argue that this response does not provide the detail originally requested in terms of dates, locations, form of communication and identity of persons involved. They also argue that the form of this Response is at odds with that of earlier responses, an argument that the Court rejects. The Defendants argue that the response is sufficient within the terms of the Protective Order earlier entered by this Court. They also argue that the Plaintiffs can obtain the detailed information that they seek by way of depositions.

As to the last assertion, the Plaintiffs are entitled to responses to their Interrogatories, regardless of whether the information could also be sought by deposition. Fed. R. Civ. P.

26(d)(3)(A) permits the requesting party to determine the sequence of its discovery request, unless otherwise ordered.  If the Plaintiffs believe that they need information to prepare for the depositions, then it is not for the Defendants to argue otherwise.  As for the Plaintiffs' contest of the substance of the Response, the issue of identity of the persons or the suppliers involved has been resolved by the Memorandum and Opinion entered by this Court on February 11, 2021 [Doc. #221].  Beyond that, the Court finds that the Defendants should provide dates, locations, and the form of the referenced communications, as well as the specific result of each communication, as requested by the Plaintiffs.

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' Motion to Compel Supplemental Responses to Plaintiffs' Interrogatories No. 5, 18, and 19 [Doc. #225] is hereby **GRANTED** in part and **DENIED** in part, as explained above.

IT IS SO ORDERED, this the 21st day of October, 2021.

                                              s/HENRY T. WINGATE
                                   UNITED STATES DISTRICT COURT JUDGE