IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| RICHARD JORDAN and RICKY CHASE, ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> THOMAS EDWIN LODEN, Jr., ROGER ) <br> THORSON, and ROBERT SIMON, ) <br> ) <br> **Intervenors,** ) <br> ) <br> v. ) <br> ) <br> BURL CAIN, Commissioner, Mississippi ) <br> Department of Corrections, et al., ) <br> ) <br> **Defendants.** ) <br> ) | Civ. No. 3:15-cv-00295-HTW-LGI |

**NOTICE OF FILING IN STATE COURT LITIGATION AND
REQUEST FOR STATUS CONFERENCE**

COMES NOW Plaintiffs Richard Jordan and Ricky Chase ("Plaintiffs"), and Intervenor Thomas E. Loden, Jr., ("Intervenor" or "Mr. Loden"), who notify the Court that on October 4, 2022, the State of Mississippi, through the Office of the Attorney General, moved the Mississippi Supreme Court to set an execution date for Mr. Loden <u>on or before November 1, 2022</u>.[1] The stated grounds for the Execution Motion are that Mr. Loden's state post-conviction and federal habeas corpus proceedings were completed in 2015, and his participation in the § 1983 action before this Court is "not an impediment" to Mr. Loden's execution, because the Fifth Circuit reversed "[t]he district court['s] 'sweeping preliminary injunction' preventing the State from using compounded pentobarbital or midazolam.'"[2]

---

[1] The State's motion is attached as Exhibit 1 ("Execution Motion"). The Mississippi Supreme Court has ordered a response from counsel for Mr. Loden by Friday, October 14. Exhibit 2, Order (October 6, 2022).
[2] Execution Mot. at 4.

1

Further, the State represented to the Mississippi Supreme Court that:

> Loden joined several other plaintiff prisoners in filing a Complaint for Preliminary and Permanent Injunctive Relief under 42 U.S.C. § 1983 in the United States District Court for the Southern District of Mississippi. *See Jordan et al. v. Hall et al.*, No. 3:15-cv-00295-HTW-LRA (S.D. Miss. Apr. 15, 2015) (the § 1983 Action). The § 1983 Action challenges the State's lethal injection protocol. After the plaintiffs filed the § 1983 Action, the State revised its lethal injection protocol to provide for the use of midazolam if thiopental or pentobarbital cannot be obtained. The district court granted a "sweeping preliminary injunction" preventing the State from using compounded pentobarbital or midazolam, but the Fifth Circuit reversed. *Jordan v. Fisher*, 823 F.3d 805, 809 (5th Cir. 2016).[3]

This is an overstatement, if not a misstatement, of the proceedings in this Court. This Court entered a preliminary injunction only as to Count Two of the Complaint:

> After reviewing the pleadings and the arguments presented to the court by the parties after the State's amendment to the protocol, the court finds that plaintiffs have satisfied their burden of persuasion here. First, the court finds that plaintiffs have shown a substantial likelihood in prevailing, at least, on their claim that Mississippi's failure to use a drug which qualifies as an "ultra short-acting barbiturate or other similar drug" as required by Miss. Code Ann. § 99-19-51 violates Mississippi statutory law and the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution.[4]

The Fifth Circuit did vacate the preliminary injunction, but only based on its view regarding Count Two. The Court of Appeals expressly noted that "The district court has not yet considered the Plaintiffs' First Amendment access to courts claim, Eighth Amendment cruel and unusual punishment claim, and Fourteenth Amendment notice claim. <u>These claims may be considered in the first instance on remand</u>."[5] Thus, the question whether the State's use of either compounded pentobarbital or midazolam in a three-drug protocol with a chemical paralytic and potassium

---

[3] <u>Id</u>. at 4.
[4] <u>Jordan v. Fisher</u>, No. 3:15-295-HTW-LGI, 2015 WL 13119074 at *3 (August 26, 2015).
[5] <u>Jordan v. Fisher</u>, 823 F.3d 805, 809 n.3 (5th Cir. 2016) (emphasis added). Both Count One and Count Three of the Amended Complaint invoke the Eighth Amendment's cruel and unusual punishments clause.

chloride constitutes cruel and unusual punishment has not been answered by the Fifth Circuit and has yet to be adjudicated by this Court.

The filing of the Execution Motion is, to say the least, surprising, because in the time since the Fifth Circuit vacated this Court's preliminary injunction, the parties in this case have worked to prepare this case for presentation to this Court on the merits, either by dispositive motion or bench trial. The Court granted an administrative stay of this case pending the United States Supreme Court's consideration of Bucklew v. Precythe, noting that "[t]he parties in this case agree that [the question presented in Bucklew] is 'one of the most heavily contested issues that the Court will be required to decide.'"[6] During the pendency of that stay, Plaintiffs proposed that some discovery could be conducted while the parties awaited the decision in Bucklew;[7] Defendants responded that "we intend to fully comply with the Court's July 27, 2018 order [Doc. 175], which stayed and administratively closed this case until the Supreme Court's decision in Bucklew becomes final."[8]

After Bucklew was decided, the Court conducted a status conference, leading ultimately to the filing and briefing of motions by Plaintiffs and Defendants regarding outstanding discovery, including Defendants' motion to ensure that depositions of certain employees of the Mississippi Department of Corrections and the Mississippi Attorney General's Office could be conducted without the disclosure of the names of those employees.[9]

Those issues were litigated at the pace required by the pandemic, as this Court noted on April 1, 2022:

---

[6] Doc. 175, Order (July 27, 2018) at 2.
[7] Doc. 177, Plaintiffs' Notice of Decision in Bucklew v. Precythe and Motion for Status Conference (May 28, 2019) at 8 ¶20; Doc. 177-6.
[8] Doc. 177 at 9 ¶ 21; Doc. 177-7.
[9] Doc. 180.

3

> This matter came before the Court after a sua sponte review of the docket, which revealed that this case has been substantially delayed by the effects of the COVID-19 pandemic. The pandemic situation having eased, the next step to getting this case back on track is to finalize the deposition protocols that will be used for the examinations of certain employees of the State of Mississippi whose identities need to be protected.[10]

The issues related to necessary discovery were adjudicated by the Court earlier this year,[11] and the parties have engaged in the depositions of pseudonymous witnesses, under the Court's supervision, through the present date.[12] Currently the deposition of MDOC 6 is still pending, as are the depositions of non-anonymous witnesses which have been authorized by the Court.[13] Plaintiffs' counsel have diligently sought dates for these depositions without, to date, obtaining agreeable dates for MDOC 6's deposition, and with no response whatsoever to the request for dates for deposing the non-anonymous witnesses.[14]

Thus, during the post-Bucklew litigation of this case summarized above, Defendants have not sought to expedite the proceedings before this Court. Defendants have not deigned to explain their precipitous change of direction, by which the State seeks to execute one of the parties to this case before the completion of this Court's carefully constructed process for adjudicating the challenges to MDOC's lethal injection protocol.[15]

---

[10] Doc. 236, Scheduling Order (April 1, 2022) at 1.
[11] Doc. 197, Memorandum Opinion and Order on Discovery Motions (April 17, 2020), Doc. 205, Order (May 1, 2020), Doc. 221, Memorandum Opinion and Order on Depositions of Lay Witnesses (Feb. 11, 2021), and Doc. 236, Scheduling Order (April 1, 2022).
[12] Doc. 237, Joint Status Report on Witnesses to be Deposed Using Anonymous Protocol (April 8, 2022); Doc. 245, Supplemental Joint Status Report on Witnesses to be Deposed Using Anonymous Protocol (July 15, 2022).
[13] Doc. 221, Memorandum Order on Discovery Issues (February 2, 2021) at 2 (listing potential non-anonymous witnesses), 5 ("the Court will permit the Plaintiffs to depose any of the witnesses listed above or any other agents or employees of the Defendants who participated in efforts to obtain pentobarbital during the time frame of 2017 to the present").
[14] Exhibit 3, Craig Email to Kucia re Non-Pseudonymous Depositions (Aug. 23, 2022); Exhibit 4, Emails Between Counsel for Plaintiffs and Counsel for Defendants (September 6-22, 2022).
[15] Plaintiffs note that on September 12, 2022, a Mississippi Circuit Court Judge in Itawamba County who has no connection to Mr. Loden's criminal case and apparently unaware of the posture of this case sent a letter to the Attorney General inquiring whether he (the Circuit Judge) could do anything to expedite Mr. Loden's execution. Exhibit 5, Declaration of Stacy Ferraro, and Exhibit 5-A, Letter from Circuit Judge Mills to Attorney General Fitch (September 12, 2022). That may explain, though not justify, the Defendants' reversal of position in this case.

Plaintiffs and Intervenor Loden thus request that this Court hold a status conference so that Respondents may advise the Court of the State's intentions regarding the execution of Intervenor Loden during the pendency of this litigation.[16]

Dated: October 7, 2022.

    Respectfully submitted,

    /s/ James W. Craig
    James W. Craig, MSB # 7798
    Emily M. Washington (pro hac vice)
    Roderick & Solange MacArthur Justice Center
    4400 South Carrollton Ave.
    New Orleans, LA 70119
    Telephone:   (504) 620-2259
    Facsimile:    (504) 208-3133
    jim.craig@macarthurjustice.org
    emily.washington@macarthurjustice.org

    *Attorneys for Plaintiffs Richard Jordan and Ricky Chase*

    /s/ Mark R. McDonald
    Mark R. McDonald (pro hac vice)
    MORRISON & FOERSTER LLP
    707 Wilshire Blvd., Suite 6000
    Los Angeles, CA  90017-3543
    Telephone: 213.892.5200
    Facsimile: 213.892.5454
    MMcDonald@mofo.com

    *Attorneys for Intervenor Thomas E. Loden, Jr.*

---

[16] Under the July 1, 2022 amendments to Miss. Code Ann. § 99-19-51(1), Respondent Cain, together with two deputy commissioners who serve at his will and pleasure, may elect any one of four approved methods of execution, one of which is lethal injection. The statute allows Respondent Cain to wait until seven days after issuance of the execution warrant from the Mississippi Supreme Court to "provide written notice to the condemned person of the manner of execution."