IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| RICHARD JORDAN and RICKY CHASE, ) <br> ) <br> Plaintiffs, ) <br> ) <br> THOMAS EDWIN LODEN, Jr., ROGER ) <br> THORSON, and ROBERT SIMON, ) <br> ) <br> Intervenors, ) <br> ) <br> v. ) <br> ) <br> BURL CAIN, Commissioner, Mississippi ) <br> Department of Corrections, et al., ) <br> ) <br> Defendants. ) <br> ) | Civ. No. 3:15-cv-00295-HTW-LGI |

**MOTION FOR ORDER UNDER THE ALL WRITS ACT
PRESERVING THIS COURT'S ABILITY TO RENDER FULL JUDGMENT,
OR, IN THE ALTERNATIVE, FOR TEMPORARY RESTRAINING ORDER
OR PRELIMINARY INJUNCTION BASED ON COUNT THREE
OF THE FIRST AMENDED COMPLAINT**

COME NOW Plaintiffs Richard Jordan and Ricky Chase, and Plaintiff-Intervenor Thomas Edwin Loden, Jr., by counsel, and respectfully request that this Court issue its Order enjoining the Defendants,[1] their counsel,[2] and anyone in active concert with them, including the State of Mississippi: (1) to withdraw the Motion to Set Execution Date[3] filed by Attorney General Fitch on behalf of the State of Mississippi in Thomas Edwin Loden, Jr. v. State of Mississippi, Nos.

---

[1] Defendants Burl Cain, Commissioner, Mississippi Department of Corrections, Marc McClure, Superintendent of the Mississippi State Penitentiary at Parchman, the Mississippi State Executioner, and the Unknown Executioners.

[2] Counsel for the Defendants in this case are the Hon. Lynn Fitch, Mississippi Attorney General, and Special Assistant Attorneys General Gerald Kucia and Wilson Minor.

[3] Doc. 256-1 ("Execution Motion"). Intervenor Loden filed a response on October 14, 2022. Exhibit 1, T. Loden Response to Execution Motion. The Mississippi Supreme Court issued an order on October 17, 2022, requiring a reply from the State by October 24, 2022. Exhibit 2, Order of Mississippi Supreme Court.

1

2002-DP-00282-SCT and 2006-CA-00432-SCT,[4] and/or (2) to refrain from executing Intervenor Loden, or any of the Plaintiffs and Intervenors,[5] until the litigation in this case is completed.

The primary basis for this motion is the All Writs Act, which provides:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.[6]

The All Writs Act must be considered in tandem with the Anti-Injunction Act which states: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."[7] Under these statutes, an injunction against state court proceedings is proper when it is "directed at conduct which, left unchecked, would have had the practical effect of diminishing the court's power to bring the litigation to a natural conclusion."[8] Injunctions authorized by the language in both statutes may be issued when "necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case."[9] That is precisely the case here.

Alternatively, this Court also has authority under Fed. R. Civ. P. 65 to issue a temporary restraining order and/or permanent injunction in the same form as above – enjoining Defendants, their counsel, and the State to withdraw the Execution Motion and/or refraining from executing

---

[4] Counsel for the State in Loden v. State are the Hon. Lynn Fitch, Mississippi Attorney General, and Special Assistant Attorneys General Allison Hartman and Brad Smith.
[5] The other Plaintiff-Intervenors in this action are Robert Simon and Roger Thorson; given the exigent circumstances from which this motion arises, these parties have not been requested to join the motion.
[6] 28 U.S.C. § 1651(a).
[7] 28 U.S.C. § 2283.
[8] ITT Community Development Corp. v. Barton, 569 F.2d 1351, 1943-44 (5th Cir. 1978).
[9] Newby v. Enron Corp., 338 F.3d 467, 474 (5th Cir. 2003), quoting Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 295 (1970), and citing In re Corrugated Container Antitrust Litigation, 659 F.2d 1332, 1334-35 (5th Cir. 1981).

any Plaintiff or Intervenor in this case, until this litigation is concluded. Although discovery continues as to Plaintiffs' claims, this Court can enjoin Plaintiffs' executions pursuant to Count Three of the First Amended Complaint,[10] as the record of the many jurisdictions that have abandoned the use of a three-drug execution protocol using a chemical paralytic and potassium chloride is sufficient to demonstrate Plaintiffs' likelihood of success under the first criterion of the standard for a temporary restraining order or preliminary injunction, and the other criteria can also be weighed on the current record.[11]

For the reasons set forth above and in the Memorandum accompanying this Motion, Plaintiffs Jordan and Chase and Intervenor Loden are entitled to the relief requested.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs and Intervenor Loden respectfully request that this Court issue its Order: enjoining the Defendants, their counsel, and anyone in active concert with them, including the State of Mississippi: (1) to withdraw the Motion to Set Execution Date filed by Attorney General Fitch on behalf of the State of Mississippi in Thomas Edwin Loden, Jr. v. State of Mississippi, Nos. 2002-DP-00282-SCT and 2006-CA-00432-SCT, and/or (2) to refrain from executing Intervenor Loden, or any of the Plaintiffs and Intervenors, until the litigation in this case is completed.

Dated: October 19, 2022

---

[10] Doc. 50, First Amended Complaint, at 49-52, ¶¶ 269-83: "Count III: Mississippi's Continued Use of a Three-Drug Protocol in the Face of Evolving Standards of Decency Which Require Abandonment of the Use of a Chemical Paralytic Agent and Potassium Chloride, Violates Plaintiffs' Right to be Free from Cruel and Unusual Punishment under the Eighth and Fourteenth Amendments to the United States Constitution and Article 3, Sections 14 and 28 of the Mississippi Constitution."

[11] The Court is well familiar with the four criteria of Rule 65: that the movant has a substantial likelihood of success on the merits, that the movant will suffer irreparable harm in the absence of the requested relief, that the balance of equities weighs in favor of issuance of the order or injunction, and that issuance of the order or injunction will not disserve the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008); Canal Auth. of State of Fla. v. Callaway, 489 F.2d 567, 572 (5th Cir. 1974).

Respectfully submitted,

/s/ James W. Craig
James W. Craig, MSB # 7798
Emily M. Washington (pro hac vice)
Roderick & Solange MacArthur Justice Center
4400 South Carrollton Ave.
New Orleans, LA 70119
Telephone:     (504) 620-2259
Facsimile:      (504) 208-3133
jim.craig@macarthurjustice.org
emily.washington@macarthurjustice.org

*Attorneys for Plaintiffs Richard Jordan and Ricky Chase*

/s/ Stacy Ferraro
Stacy Ferraro, MSB #100263
Fourth Circuit Capital Habeas Unit[12]
Federal Public Defender
Western District of North Carolina
129 West Trade Street, Suite 300
Charlotte, NC 28202
Tel: (704) 374-0720
E-Mail: Stacy_Ferraro@fd.org
            lifestoryms@gmail.com

/s/ Mark R. McDonald
Mark R. McDonald (pro hac vice)
MORRISON & FOERSTER LLP
707 Wilshire Blvd., Suite 6000
Los Angeles, CA  90017-3543
Telephone:  213.892.5200
Facsimile:  213.892.5454
MMcDonald@mofo.com

*Attorneys for Intervenor Thomas E. Loden, Jr.*

---

[12] In 2010, the United States District Court for the Northern District of Mississippi appointed Ms. Ferraro to represent Mr. Loden pursuant to 18 U.S.C. Sec. 3599, which anticipates her continuing to represent him in "every subsequent stage of available judicial proceedings, including…applications for stays of execution and other appropriate motions and procedures[.]" Order, Doc. #3, Loden v. Epps, 1:10-CV-00311-NBB (N.D. Miss. Dec. 1, 2010). On August 29, 2022, Ms. Ferraro began employment as an Assistant Federal Public Defender with the Fourth Circuit Capital Habeas Unit in the Federal Public Defender for the Western District of North Carolina on August 29, 2022, and is following the proper procedures for out-of-district representation.