## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**RICHARD JORDAN,** *et al.*                                                                            **PLAINTIFFS**

**v.**                                                      **CIVIL ACTION NO. 3:15-CV-295-HTW-LGI**

**BURL CAIN,** *et al.*                                                                           **DEFENDANTS**

### ORDER

This is a § 1983 action challenging the State of Mississippi's method of execution. Plaintiffs are inmates awaiting execution, and Defendants are the Commissioner of the Mississippi Department of Corrections and the Superintendent of the Mississippi State Penitentiary. On October 4, 2022, the State of Mississippi filed a Motion to Set Execution Date in the Mississippi Supreme Court, asking that court to set an execution date for Thomas Loden, an Intervenor Plaintiff in this case. *See* Motion to Set Execution Date, *Loden v. State of Mississippi*, No. 2002-DP-00282-SCT (Miss. Oct. 4, 2022).[1]

On October 7, 2022, Loden provided this Court with notice of the state-court motion and requested a status conference. *See* Notice of Filing in State Court Litigation and Request for Status Conference, *Jordan v. Cain*, No. 3:15-CV-295-HTW-LGI (S.D. Miss. Oct. 7, 2022), ECF No. 256. The Court held a status conference on October 12, 2022, and Loden's counsel argued that the Court should enjoin the Mississippi Supreme Court from setting an execution date, order Defendants to withdraw the motion, and enjoin Defendants from executing any of the Plaintiffs. The Court observed that Loden had neither filed a motion requesting such relief in this Court nor filed a

---

[1] *See* MISS. CODE ANN. §§ 99-19-55(1), 99-19-106.

response in state court opposing the motion to set an execution date, and Loden's counsel stated they intended to do so.

On October 14, 2022, Loden filed a response in opposition to the state-court motion. *See* Response to Motion to Set Execution Date, *Loden v. State of Mississippi*, No. 2002-DP-00282-SCT (Miss. Oct. 14, 2022). A few days later, he filed a Motion for Order under the All Writs Act [260], asking this Court to order Defendants to withdraw their motion seeking an execution date from the Mississippi Supreme Court and/or enjoin them from executing any of the Plaintiffs in this case. That motion is fully briefed and ready for this Court's review.

On November 17, 2022, the Mississippi Supreme Court granted the State's Motion to Set Execution Date. *See* En Banc Order, *Loden v. State of Mississippi*, No. 2002-DP-00282-SCT (Miss. Nov. 17, 2022). The court ordered that "[t]he execution of the death sentence imposed upon Thomas Edwin Loden, Jr., shall take place in a manner provided by law on Wednesday, December 14, 2022, at 6:00 p.m. C.S.T., or as soon as possible thereafter within the next twenty-four (24) hours." *Id.*

In light of the Mississippi Supreme Court's En Banc Order setting an execution date for the Intervenor Plaintiff Thomas Edwin Loden, Jr., the Court hereby sets a supplemental hearing on Plaintiffs' Motion for Order under the All Writs Act [260] for **Monday, November 28, 2022, at 10:00 a.m.** This hearing is the parties' opportunity to present supplemental argument and/or evidence on the motion. Additionally, the Court orders the parties to provide the Court with letter briefs ahead of the hearing, to be submitted to the Court via e-mail no later than **Wednesday, November 23, 2022.**

The Court directs the parties to specifically address the following issues in their letter briefs and at the supplemental hearing, in addition to whatever issues they believe the Court should address:

- How have federal courts applied the Anti-Injunction Act's exception for injunctions "where necessary in aid of jurisdiction" in cases seeking a stay of execution, if at all?

- Please brief the most up-to-date case law applying the All Writs Act and Anti-Injunction Act that is applicable to this case.

- Does the Defendants' participation in the instant litigation over the course of the past several years without seeking an execution date for any of the Plaintiffs weigh in favor of issuing a writ staying execution, in light of the equitable nature of the remedy?

- Does the fact that the Mississippi Supreme Court has now set an execution date render moot Plaintiffs' argument that they need not satisfy the four-factor stay analysis provided in *Nken v. Holder*, 556 U.S. 418, 426, 129 S. Ct. 1749, 173 L. Ed. 2d 550 (2009), and *Buntion v. Lumpkin*, 31 F.4th 952 (5th Cir. 2022)?

- Do intervening factual developments and/or case law alter the applicability of the United States Supreme Court's opinion in *Glossip v. Gross*, 576 U.S. 863, 135 S. Ct. 2726, 192 L. Ed. 2d 761 (2015), to the Plaintiffs' claim that any three-drug lethal injection protocol violates the Eighth Amendment of the United States Constitution? How should this Court apply more recent Circuit Court precedents addressing three-drug protocols, such as *Middlebrooks v. Parker*, 22 F.4th 621 (6th Cir. 2022)?

- How should this Court apply *Whitaker v. Collier*, 862 F.3d 490 (2017), and *Wood v. Collier*, 836 F.3d 534 (5th Cir. 2016), to Plaintiffs' claim that use of compounded pentobarbitol in a three-drug protocol violates Plaintiffs' right to be free from cruel and unusual punishment?

- Likewise, how should this Court apply *Whitaker*, 862 F.3d at 500-01, and *Whitaker v. Livingston*, 732 F.3d 465 (5th Cir. 2013), to Plaintiffs' claims that Defendants' failure to disclose certain information about the method of execution violates Plaintiffs' right to due process and access to the courts?

- What is the method of execution that the State intends to use on Plaintiff-Intervenor Loden, and, if it is lethal injection, what is the specific protocol? Is Count IV moot if Defendants disclose the method and protocol that the State intends to use? Are Counts I and II moot if Defendants do not intend to use compounded pentobarbitol?

3

- Is Count II moot in light of the Mississippi legislature's 2022 amendment of Miss. Code Ann. § 99-19-51?

IT IS SO ORDERED on this, the 21st day of November, 2022.

/s/ Henry T. Wingate
HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE