Serial: **244250**

# IN THE SUPREME COURT OF MISSISSIPPI

No. 2002-DP-00282-SCT

| | | |
|---|---|---|
| *THOMAS EDWIN LODEN, JR.* | | *Appellant* |
| *v.* | **FILED** NOV 17 2022 | |
| *STATE OF MISSISSIPPI* | OFFICE OF THE CLERK SUPREME COURT COURT OF APPEALS | *Appellee* |

Consolidated with:
2006-CA-00432-SCT

*THOMAS EDWIN LODEN, JR.*                                                                                      *Appellant*

*v.*

*STATE OF MISSISSIPPI*                                                                                            *Appellee*

## EN BANC ORDER

This matter is before the Court, *en banc*, on the Motion to Set Execution Date filed by the State of Mississippi. At the direction of the Court, a Response was filed by Thomas Edwin Loden, Jr., and a Reply to Response was filed by the State.

After due consideration, the Court finds that Loden has exhausted all state and federal remedies for purposes of setting an execution date under Mississippi Code Section 99-19-106. Accordingly, the Court finds that the State's Motion to Set Execution Date should be granted and a date should be set for execution of the death sentence imposed upon Loden.

IT IS, THEREFORE, ORDERED that the Motion to Set Execution Date filed by the State of Mississippi is hereby granted. The execution of the death sentence imposed upon Thomas Edwin Loden, Jr., shall take place in a manner provided by law on Wednesday,

December 14, 2022, at 6:00 p.m. C.S.T., or as soon as possible thereafter within the next twenty-four (24) hours.

IT IS FURTHER ORDERED that this Order shall serve as the warrant of execution for Thomas Edwin Loden, Jr.

SO ORDERED, this the 17 day of November, 2022.

MICHAEL K. RANDOLPH
CHIEF JUSTICE
FOR THE COURT

TO GRANT: RANDOLPH, C.J., COLEMAN, MAXWELL, BEAM, CHAMBERLIN, ISHEE, AND GRIFFIS, JJ.

TO DENY: KITCHENS AND KING, P.JJ.

IN THE SUPREME COURT OF MISSISSIPPI

NO. 2002-DP-00282-SCT

Consolidated with:
2006-CA-00432-SCT

Thomas Edwin Loden, Jr.

v.

State of Mississippi

**FILED**

**DEC 01 2022**

OFFICE OF THE CLERK
SUPREME COURT
COURT OF APPEALS

**KING, PRESIDING JUSTICE, OBJECTING TO THE NOVEMBER 17, 2022 ORDER WITH SEPARATE WRITTEN STATEMENT:**

¶1. Thomas Loden has challenged several aspects of the State's method of execution as violating multiple of his constitutional rights via a federal § 1983 case. This Court should not set Loden's execution date while his method-of-execution § 1983 case is pending in federal court. Consequently, I object to the order setting his execution date.

¶2. "When judgment of death becomes final and a writ of certiorari to the United States Supreme Court has been denied or the time for filing such petition has expired, the court shall set an execution date for a person sentenced to the death penalty." Miss. Code. Ann. § 99-19-106 (Rev. 2020). The execution may be stayed during "post-conviction proceeding[s]." *Id.* "Setting or resetting the date of execution shall be made on motion of the state that all state and federal remedies have been exhausted, or that the defendant has failed to file for further state or federal review within the time allowed by law." *Id.* The State claims that Loden's state and federal remedies have been exhausted, and that the § 1983

claims are not such a "remedy" because it amounts to a civil method-of-execution challenge and does not directly challenge the validity of Loden's conviction or the validity of his death sentence. Loden argues that his § 1983 claim is an unexhausted remedy, and also that comity concerns warrant a stay of execution.

¶3. This Court has not determined whether a pending federal § 1983 method-of-execution lawsuit is an unexhausted remedy under the statute. Nor has it decided whether a § 1983 method-of-execution case constitutes "further . . . federal review." Method-of-execution claims, unlike other § 1983 conditions-of-confinement claims, directly implicate the impending execution. Rather than summarily dismiss the competing arguments, this Court should directly and thoroughly address this issue.

¶4. Further, several practical concerns are implicated in setting Loden's execution date while his § 1983 method-of-execution claims are pending. First, Loden's initial § 1983 claims, if successful, would have effectively crippled the use of lethal injection as it then stood in Mississippi. But during the pendency of Loden's § 1983 claims, Mississippi changed its execution procedures, allowing for multiple manners of execution, the most recent change occurring in July 2022. Miss. Code Ann. § 99-19-51 (Supp. 2022). Currently, executions may be performed by lethal injection, gas, electrocution, or firing squad. Miss. Code Ann. § 99-19-51(1) (Supp. 2022). "Upon receipt of the warrant of execution from the Mississippi Supreme Court, the Commissioner of Corrections shall, within seven (7) days, provide written notice to the condemned person of the manner of execution." *Id.* Seven days does not give Loden a meaningful opportunity to challenge his chosen method of execution.

2

Further, the ever-changing laws and procedures render it difficult to meaningfully challenge the law before courts find their challenges moot, allowing each current statute to effectively evade review. *See* **Loden v. State**, 222 So. 3d 312 (Miss. 2017) (finding statutory changes rendered petition for post-conviction relief moot). These issues implicate due process notice concerns and concerns regarding access to courts.

¶5.     Additionally, setting Loden's execution while his § 1983 method-of-execution case is pending opens the door for the State to rid itself of method-of-execution challenges simply by targeting the complainants in such a lawsuit for execution. Such allowances are rife for manipulation. Moreover, Loden's claims cannot at this juncture be assumed to be frivolous. Federal law guards against frivolous civil lawsuits. Attorneys and unrepresented parties are governed by Federal Rule of Civil Procedure 11, which requires an attorney or party to certify that the pleading "is not being presented for any improper purpose, such as to . . . cause unnecessary delay[.]" F.R.C.P. 11(a)-(b). It also requires the attorney or party to certify that the claims are not frivolous. *Id.* Federal Rule of Civil Procedure 12(b)(6) allows a defendant to seek a motion to dismiss based on any "failure to state a claim upon which relief can be granted." F.R.C.P. 12(b)(6). And indeed, Loden survived the defendants' motion to dismiss based on lack of subject matter jurisdiction in this case. Pro se prisoners filing civil suits may have their case dismissed sua sponte if it is deemed frivolous or fails to state a claim on which relief may be granted. 28 U.S.C.A. § 1915(e)(2) (West). Given protections such as these, this Court cannot assume that Loden's federal method-of-execution claims are frivolous or fail to state a claim. Under such circumstances, we should stay his

3

execution until the final resolution of his federal method-of-execution claims. Accordingly, I object to the order setting Loden's execution while he has pending method-of-execution claims in federal court.

**KITCHENS, P.J., JOINS THIS SEPARATE WRITTEN STATEMENT.**