IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| RICHARD JORDAN and RICKY CHASE, <br><br> Plaintiffs, <br><br> THOMAS EDWIN LODEN, Jr., ROGER THORSON, and ROBERT SIMON, <br><br> Intervenors, <br><br> v. <br><br> BURL CAIN, Commissioner, Mississippi Department of Corrections, et al., in his Official Capacity; MARK McCLURE, Superintendent, Mississippi State Penitentiary, in his Official Capacity; the MISSISSIPPI STATE EXECUTIONER, in his Official Capacity; and UNKNOWN EXECUTIONERS, in their Official Capacities, <br><br> Defendants. | Civ. No. 3:15-cv-295-HTW-LGI |

### RESPONSE TO AFFIDAVIT AND EXHIBITS FILED BY DEFENDANTS

Plaintiffs Richard Jordan and Ricky Chase ("Plaintiffs") and Plaintiff-Intervenor Thomas Edwin Loden, Jr. ("Intervenor" or "Mr. Loden") briefly respond to the affidavit[1] and exhibits[2] filed by Defendants related to the Court's direction during oral argument on November 28, 2022 for proof of recent destruction of execution drugs by the Mississippi Department of Corrections ("MDOC") and/or Mississippi Bureau of Narcotics ("MBN"), and representation of the quantities and expiration dates of execution drugs currently held by Defendants. This filing was made at 1:56

---

[1] Doc. 271.
[2] Docs. 271-1, 271-2, and 271-3.

1

p.m. on November 30, 2022, after the limited deposition of Commissioner Cain (as MDOC 6) had concluded. At the same time as Defendants filed Commissioner Cain's affidavit, they served new documents on Plaintiffs and Intervenors.[3]

**1. Defendant's Affidavit and Exhibits do not include any certification that execution drugs have been destroyed.**

Paragraph 3 of Commissioner Cain's November 30, 2022 affidavit states:

> On November 21, 2022, MDOC delivered all expired drugs to the Mississippi Bureau of Narcotics (MBN) for destruction. The expired drugs delivered to MBN were as follows: twenty-five bottles of potassium chloride (single dose), twenty bottles of potassium chloride for injection, and one bottle of vecuronium bromide. Therefore, MDOC is no longer in possession of any expired drugs. Attached as Exhibit 1 is a true and correct copy of MDOC's request to MBN to destroy the expired drugs, MBN's acknowledgement of receipt of MDOC's request, and MDOC's Chain of Custody form reflecting that the expired drugs were delivered to MBN.[4]

MBN Director Maxwell's November 21, 2022 letter acknowledging receipt of the destruction request directs an individual (name redacted) in the Bureau's Evidence Management Unit:

> You are directed to make arrangements for two Bureau Agents to complete the destruction and return the Affidavit (Enclosure 2) to the Evidence Management Unit once the evidence has been destroyed.[5]

The document enclosed in Director Maxwell's letter was not provided by Defendants. When Defendants reported the destruction of expired execution drugs to the Court in 2015, they

---

[3] Exhibit 1, Emails from Wilson Minor to All Counsel (November 30, 2022). In the interest of completeness of the matters provided with Commissioner Cain's affidavit, the other materials provided by Defendant to Plaintiffs and Intervenors on the afternoon of November 30, 2022 are attached collectively as Exhibit 2.
[4] Doc. 271 at 1-2 ¶ 3.
[5] Doc. 271-1 at 3.

2

submitted an additional form from MBN, signed by two witnesses, certifying the actual destruction of the drugs.[6]

This Court can have no assurance that these expired lethal injection drugs have actually been transferred to MBN custody and destroyed until the MBN's Final Disposition Authority and Witness to Destruction of Drug Evidence (or equivalent document) attesting to this fact is filed in the record. Plaintiffs and Intervenor Loden respectfully request the Court to order Defendants to do so.

As stated above, at the same time as Defendants filed Commissioner Cain's affidavit, they served new documents on Plaintiffs and Intervenors. Those documents include evidence that, on September 22, 2021, MDOC requested that a prior group of execution drugs be destroyed by MBN.[7] However, as with the purported November 2022 destruction, Defendants have not produced any certification by MBN attesting that these drugs were actually transferred to MBN custody and destroyed. Plaintiffs and Intervenor Loden respectfully request the Court to order Defendants to file the Final Disposition Authority and Witness to Destruction of Drug Evidence or its equivalent, if any exists, into the record of this case.

**2. Defendants' Affidavit and Exhibits redact the expiration dates of execution drugs in MDOC's inventory for no valid reason, impacting the ability of the Court, the Plaintiffs, and the Intervenors to ensure that MDOC will not use expired drugs in any future executions.**

The Court also required Defendants to provide information on the expiration dates of execution drugs currently held by Defendants. Commissioner Cain's affidavit states:

---

[6] Final Disposition Authority and Witness to Destruction of Drug Evidence (June 8, 2015), Doc. 25-1 at 8 ("June 2015 MBN Certificate of Drug Destruction"). For ease of reference, this one page of the 2015 filing is also attached to this pleading as Exhibit 3.
[7] Exhibit 4, MDOC Bates No. 1694-95.

3

> MDOC's inventory includes nine vials of Midazolam expiring in 2023, and ten vials expiring in 2024. Our inventory also includes twenty vials of vecuronium bromide expiring in 2023 and fifty vials of potassium chloride expiring in 2024. Attached as Exhibits 2 and 3 are true and correct copies of MDOC's October and November 2022 Supply Inventory Forms.[8]

The Commissioner's affidavit discloses only the year when the drugs will expire – not the month. Similarly, the documents submitted relative to this inquiry unnecessarily secret this information. In the Supply Inventory Forms attached to Defendant Cain's affidavit, any information disclosing expiration dates has been redacted.[9]

There is no conceivable reason for Defendants to redact expiration dates for execution drugs, especially where Superintendent McClure testified that he personally saw execution drugs with expired expiration dates in the Drug Room of the Parchman Medical Facility.[10] Further, Defendants routinely provided the expiration date by month and year for the lethal injection drugs it obtained prior to its July 2021 purchases.[11]

Plaintiffs and Intervenor Loden respectfully request the Court to order Defendants to un-redact any information about expiration dates in their document production and disclose, by supplemental affidavit or otherwise, the expiration dates by month and year of all execution drugs currently in MDOC's possession, custody, or control.

### 3. Defendants' Affidavit and Exhibits redact the quantity, volume, and concentration of execution drugs in MDOC's inventory for no valid reason, impacting the ability of the Court, the Plaintiffs, and the Intervenors to track the acquisition and disposition of execution drugs by MDOC.

Further, Defendants heavily redacted the exhibits to Defendant Cain's affidavit, and the documents they produced to Plaintiffs and Intervenors contemporaneously, to prevent disclosure

---

[8] Doc. 271 at 2 ¶ 5.
[9] Doc. 271-3 at 3, 9.
[10] McClure Deposition, Doc. 270-1, at 70:14-24.
[11] Exhibit 5, MDOC Bates No. 1270.

of the quantity, volume, and concentration of any execution drug either obtained or disposed of at any particular time.[12]

MDOC conducts a monthly inventory check of the execution drugs in the Drug Room of the Parchman Medical Facility.[13] For each group of execution drugs, MDOC maintains a "Supply Inventory Form" in the drug room.[14] There are columns on that form for the date the inventory was checked, the beginning balance (the number of units of the drug in the room at the beginning of the inventory), the amount issued (the number of units of the drug removed from the room on the specified date), the amount received (the number of units of the drug added into the room on the specified date), and the end balance (the number of units of the drug in the room at the end of the inventory).

**MISSISSIPPI DEPARTMENT OF CORRECTIONS**
**MSP FTC/SUPPLY INVENTORY FORM**

Product Name: Midazolam Injection   Location: Mississippi State Penitentiary

MSDS Sheet: _____ Yes _____ No

| DATE | BEGIN BALANCE | AMOUNT ISSUED | AMOUNT RECEIVED | END BALANCE | ISSUED TO (PRINT NAME) | ISSUED BY (PRINT NAME) |
|---|---|---|---|---|---|---|
| 8-31-21 | 404 | 0 | 0 | 404 | Inventory | ■ |
| 9-17-21 | 404 | 0 | 0 | 404 | Inventory | ■ |
| 9-22-21 | 404 | 390 | 0 | ■ | Inventory | ■ |
| 10-29-21 | ■ | 0 | 0 | ■ | Inventory | ■ |
| 11-17-21 | ■ | ■ | 0 | 19 | ■ | ■ |
| 1-31-22 | 19 | 0 | 0 | 19 | Inventory | ■ |
| 2-24-22 | 19 | 0 | 0 | 19 | Inventory | ■ |
| 3-31-22 | 19 | 0 | 0 | 19 | Inventory | ■ |

---

[12] Doc. 271-1 at 7-9, Doc. 271-2 at 2-4, Doc. 271-3 at 4, 6, 8.
[13] McClure Deposition, Doc. 270-1, at 45:3–46:9.
[14] McClure Deposition, Doc. 270-1, at 43:11-14, 43:23-44:10, 45:12-24.

Thus, looking at the above-reproduced Supply Inventory Form for Midazolam Injection,[15] on August 31, 2021, there were 404 units of midazolam in the drug room; no units of midazolam were brought to the drug room; no units of midazolam were taken out of the drug room; and there were 404 units of midazolam at the end of the inventory.[16]

Then:

- On September 22, 2021, the beginning balance of midazolam was 404 units, 390 units of midazolam were "issued," or removed from the drug room,[17] no new units were "received," or put into the drug room, but the end balance number is redacted. However, the redacted number must be 14 (404-390).

- On October 29, 2021, no units of midazolam were added to or subtracted from the drug room. The beginning and end balance numbers are redacted. However, there should be 14 units of midazolam at the beginning and end of the October 29 inventory.

- On November 17, 2021, the beginning balance of units of midazolam is redacted, the amount issued (removed) is redacted,[18] no new units of midazolam were added, and the end balance is 19 units of midazolam.

Simply put, this does not add up – one cannot start with 14 units of midazolam on October 29, remove some unknown amount of that drug on November 17, and end up with more midazolam than when the November 17 inventory began.

Moreover, for every month thereafter, through November 30, 2022, the inventory check continues to indicate that there are 19 units of midazolam in the drug room. And Commissioner Cain's affidavit states that MDOC's inventory of execution drugs as of November 30, 2022 includes "nine vials of Midazolam expiring in 2023, and ten vials expiring in 2024."[19]

---

[15] Doc. 271-1 at 9.
[16] Id. at 8.
[17] According to Exhibit 4, MDOC requested that some execution drugs be sent to MBN for destruction on September 22, 2021. However, MDOC requested that 370 units of midazolam be destroyed (Exhibit 3) not 390 units (Doc. 271-1 at 9).
[18] The execution of David Cox was on November 17, 2021. Emily Wagster Pettus, Mississippi executes man who killed wife, terrorized family, Associated Press, November 17, 2021, https://apnews.com/article/executions-mississippi-f5ed67bec986526e6c063ec7a16f3d37.
[19] Doc. 271 at 2 ¶ 5.

The same types of redactions plague the Supply Inventory Forms for the other execution drugs.[20]

Additionally, for midazolam and potassium chloride currently in MDOC possession, Defendants have redacted the volume and concentration of the units.[21] Yet this same type of information is provided for vecuronium bromide and other potassium chloride.[22]

Neither the Court nor the Plaintiffs and Intervenors should have to speculate about the flow of execution drugs in and out of the Drug Room of the Parchman Medical Facility. Were less than 390 units of midazolam removed from the drug room on September 22, 2021? Were any units of midazolam, vecuronium bromide, and/or potassium chloride added to the drug room between September 22 and November 17, 2021? Or is the MDOC's inventory a sham, conducted pro forma without concern for accuracy?

Defendants have no rationale for these redactions. As late as 2017, the same documents were produced without redactions of the numbers in these four columns, and without redaction of the volume and/or concentration of the drug units.[23] Nothing in the Court's Protective Order, which only permits Defendants to withhold from discovery "any material that would identify suppliers of lethal injection drugs or persons involved in the execution process,"[24] justifies this obfuscation.

Plaintiffs and Intervenor Loden respectfully request the Court to order Defendants to un-redact the columns showing the inventory check date, beginning balance, amount issued, amount received, and end balance for the execution drugs held by MDOC, as well as any other entries for quantity, volume, and/or concentration of the drug units. The order should immediately require

---

[20] Doc. 271-1 at 7-9, Doc. 271-2 at 2-4, Doc. 271-3 at 4, 6, 8.
[21] Doc. 271-1 at 6, 9.
[22] Doc. 271-1 at 7-8. And as clear from Exhibits 5 and 6, Defendants have routinely provided this information in the past.
[23] Exhibit 5.
[24] Doc. 168 at 18.

7

such redaction for the exhibits attached to Defendant Cain's affidavit, but should also encompass any Supply Inventory Forms from 2017 to the present previously produced by Defendants.

## CONCLUSION

Defendants' November 30 filing fails to provide the Court and the parties with the complete information the Court required during the November 28, 2022 oral argument. Plaintiffs and Intervenor Loden respectfully request the Court to order Defendants as follows:

1. File MBN's Final Disposition Authority and Witness to Destruction of Drug Evidence (or equivalent document) attesting to the destruction of the execution drugs released to MBN by MDOC in November 2022.

2. File MBN's Final Disposition Authority and Witness to Destruction of Drug Evidence (or equivalent document) attesting to the destruction of the execution drugs released to MBN by MDOC in September 2021.

3. Re-produce to Plaintiffs and Intervenors any documents regarding execution drugs held by MDOC from 2017 to the present without redacting information about expiration dates (month and year).

4. Re-file Docs. 271-1, 271-2, and 271-3, without redacting the columns in Supply Inventory Forms showing the inventory check date, beginning balance, amount issued, amount received, and end balance for the execution drugs held by MDOC.

5. Re-file Docs. 271-1, 271-2, and 271-3, without redacting information as to the quantity, volume, and/or concentration of any of the drug units for the execution drugs held by MDOC.

6.	Re-produce to Plaintiffs and Intervenors all Supply Inventory Forms for execution drugs from the years 2017 to the present, without redacting the columns in Supply Inventory Forms showing the inventory check date, beginning balance, amount issued, amount received, and end balance, and without redacting information as to the quantity, volume, and/or concentration of drugs units, for the execution drugs held by MDOC.

Respectfully submitted,

/s/ James W. Craig
James W. Craig, MSB # 7798
Emily M. Washington (pro hac vice)
Roderick & Solange MacArthur Justice Center
4400 South Carrollton Ave.
New Orleans, LA 70119
Telephone:	(504) 620-2259
jim.craig@macarthurjustice.org
emily.washington@macarthurjustice.org

*Attorneys for Plaintiffs Richard Jordan and Ricky Chase*

/s/ Stacy Ferraro
Stacy Ferraro, MSB #100263
Fourth Circuit Capital Habeas Unit
Federal Public Defender
Western District of North Carolina
129 West Trade Street, Suite 300
Charlotte, NC 28202
Tel: (704) 374-0720
E-Mail: Stacy_Ferraro@fd.org/lifestoryms@gmail.com


/s/ Mark R. McDonald
Mark R. McDonald (pro hac vice)
MORRISON & FOERSTER LLP
707 Wilshire Blvd., Suite 6000
Los Angeles, CA  90017-3543
Telephone:  213.892.5200
MMcDonald@mofo.com

*Attorneys for Intervenor Thomas E. Loden, Jr.*

9