

ATTORNEY GENERAL

December 2, 2022

CIVIL LITIGATION DIVISION

**VIA E-MAIL**
Honorable Henry T. Wingate
501 East Court Street, Suite 6.750
Jackson, MS  39201
wingate_chambers@mssd.uscourts.gov

RE:   *Richard Jordan, et al. v. Burl Cain, et al.*, Civil Action No. 3:15-cv-00295-HTW-LGI, in the United States District Court for the Southern District of Mississippi, Northern Division

Dear Judge Wingate:

On December 1, 2022, the Court directed the parties to address two further issues related to this matter. Initially, the Court asked whether the November 30, 2022, deposition testimony of Commissioner Burl Cain was ". . . pertinent to the issues before this Court presently." Next, the Court asked the parties to address Justice King's statement in *Loden v. State,* 2002-DP-00282-SCT.

### Response to Justice King's Statement

Justice King objected to the Supreme Court's November 17, 2022, order setting Loden's execution. He commented that, "this Court has not determined whether a pending federal method-of-execution lawsuit is an unexhausted remedy under the statute [Mississippi Code Ann. §99-19-106]." However, Plaintiff Loden presented this argument before the Mississippi Supreme Court in his response to the State's Motion to Set Execution Date. Therefore, the Supreme Court had this argument before it and expressly rejected it when it entered its order setting Loden's execution. The Court held, "After due consideration, the Court finds that Loden has exhausted all state and federal remedies for purposes of setting an execution date under Mississippi Code Section 99-19-106." A copy of the State's Motion to Set Execution Date, Loden's Response to Motion to Set Execution Date, and the State's Reply to Response to Motion to Set Execution Date, are attached hereto as Exhibits 1, 2, and 3.

Justice King commented that ". . . the ever-changing laws and procedures render it difficult to meaningfully challenge the laws before courts find their challenges moot, allowing each current statute to effectively evade review." However, the State's current three-drug protocol has been in effect since 2015, and lethal injection has been the State's method of execution since 1984 and in use since 2002. Mississippi Code Ann. §99-19-51 has contained the current methods of execution since 2017.  The notion that the State has prevented death row

inmates from challenging the method of execution by amending the execution statute is simply inaccurate. Moreover, courts have upheld the use of lethal execution in carrying out executions on numerous occasions. *Glossip v. Gross,* 576 U.S. 863, 871 (2015); *Johnson v. Hutchinson,* 44 F. 4th 1116 (8th Cir. 2022); *Miller v. Parker,* 909 F.3d 827 (6th Cir. 2018); *In re Ohio Protocol,* 860 F. 3d 881 (6th Cir. 2017); *Whitaker v. Collier,* 862 F. 3d 490 (5th Cir. 2017); *Grayson v. Warden,* 869 F. 3d 1204 (11th Cir. 2017).

The Supreme Court's ruling that a pending federal method-of-execution lawsuit is not an unexhausted remedy under Mississippi Code Ann. §99-19-106 is consistent with those cases that have found that the filing of a §1983 action does not entitle a condemned prisoner to a stay of his execution. *Hill v. McDonough,* 547 U.S. 573, 584 (2006); *Nelson v. Campbell,* 541 U.S. 637, 649 (2004); *Buntion v. Lumpkin,* 31 F. 4th 952, 958 (5th Cir. 2022); *Lecroy v. United States,* 975 F. 3d 1192, 1196 (11th Cir. 2020); *Cooey v. Strickland,* 604 F.3d 939, 946 (6th Cir. 2010).

### Summary of Commissioner Cain's Deposition

Commissioner Cain gave his deposition pursuant to this Court's February 11, 2021 order. He had previously been identified as "MDOC6." The Court's February 11, 2021, order limited MDOC6's testimony to his participation "in efforts to obtain pentobarbital during the time frame of 2017 to the present." [Dkt. #221, page 5]. As the Court knows, the Defendants identified MDOC6 to be Commissioner Cain and made him available on November 30, 2022 with the understanding that his testimony would be limited to questions that would have been appropriate for MDOC6. The Defendants agreed that Commissioner Cain would give a broader deposition in his role as Commissioner for the Mississippi Department of Corrections at a later date. Under these parameters, he did not provide any testimony that relates to any of the issues presently before the Court.

### Conclusion

As the Defendants pointed out during oral arguments on November 28, 2022, the United States Supreme Court has never invalidated a State's chosen procedure for carrying out a sentence of death as the infliction of cruel and unusual punishment. *Glossip v. Gross,* 576 U.S. 863, 869 (2015). *See also Bucklew v. Precythe,* 139 S. Ct. 1112, 1124 (United States Supreme Court has yet to hold a State's method of execution qualifies as cruel and unusual punishment). *Bucklew* also found that traditionally accepted methods of execution—such as hanging, the firing squad, electrocution, and lethal injection—are not necessarily rendered unconstitutional as soon as more humane methods become available. *Bucklew,* 139 U.S. at 1125.

**LYNN FITCH**
ATTORNEY GENERAL
STATE OF MISSISSIPPI

By: *[signature]*

Gerald L. Kucia, MSB No. 8716
Wilson Minor, MSB No. 102663
SPECIAL ASSISTANT ATTORNEYS GENERAL
ATTORNEYS FOR DEFENDANTS

WALTER SILLERS BUILDING • POST OFFICE BOX 220 •JACKSON, MISSISSIPPI 39205-0220
TELEPHONE (601) 359-3680