IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

Civ. No. 3:15-cv-00295-HTW-LGI

| | |
|---|---|
| **RICHARD JORDAN, et al.,** | ) ) ) |
| **Plaintiffs,** | ) ) ) |
| *v.* | ) ) ) |
| **BURL CAIN, Commissioner, Mississippi Department of Corrections, in his Official Capacity, et al.,** | ) ) ) ) ) |
| **Defendants.** | ) ) |

### PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

**Expedited Consideration Sought:
Richard Jordan's Execution Set for June 25, 2025, at 6 p.m.**

COME NOW the Plaintiffs, Richard Jordan and Ricky Chase,[1] and move this Court, pursuant to Fed. R. Civ. P. 65(a), for a preliminary injunction prohibiting the Defendants[2] from executing Richard Jordan using a three-drug protocol consisting of the successive injections of midazolam, a chemical paralytic, and potassium chloride.[3] In support of this motion, counsel represents the following to the Court.

---

[1] The Plaintiff-Intervenors are Roger Thorson and Robert Simon. The relief requested in this motion, however, is narrowly targeted at Plaintiff Jordan's execution date.
[2] The Defendants are MDOC Commissioner Nathan "Burl" Cain, Mississippi State Penitentiary Superintendent Marc McClure, the Mississippi State Executioner, and Unknown Executioners.
[3] In the alternative only, Plaintiffs request that this Court enter a temporary restraining order under Fed. R. Civ. P. 65(b), prohibiting Defendants from executing Richard Jordan using a three-drug protocol consisting of the successive injections of midazolam, a chemical paralytic, and potassium chloride, in order to allow the Court an additional fourteen (14) day period under Rule 65(b)(2) to consider whether to grant a preliminary injunction.

1. The execution of Richard Jordan is set for Wednesday, June 25, 2025, at 6:00 p.m. C.D.T., or as soon as possible thereafter within twenty-four (24) hours of that date and time.[4]

2. The Mississippi Department of Corrections' ("MDOC") execution protocol requires the injection of three drugs;[5] and, given the execution drugs reported on MDOC's most recent inventories,[6] Defendants plan to execute Mr. Jordan by the injection of midazolam, rocuronium bromide (a chemical paralytic), and potassium chloride.[7]

3. This Court is familiar with the well-settled criteria for issuing a preliminary injunction:

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.[8]

4. Here, as explained more completely in the accompanying memorandum, Plaintiffs are likely to succeed on the merits of Counts I.B. and III of the First Amended Complaint.[9] Count I.B. asserts that MDOC's continued use of a chemical paralytic and potassium chloride in a three-drug execution protocol constitutes cruel and unusual punishment forbidden by the Eighth Amendment.[10] This is a claim under the series of decisions establishing the standard for an Eighth Amendment challenge to a jurisdiction's method of execution.[11]

---

[4] Doc. 301-1, Order Setting Execution Date (May 1, 2025).
[5] Ex. 1, Mississippi Department of Corrections, Capital Punishment Procedures, Revised May 28, 2025 ("MDOC 2025 Protocol").
[6] Ex. 2, MDOC Drug Inventory Logs Through May 21, 2025.
[7] Plaintiff Jordan has yet to receive the notice of the method by which he will be executed on June 25, 2025. This notice is required to be issued to the condemned prisoner within seven (7) days of the setting of the execution date. Miss. Code Ann. § 99-19-51(1) ("Upon receipt of the warrant of execution from the Mississippi Supreme Court, the Commissioner of Corrections shall, within seven (7) days, provide written notice to the condemned person of the manner of execution").
[8] Winter v. Natural Res. Defense Council, Inc., 555 U.S. 7, 20 (2008).
[9] Doc. 50, First Amended Complaint ("FAC").
[10] FAC at 43-46, ¶¶ 232-253.
[11] Baze v. Rees, 553 U.S. 35, 52 (2008) (plurality op. of Roberts, C.J.); Glossip v. Gross, 576 U.S. 863, 877-78 (2015); Bucklew v. Precythe, 587 U.S. 119, 139-40 (2019); Barr v. Lee, 591 U.S. 979 (2020); Nance v. Ward, 597 U.S. 159

5. Count III alleges that given the abandonment of chemical paralytic and potassium chloride by all but three of the executing jurisdictions in this country, MDOC's continued use of these two drugs contravenes the evolving standard of decency which underpins the Eighth Amendment.[12]

6. Plaintiffs recognize this Court has held, in the context of denial of Plaintiffs' motion for preliminary injunction against the execution of Intervenor Loden, that the Trop analysis does not apply to method-of-execution challenges.[13] Plaintiffs re-assert their argument on Count III to preserve it in the event of later review. In the alternative only, Plaintiffs' analysis with respect to Count I.B. above presents the Court with fresh evidence in support of Count III, even in light of the Court's holding that a substantial likelihood of success on this claim requires the use of the Eighth Amendment standard developed in the opinions from Baze through Glossip, Bucklew, Barr, and Nance.

7. Plaintiffs will also show that Richard Jordan is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities weighs in his favor, and that the requested injunction is in the public interest.

8. Plaintiffs respectfully request that this Court expedite these proceedings under Unif. Loc. Rule 7(b)(8) by requiring Defendants to respond to this Motion within seven (7) days, and for any Reply be filed one full day before the date set by the Court for oral argument on the motion.

---

(2022) (interpreting the Eighth Amendment test to determine that claims such as Count I need not be brought in Federal habeas corpus).
[12] FAC at 49-52 ¶¶ 269-83. This claim arises under Trop v. Dulles, 356 U.S. 86 (1958), and its progeny.
[13] Jordan v. Cain, No. 15-295-HTW-LGI, 2022 WL 17543344 at *13 (S.D. Miss. Dec. 7, 2022) ("Count III of Plaintiffs' First Amended Complaint and Intervenor Complaint – in which they claim that the use of a three-drug lethal injection protocol is prohibited by the Eighth Amendment – is governed by the Baze-Glossip analysis") (citations omitted).

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that this Court issue a preliminary injunction prohibiting Defendants from executing Richard Jordan using a three-drug protocol consisting of the successive injections of midazolam, a chemical paralytic, and potassium chloride. As stated above, Plaintiffs request in the alternative that the Court issue a temporary restraining order prohibiting the same, to be followed within the time permitted by Fed. R. Civ. P. 65(b)(2) by adjudication of the motion for preliminary injunctive relief.

Respectfully submitted,

*/s/ James W. Craig*
James W. Craig, MSB # 7798
Emily M. Washington (pro hac vice)
Roderick & Solange MacArthur Justice Center
4400 South Carrollton Ave.
New Orleans, LA 70119
Telephone:   (504) 620-2259
Facsimile:   (504) 208-3133
jim.craig@macarthurjustice.org
emily.washington@macarthurjustice.org

*Attorneys for Plaintiffs Richard Jordan and Ricky Chase*

Dated: June 4, 2025