IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **RICKY CHASE,** | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| **ROBERT SIMON and ROGER THORSON,** | )<br>) |
| **Plaintiff-Intervenors,** | )<br>) |
| *v.* | )   No. 3:15-cv-295-HTW-LGI |
| **BURL CAIN, et al.,** | )<br>)<br>) |
| **Defendants.** | )<br>) |

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
### DEFENDANTS' MOTION TO CONSOLIDATE

Defendants[1] seek consolidation of this civil action with the recently-filed Crawford, et al. v. Cain, et. al., No. 3:25-cv-479-DPJ-ASH (S.D. Miss.), "for all purposes under Fed. R. Civ. P. 42."[2] Plaintiff Ricky Chase opposes this motion. To be sure, "[a] trial court has broad discretion in determining whether to consolidate a case pending before it."[3] In this case, however, several of the factors used by district courts in this circuit to evaluate consolidation weigh heavily against granting Defendants' motion.

The most significant of these factors, as will be discussed below, is the delay in completing adjudication of this ten-year-old litigation that will occur if this case is consolidated for all purposes with Crawford. Both this Court and District Judge Jordan (the judge currently assigned

---

[1] Defendants in this action are Burl Cain, Marc McClure, the Mississippi State Executioner, and Unknown Executioners, all sued for declaratory and injunctive relief in their official capacities.
[2] Doc. 334 (Memorandum in Support) at 1. See also id. at 2 ("consolidation for all purposes, including trial, is warranted").
[3] Webb v. SE Grocers, LLC, No. 3:21-cv-038-HTW-LGI, 2022 WL 610828 at *2 (S.D. Miss. March 1, 2022) (quoting Mills v. Beech Aircraft Corp., 886 F.2d 758, 762 (5th Cir. 1989)).

1

to Crawford) have previously held that where one of the cases proposed for consolidation is nearing or at the end of the discovery period, while another has just begun, consolidation will lengthen the older case and thus should be denied.[4] That is precisely the situation here.

I. INTRODUCTION

    A. **The claims remaining to be litigated in this case are limited to Counts I.A. and I.B. – Plaintiff's challenge to the use of pentobarbital or midazolam in a three-drug execution protocol.**

This civil action was filed by Plaintiffs Richard Jordan and Ricky Chase on April 16, 2015.[5] In the early stages of the litigation, Thomas E. Loden, Jr., Robert Simon, and Roger Thorson were permitted to intervene as plaintiffs.[6] Mr. Loden was executed on December 14, 2022. Mr. Jordan was executed on June 25, 2025. The First Amended Complaint alleged the following claims:

- Count I.A.: Use of Compounded Pentobarbital in a Three-Drug Lethal Injection Protocol Violates Plaintiffs' Right to be Free from Cruel and Unusual Punishment under the Eighth and Fourteenth Amendments to the United States Constitution and Article 3, Sections 14 and 28 of the Mississippi Constitution.[7]

- Count I.B.: Use of Midazolam in a Three-Drug Lethal Injection Protocol Violates Plaintiffs' Right to be Free from Cruel and Unusual Punishment under the Eighth and Fourteenth Amendments to the United States Constitution and Article 3, Sections 14 and 28 of the Mississippi Constitution.[8]

- Count II: Failure to Use an Ultra Short-Acting Barbiturate or Other Similar Drug as Directed by Mississippi Statute Violates Plaintiffs' Right to be Free from Cruel and Unusual Punishment and Right to Due Process under the Eighth and Fourteenth Amendments to the United States Constitution.[9]

- Count III: Mississippi's Continued Use of a Three-Drug Protocol in the Face of Evolving Standards of Decency Which Require Abandonment of the Use of a Chemical Paralytic Agent and Potassium Chloride, Violates Plaintiffs' Right to be

---

[4] See Webb, 2022 WL 610828 at *2 (denying consolidation) ("Because the lawsuits are at such different stages, this court is not persuaded that consolidation would reserve judicial resources, and this court is further convinced that consolidation would have the probable effect of increasing the time for resolving the cases"); Taylor v. Buckner, No. 3:14-cv-352-DPJ-FKB, 2016 WL 11612544 at *1 (denying consolidation) ("significantly, the cases are at different stages of preparedness—one is set for pretrial conference this week and is ready for trial in one month, while the other has not yet had a case-management conference").
[5] Doc. 1.
[6] Docs. 14, 29 (Loden); Docs. 59, 71 (Thorson); Docs. 95, 106 (Simon).
[7] Doc. 50 (First Amended Complaint) at 39-43.
[8] Id. at 43-46.
[9] Id. at 46-49.

- Free from Cruel and Unusual Punishment under the Eighth and Fourteenth Amendments to the United States Constitution and Article 3, Sections 14 and 28 of the Mississippi Constitution.[10]
- Count IV: Violation of Plaintiffs' Right to Notice of the Defendants' Method of Execution under the Fourteenth Amendment to the United States Constitution and Article 3, Section 14 of the Mississippi Constitution.[11]
- Count V: Violation of Plaintiffs' Right of Access to the Courts under the First and Fourteenth Amendment to the United States Constitution and Article 3, Section 14 and 24 of the Mississippi Constitution.[12]

On August 14, 2017, Plaintiffs moved for leave to file a Second Amended Complaint, precipitated by the April 5, 2017 enactment of House Bill 638, which amended portions of Miss. Code Ann. § 99-19-51, the statute controlling the method(s) of execution in Mississippi.[13] In particular, the amendments: (1) changed the definition of the drug(s) permitted to be used as the first drug in the three-drug protocol;[14] (2) added, as authorized methods of execution, nitrogen hypoxia, electrocution, and the firing squad;[15] and (3) provided that a sentence of death shall by carried out by nitrogen hypoxia, electrocution, or the firing squad (in that order) only where the method(s) of execution authorized in the preceding subsection(s) has been "held unconstitutional by a court of competent jurisdiction or is otherwise unavailable."[16]

Defendants opposed the motion, arguing that challenges to methods of execution other than lethal injection were not ripe for adjudication.[17] In particular, Defendants asserted that "the Plaintiffs' proposed additional claims in their Second Amended Complaint are unripe because they are not currently subject to execution by nitrogen hypoxia, electrocution, or firing squad and cannot be executed, under state law, with those alternative methods unless lethal injection is

---

[10] Id. at 49-52.
[11] Id. at 52-54.
[12] Id. at 54-55.
[13] Doc. 129, Plaintiffs' Motion for Leave to File Second Amended Complaint.
[14] Id. at 5 ¶ 12.
[15] Id. at 5 ¶ 11.
[16] Id. at 10 ¶ 33.
[17] Doc. 144, Defendants' Memorandum in Opposition to Motion for Leave to File Second Amended Complaint at 3.

3

declared unconstitutional or MDOC is unable to obtain drugs for use in lethal injection executions."[18]

This Court denied the motion to amend, reasoning:

> In adding the three alternative methods of execution to its statute, the Legislature provided that, after lethal injection, no method could be used unless the one preceding it was "held unconstitutional by a court of competent jurisdiction *or is otherwise unavailable*." . . . . While the failure to define "or is otherwise unavailable" does not create a model of statutory clarity, the Court disagrees with the argument made during the oral hearing on November 8, 2017, that the Mississippi Department of Corrections has unfettered authority to declare a method unavailable without judicial intervention. At the current time, lethal injection by the means described in § 99-19-51 has been declared neither unconstitutional nor unavailable.[19]

On August 11, 2025, this Court ruled on Defendants' Motion for Summary Judgment, holding that genuine issues of material fact precluded summary judgment on Counts I.A. and I.B.,[20] granting summary judgment on Count III,[21] and, in light of Plaintiffs' concession that Counts II, IV, and V "have been foreclosed by precedent developed after they were asserted," granting summary judgment dismissing these counts as well.[22]

Thus, the claims remaining to be litigated in this case are limited to Counts I.A. and I.B. – Plaintiff's challenge to the use of pentobarbital or midazolam in a three-drug execution protocol.

---

[18] Id. at 8.
[19] Doc. 168, Memorandum Opinion and Order at 20 (emphasis in original; footnote omitted).
[20] Doc. 332 at 11-22.
[21] Id. at 22-24.
[22] Id. at 11, 24.

4

**B.     In the case before the Court, discovery is almost complete, and Defendants' dispositive motion has been denied as to Counts I.A. and I.B.**

As the Court is aware, discovery in the case before the Court is nearly complete. The depositions of the State Executioner, the Assistant Executioner, and the MDOC employee assigned as the "recorder" of the chronology of executions have been noticed for November 3-4, 2025, and will be taken under the anonymous witness provisions previously established by the Court. As set forth above, Defendants' dispositive motion has been denied as to Counts I.A. and I.B. of the First Amended Complaint. It will therefore be possible to set this case for trial sometime in 2026.

**C.     The Complaint in the second case (Crawford, et al. v. Cain, et al.) alleges claims for relief based on the July 1, 2022 amendments to the method-of-execution statute.**

On July 1, 2025, plaintiffs Charles Crawford, Jason Keller, Blayde Grayson, Alan Walker, and Willie Manning filed their Complaint in Crawford, et al. v. Cain, et al.[23] At the time of filing, counsel indicated on Section VIII of the Civil Action Cover Sheet that the case before this Court was a "Related Case" to Crawford.[24]

However, there are significant differences between the two cases. Unlike the case before this Court, the Crawford Complaint requests that a class action be certified; the proposed class definition is "all persons who are now, or who may be in the future, held in the custody of MDOC under sentence of death, and who are not currently plaintiffs in Jordan, et al., v. Cain, et al., No. 3:15cv-295-HTW-LGI in the United States District Court for the Southern District of Mississippi.[25]

---

[23] Doc. 333-1, Complaint in Crawford, et al. v. Cain, et. al., No. 3:25-cv-479-DPJ-ASH.
[24] Exhibit 1, Civil Action Cover Sheet in Crawford, et al. v. Cain, et. al., No. 3:25-cv-479-DPJ-ASH.
[25] Doc. 333-1 at 30 ¶ 164.

Further, the Crawford Complaint alleges claims based on the July 1, 2022 amendments to Miss. Code Ann. § 99-19-51.[26] Notably, under the 2022 amendments, "the method used to execute the death sentence in any particular case is chosen by the Commissioner, the Deputy Commissioner of Administration and Finance, and the Deputy Commissioner of Institutions."[27] The 2022 amendments deleted the 2017 language that required lethal injection to be "held unconstitutional by a court of competent jurisdiction or [be] otherwise unavailable" before MDOC could use the alternative methods of execution (nitrogen hypoxia, electrocution, or the firing squad).[28] As explained in the Crawford Complaint:

> 39. Thus, under the statute before July 1, 2022, lethal injection was the only authorized method of execution in Mississippi, unless it was "held unconstitutional by a court of competent jurisdiction" or was "otherwise unavailable." Then and only then, in the pre-July 1, 2022 statute, was nitrogen hypoxia an authorized method of execution. Each of the other potential methods of execution would be similarly authorized if and only if the methods listed above it in the statute were "held unconstitutional by a court of competent jurisdiction" or were "otherwise unavailable."
>
> 40. As of July 1, 2022, the Commissioner and Deputy Commissioners may select any of the four authorized execution methods, regardless of the availability of the other authorized methods, and without being constrained by the previously required order of methods.
>
> 41. Other than as set forth in Section 99-19-51(1), as amended, the discretion of the Commissioner and the Deputy Commissioners to select among the authorized methods in the Amended Statute is unlimited.[29]

Additionally, the 2022 amendments discarded any restrictions on the type of drug which can be used in a lethal injection execution. In the 2017 version of the statute, the authorized method of lethal injection was a three-drug series consisting of (a) an appropriate anesthetic or sedative;

---

[26] Id. at 7-9.
[27] Id. at 7 ¶ 35.
[28] Id.
[29] Id. at 8-9 ¶¶ 39-41.

6

(b) a chemical paralytic agent; and (c) potassium chloride or other similarly effective substance.[30] The term "appropriate anesthetic or sedative" was defined as "any substance that, if properly administered in a sufficient quantity, is likely to render the condemned prisoner unconscious, so that the execution process should not entail a substantial risk of severe pain."[31] In place of these restrictions, the 2022 amendments authorize MDOC to conduct a lethal injection execution by the "intravenous injection of a substance or substances in a lethal quantity into the body."[32]

Finally, the 2022 amendments permit the Commissioner to notify the condemned prisoner of the method selected for that prisoner's execution as late as seven days after the execution warrant issued by the Mississippi Supreme Court.[33]

Based on these amendments, the Crawford Complaint states the following causes of action:

- Count One: The Amended Statute, together with the 2025 Execution Protocol and Defendants' execution practices, violate the rights of the Named Plaintiffs and the Putative Class Plaintiffs to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution.[34]

- Count Two: Defendants' continued use of a three-drug protocol in the face of evolving standards of decency which require abandonment of the use of a chemical paralytic agent and potassium chloride violates the rights of Named Plaintiffs and Putative Class Plaintiffs to be free from cruel and unusual punishment guaranteed by Eighth and Fourteenth Amendments to the United States Constitution.[35]

- Count Three: Execution by nitrogen gas violates the rights of Named Plaintiffs and Putative Class Plaintiffs to be free from cruel and unusual punishment as guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution.[36]

- Count Four: Execution by electrocution violates the rights of Named Plaintiffs and Putative Class Plaintiffs to be free from cruel and unusual punishment as guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution.[37]

---

[30] Id. at 9 ¶ 42.
[31] Id. at 9 ¶ 43.
[32] Id. at 9 ¶ 44.
[33] Id. at 9 ¶ 45.
[34] Id. at 38-41.
[35] Id. at 41-43.
[36] Id. at 43-45.
[37] Id. at 45-47.

- Count Five: Execution via firing squad violates the rights of Named Plaintiffs and Putative Class Plaintiffs to be free from cruel and unusual punishment as guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution.[38]

- Count Six: The Amended Statute, on its face and as applied, violates the rights of Named Plaintiffs and Putative Class Plaintiffs to due process and access to the courts guaranteed by the Fourteenth Amendment to the United States Constitution.[39]

### D. Discovery has not begun in Crawford.

In addition to the Defendants in the case before this Court, the defendants in Crawford include Derrick Garner, MDOC's Deputy Commissioner of Administration and Finance, and John Hunt, MDOC's Deputy Commissioner of Institutions, both of whom, along with the MDOC Commissioner, are charged to select the method of execution in each particular case under the 2022 amendments.[40] All of these defendants were served on September 26, 2025.[41] Thus, discovery has not yet begun.

## II. THE BALANCE OF FACTORS CONSIDERED UNDER RULE 42 WEIGH AGAINST CONSOLIDATION.

Fed. R. Civ. P. 42(a) provides that "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Here, Defendants have asked the Court to consolidate the two cases "for all purposes, including trial."[42]

---

[38] Id. at 48-50.
[39] Id. at 50-51.
[40] Id. at 5-6 ¶¶ 22-27.
[41] Docket Nos. 3-8 in Crawford, et al. v. Cain, et. al., No. 3:25-cv-479-DPJ-ASH.
[42] Doc. 334 at 1, 2. Defendants could have presented the Court with a wider selection of options than full consolidation, through trial, of both cases. Rule 42(a)(3) permits the Court to "issue any other orders to avoid unnecessary cost or delay." This Court has discretion to tailor a consolidation that maintains the efficient completion of the instant matter while allowing for motions practice, consideration of class certification, expert designations, and full discovery in Crawford. Such a tailored consolidation could have allowed this case to go to trial in 2026, while also permitting the Crawford case to move forward separately. But given Defendants have not advanced anything other than "consolidation for all purposes, including trial," Plaintiff is not in a position to evaluate theoretical alternatives. Defendants' all-or-nothing motion should be denied.

8

As this Court has recognized, district courts in the Fifth Circuit consider a variety of factors in determining whether to consolidate pending civil actions:

> (1) whether the actions are pending before the same court, (2) whether common parties are involved in the cases, (3) whether there are common questions of law and/or fact, (4) whether there is a risk of prejudice or confusion if the cases are consolidated, and if so, is the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately, (5) whether consolidation will conserve judicial resources, (6) whether consolidation will result in an unfair advantage, (7) whether consolidation will reduce the time for resolving the cases, and (8) whether consolidation will reduce the cost of trying the cases separately.[43]

### A. The two cases are both pending in this judicial district, and there is some commonality of defendants in both cases.

As Defendants note, these two civil actions are both pending in the Southern Division of the United States District Court for the Southern District of Mississippi, and all of the defendants in the case before this Court are also sued in Crawford.[44]

### B. Although both cases challenge Mississippi's lethal injection protocol, the Crawford case asserts several claims not at issue in the case before this Court.

Defendants also assert that there are common questions of law and fact in the two cases.[45] This is only partially correct. Counts I.A. and I.B. in the First Amended Complaint in the case before this Court allege that Defendants' use of a three-drug lethal injection protocol violates their Eighth Amendment rights under Baze v. Rees and its progeny.[46] Count III of that same pleading also alleged a claim under the separate line of Eighth Amendment jurisprudence arising from Trop

---

[43] Webb, 2022 WL 610828 at *2 (citing Troupe v. Barbour, No. 3:10-CV-153-HTW-MTP, 2016 WL 7650605 at *1 (S.D. Miss. Dec. 6, 2016); Crest Audio, Inc. v. QSC Audio Prods., No. 3:12-CV-755-CWR-FKB, 2016 WL 3249217 at *2 (S.D. Miss. Mar. 4, 2016)). See also Taylor, 2016 WL 11612544 at *1.
[44] Doc. 334 at 4.
[45] Id. at 5-6.
[46] Baze v. Rees, 553 U.S. 35, 52 (2008) (plurality op. of Roberts, C.J.); Glossip v. Gross, 576 U.S. 863, 877-78 (2015); Bucklew v. Precythe, 587 U.S. 119, 139-40 (2019); Barr v. Lee, 591 U.S. 979 (2020).

v. Dulles and its progeny; that Count has been dismissed.[47] In the wake of the Court's summary judgment ruling, no other claims are pending.[48]

The Crawford plaintiffs likewise challenge MDOC's lethal injection protocol under both the Baze and Trop line of cases.[49] But the similarity of the two cases ends there. As set forth in detail above, the Crawford Complaint alleges four other claims that are not at issue before this Court. This Court denied the motion of Plaintiffs Jordan and Chase to amend their complaint in this case to litigate the constitutionality of nitrogen gas, electrocution, and the firing squad as contemplated in the 2017 amendments to Miss. Code Ann. § 99-19-51.[50]

But this Court's ruling that challenges to the use of nitrogen gas, electrocution, and the firing squad were not ripe for adjudication was based on the specific language of the 2017 version of Section 99-19-51.[51] In Crawford, which attacks the 2022 version of that statute, the court will be required to analyze different statutory language that, in comparison to the 2017 language, removes any constraints on the discretion of MDOC in selecting the method of execution in any particular case.

And if, as the Crawford plaintiffs believe, the change in language requires a different analysis of the ripeness of their challenge to the additional execution methods, the court in that case will need to consider a series of Eighth and Fourteenth Amendment issues that have not been considered by this Court. These include the following issues of fact, among others:

- Whether the Amended Statute gives unlimited discretion to the MDOC Commissioner and Deputy Commissioners to select a method of execution from the menu authorized by the Amended Statute;

---

[47] Id. at 22-24.
[48] Id. at 11, 24.
[49] Doc. 333-1 at 38-43 (Counts One and Two).
[50] Doc. 334 at 6.
[51] Doc. 168 at 20.

- Whether the Deputy Commissioners, who serve at the will and pleasure of the Commissioner, provide any effective check on the discretion given the Commissioner under the Amended Statute;

- Whether Defendants have drafted or promulgated a protocol for the execution of condemned prisoners by nitrogen hypoxia;

- Whether Defendants have obtained any equipment or substances for use in nitrogen hypoxia executions;

- Whether Defendant State Executioner and Unknown Executioners are qualified, and have been trained, to conduct nitrogen hypoxia executions;

- Whether Defendants have drafted or promulgated a protocol for the execution of condemned prisoners by electrocution;

- Whether Defendants have obtained any equipment or substances for use in executions by electrocution;

- Whether Defendant State Executioner and Unknown Executioners are qualified, and have been trained, to conduct executions by electrocution;

- Whether Defendants have drafted or promulgated a protocol for the execution of condemned prisoners by firing squad;

- Whether Defendants have obtained any equipment or substances for use in executions by firing squad; and

- Whether Defendant State Executioner and Unknown Executioners are qualified, and have been trained, to conduct executions by firing squad.[52]

Further, the Crawford Court will be required to resolve the following issues of law, among others:

- Whether the boundless discretion given to the Commissioner and the two Deputy Commissioners to choose the method of execution in any particular case violates the Eighth and Fourteenth Amendments;

- Whether, in light of the fact that the Deputy Commissioners serve at the will and pleasure of the Commissioner, the Amended Statute gives the Commissioner sole discretion to choose the method of execution in any particular case, and if so, whether this violates the Eighth and Fourteenth Amendments;

- Whether the Amended Statute's authorization of execution by "intravenous injection of a substance or substances in a lethal quantity into the body" is facially invalid under the Eighth Amendment;

---

[52] Doc. 333-1 at 31-34.

- Whether the use of "nitrogen hypoxia" in executions presents a risk of severe pain and serious harm in comparison to the administration of a lethal dose of a barbiturate in a one-drug lethal injection protocol;

- Whether the use of electrocution in executions presents a risk of severe pain and serious harm in comparison to the administration of a lethal dose of a barbiturate in a one-drug lethal injection protocol;

- Whether the use of the firing squad in executions presents a risk of severe pain and serious harm in comparison to the administration of a lethal dose of a barbiturate in a one-drug lethal injection protocol; and

- Whether the notice provisions of the Amended Statute fail to provide sufficient opportunity for a condemned prisoner to seek judicial relief against an unconstitutional method of execution and thereby violates the Due Process Clause of the Fourteenth Amendment.[53]

Additionally, the Crawford court will also consider the question whether to certify that case as a class action, and adjudicate the factual and legal issues subordinate to that determination. By contrast, Plaintiffs Jordan and Chase did not seek class certification of the case before this Court.

In Webb, this Court held that the differing questions of law and fact in the cases at issue rendered consolidation inappropriate:

> The two actions concern the same plaintiffs and the same defendants; however, the two lawsuits involve different facts and different law. The claim for retaliation in the case at hand differs from the claim of retaliation in the case before Judge Jordan. The former concerns allegations of wrongful termination while the latter involves accusations of retaliatory failure to hire.[54]

The same is true in this case.[55]

---

[53] Id. at 34-36.
[54] Webb, 2022 WL 610828 at *2.
[55] Defendants argue that, in the absence of consolidation, there is a risk of inconsistent adjudication of the issues related to MDOC's lethal injection protocol. Doc. 334 at 6-7. However, because the analysis required under Baze and its progeny considers whether the risk of pain associated with the State's method is "substantial when compared to a known and available alternative," Bucklew, 587 U.S. at 134 (quoting Glossip, 576 U.S. at 878, and Baze, 553 U.S. at 61) (emphasis added), the court deciding the Crawford case may, in any event, be confronted with different facts than those this Court will adjudicate at the bench trial of this case.

### C. Because the two cases are in vastly different stages of readiness for trial, consolidation will delay final adjudication of the case currently before the Court.

The fifth, seventh, and eighth factors of the Rule 42 analysis focus on whether consolidation will conserve judicial resources and reduce the time and cost of resolving the cases. Because these two cases are in vastly different stages of readiness for trial, Defendants' request for consolidation "for all purposes, including trial" will have the opposite effect: delaying the trial of the case before this Court.

The Fifth Circuit teaches that "[c]onsolidation may properly be denied in instances where the cases are at different stages of preparedness for trial."[56] Thus, in Taylor, an opinion relied upon by Defendants in their memorandum, Judge Jordan denied consolidation because one of the cases was set for a pretrial conference, while the other had yet to enter discovery:

> Finally, and significantly, the cases are at different stages of preparedness—one is set for pretrial conference this week and is ready for trial in one month, while the other has not yet had a case-management conference. Even if the additional discovery in the second case is limited, a scheduling order with a dispositive-motion deadline would still be required, and any such motions would further delay resolution of the present case.[57]

And this Court reached a similar conclusion in Webb:

> Additionally, the instant case has been litigated for over a year, while the other case was only filed on November 19, 2021, a few months ago. Discovery in the case sub judice, is complete, with the exception of the two additional depositions authorized by this court in this Order. The other case has not progressed as far as the Case Management Conference or entry of a Case Management Order. Because the lawsuits are at such different stages, this court is not persuaded that consolidation would reserve judicial resources, and this court is further convinced that consolidation would have the probable effect of increasing the time for resolving the cases.[58]

---

[56] Mills v. Beech Aircraft Corp., Inc., 886 F.2d 758, 762 (5th Cir. 1989).
[57] Taylor, 2016 WL 11612544 at *1.
[58] Webb, 2022 WL 610828 at *2.

In terms of preparedness for trial, the Crawford case and the one currently before this Court are even further apart. As the Court knows, this case had been pending since 2015; the pandemic, the discovery issues, two sets of preliminary injunction proceedings and appeals (the first in 2015-16 and the second earlier this year), and the motion for summary judgment have complicated these proceedings. With the Defendants' dispositive motions adjudicated and only a few remaining depositions, there is every reason to believe that the trial of this case can be scheduled and completed in 2026.

The same is not true of Crawford. In that case, no motions to dismiss under Fed. R. Civ. P. 12(b)(6) have been filed; the issues related to class certification have yet to be briefed or adjudicated; no discovery has been taken; no experts have been designated; and dispositive motions are far in the future. Putting the case before this Court on hold until Crawford is fully litigated will delay the trial and final judgment of this case unreasonably. That is exactly why undersigned counsel filed a separate action rather than a second motion to amend the complaint in this case.

When all of the factors governing consolidation are fully considered, the different procedural postures of the two cases and the resulting delay of final judgment in the case before the Court greatly outweigh any of the other factors. As in Webb, "consolidation would have the probable effect of increasing the time for resolving the cases."

Consolidation should therefore be denied.

### III.    CONCLUSION

Plaintiff Chase respectfully requests that the Court deny Defendants' motion to consolidate this case with Crawford.

Respectfully Submitted,

*/s/ James W. Craig*
James W. Craig, MSB # 7798
Emily M. Washington (pro hac vice)
Jack M. Stephens (pro hac vice)
Roderick & Solange MacArthur Justice Center
4400 South Carrollton Ave.
New Orleans, LA 70119
Telephone: (504) 620-2259
Facsimile: (504) 208-3133
jim.craig@macarthurjustice.org
emily.washington@macarthurjustice.org
jack.stephens@macarthurjustice.org

*Attorneys for Plaintiff Ricky Chase*

Dated: October 14, 2025